George C. Summerfield (#P40644)
K&L GATES LLP
70 West Madison Street
Suite 3300
Chicago, Illinois 60602
Tel.: +1 (312) 807-4376
Fax: +1 (312) 827-8000
george.summerfield@klgates.com

*Attorneys for Petitioner CPC Patent Technologies PTY Ltd.*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| In The Matter of an *ex parte* Petition for Judicial Assistance Pursuant to 28 U.S.C. § 1782, by<br><br>CPC Patent Technologies PTY Ltd.,<br><br>Petitioner,<br><br>In support of legal proceedings in the Federal Republic of Germany | Case No. 5:21-mc-80091 _____<br><br>**MEMORANDUM OF LAW IN SUPPORT OF CPC PATENT TECHNOLOGIES PTY LTD.'S PETITION FOR AN *EX PARTE* DISCOVERY ASSISTANCE ORDER PURSUANT TO 28 U.S.C. § 1782(a)** |

## I. Introduction

Petitioner, CPC Patent Technologies PTY Ltd. ("CPC") submits this Memorandum of Law in support of its Petition for an *Ex Parte* Order authorizing it to obtain discovery from Apple, Inc. ("Apple") for use in contemplated patent infringement proceedings in the Federal Republic of Germany ("the Foreign Proceedings") pursuant to 28 U.S.C. § 1782(a). Specifically, CPC seeks an Order allowing it to serve a subpoena *duces tecum* for the documents identified in Exhibit A, hereto, to support the Foreign Proceedings.

## II. Preliminary Statement

CPC is the owner by assignment of a patent portfolio directed generally to biometric security in the access to, *inter alia,* electronic devices.  CPC has initiated a patent infringement action against Apple in a matter styled *CPC Patent Technologies PTY Ltd. v. Apple, Inc.,* 21-cv-00165 (W.D. Tex.) ("the Texas Litigation"). The complaint in that matter is attached hereto as Exhibit B.  The patents at issue in the Texas Litigation are U.S. Patent Nos. 9,269,208 ("the '208 Patent"), 9,665,705 ("the '705 Patent"), and 8,620,039 (collectively "the U.S. Patents"). *See* Ex. B, ¶ 1.  The products accused of patent infringement in that case are electronic devices with biometric security measures, such as iPhones, iPads, and personal computers.

CPC intends to file suit for patent infringement against Apple Retail Germany B.V. & Co. KG in Germany, asserting the German patent corresponding to the '705 Patent.  CPC therefore seeks discovery pursuant to 28 U.S.C. § 1782(a), which provides, in pertinent part:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement . . . for use in a proceeding in a foreign or international tribunal . . . .  The order may be made . . . upon the application of any interested person and may direct that the testimony or statement be given . . . before a person appointed by the court. . . . The order may prescribe the practice and procedure . . . for taking the testimony or statement . . . .  To the extent that the order does not prescribe otherwise, the

testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

### III. Argument

The language of section 1782(a) "has been distilled to permit district courts to authorize discovery where three general requirements are satisfied: (1) the person from whom the discovery is sought 'resides or is found' in the district of the district court where the application is made; (2) the discovery is 'for use in a proceeding in a foreign or international tribunal'; and (3) the application is made by a foreign or international tribunal or 'any interested person.'" *Khrapunov v. Prosyankin*, 931 F.3d 922, 925 (9th Cir. 2019). Once those three statutory requirements are met, a district court has wide discretion to grant discovery under section 1782. *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 260-61 (2004); *Four Pillars Enters. Co. v. Avery Dennison Corp.*, 308 F.3d 1075, 1079 (9th Cir. 2002).

In exercising its discretion, a district court should be guided by the following factors: (1) whether the "person from whom discovery is sought is a participant in the foreign proceeding;" (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal court judicial assistance;" (3) whether the request "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States;" and (4) whether the request is "unduly intrusive or burdensome." *Intel*, 542 U.S. at 264-65. However, a district court need not explicitly address every factor, nor is it confined to the four *Intel* factors in deciding whether to exercise its broad discretion. *See Akebia Therapeutics, Inc. v. Fibrogen, Inc.*, 793 F.3d 1108, 1112 (9th Cir. 2015), *citing United States v. Sealed 1*, 235 F.3d 1200, 1206 (9th Cir. 2000).

A district court's discretion is to be exercised in view of the twin aims of section 1782, "providing efficient assistance to participants in international litigation and

encouraging foreign countries by example to provide similar assistance to our courts." *Intel*, 542 U.S. at 252 (citation and internal quotation marks omitted).

In order to obtain relief under section 1782, a petitioner must satisfy three statutory prerequisites: (1) the person from whom discovery is sought resides or is found in the district; (2) the discovery is for use in a proceeding before a foreign tribunal; and (3) the application is made by a foreign or international tribunal or any interested person. *In re Kleimar N.V.,* No. 17-cv-01287, 2017 WL 3386115, at *4 (N.D. Ill. Aug. 7, 2017).

Additionally, a court can consider four discretionary factors in deciding whether to grant a section 1782(a) application: (1) whether the testimony sought is within the foreign tribunal's jurisdictional reach, and thus accessible absent section 1782 assistance; (2) the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance; (3) whether the section 1782 request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States; and (4) whether the subpoena contains unduly intrusive or burdensome requests. *Id.*; *Intel* 542 U.S. at 264-65. In any case, courts "err on the side of permitting discovery" under section 1782. *See In re Varian Medical Sys. Int'l AG*, No. 16-mc-80048-MEJ, 2016 WL 1161568 at *4 (N.D. Cal. Mar. 24, 2016).

### A.  The Documents Requested are Located in this Judicial District

Apple's headquarters are located in this Judicial District. Apple has been headquartered in Cupertino, California since 1976. *In re Apple, Inc.,* 743 F.3d 1377, 1379 (2014) (Newman, J, Dissenting). Apple's management and primary research and development facilities are also located in Cupertino where Apple employs over 13,000 people. *Id.* at 1379-80. The research, design, and development of the iPhone took place in Cupertino and virtually all Apple business documents and records relating to the research, design, development, marketing strategy, and product revenue for the accused products are located in or near Cupertino. *Id.* at 1380.

### B. The Evidence Sought is for Use in a Foreign Tribunal

The documents sought from Apple are for use in a foreign tribunal. *See, e.g., AIS GmbHAachen Innovative Sols. v. Thoratec LLC*, 762 F. App'x 447, 448 (9th Cir. 2019) (German courts adjudicating patent infringement matters are foreign tribunals).

### C. The Evidence is Sought by an Interested Person

CPC is an "interested person" within the meaning of section 1782(a). *See Intel,* 542 U.S. at 256 ("interested person" includes "litigants before foreign or international tribunals").

### D. Apple is not a Party to the Foreign Proceeding

Apple will not itself be a party to the litigations in Germany, although a company related to it will be. A court will more freely grant a petition under section 1782(a) where the evidence in question is sought from a third party. *Intel,* 542 U.S. at 264-65.

### E. The German and Australian Courts Would Consider the Subject Evidence

German courts are receptive to receiving evidence obtained in the United States via section 1782. *Illumina Cambridge Ltd. v. Complete Genomics, Inc.*, 19-mc-80215, Order (N.D. Cal. Feb. 19, 2020) [ECF Docket No. 42] (Ex. C) at 7.

### F. The Petition Does Not Conceal an Attempt to Circumvent Foreign Proof Gathering Restrictions

There is no evidence that German courts prohibit the discovery sought in the instant petition. *See, e.g., Illumina Cambridge,* Order at 9, *citing In re IPCom GMBH & Co.*, 2014 WL 12772090 at *3 (N.D. Cal. Apr. 10, 2014) (noting there is no circumvention because "U.S. courts have routinely granted applications under Section 1782 for discovery of evidence to be used in German proceedings").

### G. The Document Requests are not Unduly Burdensome

Courts may consider whether discovery requests under section 1782 are "unduly intrusive or burdensome" and should be "rejected or trimmed." *Intel,* 542 U.S. at 265. Here, CPC seeks documents regarding the development of discrete

features of particular consumer electronic devices. Further, the categories seek documents "sufficient to show" different aspects of such features, rather than seeking "all" documents related to such aspects. Under the circumstances, the subject requests are not unduly burdensome.

## IV. Conclusion

For the foregoing reasons, this Court should grant CPC's Petition pursuant to 28 U.S.C. § 1782(a) and issue an Order authorizing the requested discovery.

Dated: April 22, 2021

Respectfully submitted,

By: */s/ George C. Summerfield*
George C. Summerfield (#P40644)
K&L GATES LLP
70 West Madison Street
Suite 3300
Chicago, Illinois 60602
Tel.: +1 (312) 807-4376
Fax: +1 (312) 827-8000
george.summerfield@klgates.com

*Attorneys for Petitioner*
*CPC Patent Technologies PTY Ltd.*