UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CPC PATENT TECHNOLOGIES PTY LTD., <br> Applicant, <br><br> for an order pursuant to 28 U.S.C. § 1782. | Case No. 21-mc-80091-NC <br><br> **ORDER DENYING EX PARTE APPLICATION FOR DISCOVERY** <br><br> Re: ECF 1 |

On April 22, 2021, Applicant CPC Patent Technologies PTY Ltd. applied *ex parte*, under 28 U.S.C. § 1782, for an order permitting discovery from Apple, Inc. ECF 1. Section 1782 allows a district court to order a person residing or found within its judicial district to produce documents for use in a foreign legal proceeding. *See* 28 U.S.C. § 1782. Here, CPC seeks discovery from Apple of documents related to potential German litigation regarding one of the patents. ECF 1-1, ECF 1-2.

I. **BACKGROUND**

CPC is the owner, by assignment, of several patents related to biometric security. ECF 1-1 at 2. Apple is a corporation that produces electronic devices with biometric security measures, such as iPhones, iPads, and personal computers. *Id.* CPC and Apple are currently litigating a patent infringement suit in the Western District of Texas. *Id.*; *see CPC Patent Tech. PTY Ltd. v. Apple, Inc.*, 21-cv-00165 (W.D. Tex.). The patents at issue in that case are U.S. Patent Nos. 9,269,208; 9,665,705; and 8,620,039. *Id.* CPC intends to

file a separate suit for patent infringement–involving the '705 Patent–against Apple in Germany. *Id.*

## II. LEGAL STANDARD

28 U.S.C. § 1782 provides federal court assistance in gathering evidence for use in foreign tribunals. *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004). It aims to provide efficient assistance to participants in international litigation and to encourage foreign countries to provide similar assistance in U.S. litigation. *Id.* at 246. The statute requires that an applicant seeking foreign discovery meet three criteria: (1) the discovery sought must be from a person residing in the district of the court to which the application is made; (2) the discovery must be for use in a proceeding before a foreign tribunal; and (3) the applicant must be a foreign tribunal or an "interested person." *See* 28 U.S.C. § 1782.

Even once the statutory requirements are met, the district court retains discretion to determine whether to grant an application, under § 1782. *Id.* at 246. The Supreme Court articulated the following non-exhaustive factors to help district courts determine how to exercise their discretion in granting discovery, under § 1782:

(1) whether the person from whom the discovery is sought is a participant in the foreign proceeding;

(2) the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government, court, or agency to U.S. federal court judicial assistance;

(3) whether the request is a concealed attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the U.S.; and

(4) whether the discovery is unduly intrusive or burdensome.

*See Intel*, 542 U.S. at 264-65.

An order granting a § 1782 application only provides that discovery is authorized; the opposing party may still raise objections and challenge the discovery via a motion to quash. *In re Varian Med. Sys. Int'l AG*, No. 16-mc-80048-MEJ, 2016 WL 1161568, at *2

(N.D. Cal. Mar. 24, 2016).

## III. DISCUSSION

CPC meets the statutory requirements of § 1782. First, CPC seeks discovery from Apple, which is headquartered in Cupertino, California, and therefore resides in this district. Second, CPC seeks discovery to initiate a lawsuit in Germany. *See Intel*, 542 U.S. at 258-59 (stating that the foreign adjudicative proceeding for which discovery is sought needs only be "within reasonable contemplation," not "pending" or "imminent"). Finally, as the plaintiff in an anticipated lawsuit, CPC is an "interested person," under 28 U.S.C. § 1782. *See id.* at 256-57. Thus, the Court has authority to grant CPC's application.

Although CPC satisfies the statutory requirements, the Court exercises its discretion to deny the application. A court can deny an applicant's request if it is "unduly intrusive or burdensome." *See Intel*, 542 U.S. at 265. Here, CPC requests documents from Apple in fifteen different categories. *See* ECF 1-2 at 2-3. Although each category is limited to documents "sufficient to show" different attributes, rather than "all" documents related to each attribute, the Court finds that this "sufficient to show" descriptor is undefined and is likely to lead to unduly burdensome discovery. *See id.* Further, the Court notes that the parties involved in this request are currently engaged in litigation in another court. The Court disfavors granting an *ex parte* discovery application when the parties involved are able to discuss and negotiate information sharing in an already established venue. Accordingly, the Court denies CPC's application.

## IV. CONCLUSION

For the foregoing reasons, CPC's application, under 28 U.S.C. § 1782, is DENIED. CPC is ordered to serve a copy of this order on Apple in the Western District of Texas case by May 4, 2021.

**IT IS SO ORDERED.**

Dated: April 27, 2021

_____
NATHANAEL M. COUSINS
United States Magistrate Judge