George C. Summerfield
K&L GATES LLP
70 West Madison Street
Suite 3100
Chicago, Illinois 60602
(312) 807-4376
george.summerfield@klgates.com

# UNITED STATES DISTRICT COURT FOR
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| In The Matter of an *ex parte* Petition for Judicial Assistance Pursuant to 28 U.S.C. § 1782, by<br><br>CPC Patent Technologies PTY Ltd.,<br><br>Petitioner,<br><br>In support of legal proceedings in the Federal Republic of Germany | Case No. 5:21-mc-80091<br><br>REPLY SUPPORTING CPC PATENT TECHNOLOGIES PTY LTD.'S MOTION FOR *DE NOVO* DETERMINATION OF DISPOSITIVE MATTER REFERRED TO MAGISTRATE JUDGE PURSUANT TO FED. R. CIV. P. 72 AND N.D. CAL. R. 72-3<br><br>Judge: Hon. Jon S. Tigar |

Apple concedes that the proper standard of review in this matter turns on whether the Magistrate's denial of CPC's section 1782 petition was dispositive. *See* ECF Docket No. 13 at 1. The Ninth Circuit has adopted a "functional approach" to determining whether a matter is dispositive. *See, e.g.*, *Flam v. Flam*, 788 F.3d 1043, 1046 (9th Cir. 2015); *Mitchell v. Valenzuela*, 791 F.3d 1166, 1168 (9th Cir. 2015). Under this functional approach, a court considers whether the decision on the matter would deny or grant "the ultimate relief sought" in the action or whether the decision would dispose of any claims or defenses, and, if so, the matter is dispositive. *SEC v. CMKM Diamonds, Inc.*, 729 F.3d 1248, 1260 (9th Cir. 2013). Under this functional approach, Judge Callahan posited in his concurring opinion in *Khrapunov v. Prosyankin* (cited by Apple) that he would hold that decisions on section 1782 petitions are final, as such a decision "grants or denies 'the ultimate relief sought.'" 931 F.3d 922, 931 (9th Cir. 2019) (Callahan, J. concurring).

The Second Circuit has adopted this functional approach, finding that an order granting or denying discovery under section 1782 is the final adjudication of the petition under that section, "regardless of the fact that the suit in another tribunal, to which it relates, remains unadjudicated." *Chevron Corp. v. Berlinger*, 629 F.3d 297, 306 (2d. Cir. 2011). Apple, for its part, provides no analysis as to how the Magistrate's denial of Charter's petition was anything other than a final disposition of this matter.

Apple acknowledges that "[t]he Ninth Circuit has not clearly ruled on this issue."[1] ECF Docket No. 13 at 1. Nonetheless, Apple puts great stock in *Snowflake Inc. v. Yeti Data, Inc.*, a decision that construed the Ninth Circuit as having previously held that an order on a section 1782 application is non-dispositive. No. 20-mc-80190-EMC, 2021

---

[1] Despite this acknowledgement, Apple makes the curious suggestion that CPC was under an obligation to disclose counter "authority." ECF Docket No. 13 at 2. And it is axiomatic that a decision in a judicial district is not binding, even within that district. *See, e.g.*, *Hart v. Massanari*, 266 F.3d 1155, 1176 (9th Cir. 2001).

WL 1056550, at *3 (N.D. Cal. Mar. 18, 2021) (citing *Four Pillars Enter. Co. v. Avery Dennison Corp.*, 308 F.3d 1075, 1078 (9th Cir. 2002)). In *Four Pillars*, while the court stated that it reviewed a district court's decision under section 1782 for an abuse of discretion, there is no indication that the parties actually litigated the proper standard of review, and, more importantly, whether a magistrate's decision under that section is dispositive. *See Four Pillars*, 308 F.3d at 1078. In any event, the district court's decision on the section 1782 petition in *Four Pillars* was sufficiently final to allow an appeal therefrom.

Otherwise, particularly telling is this Court's decision in *Illumina Cambridge Ltd. v. Complete Genomics, Inc.* (cited by Apple), which, in collecting cases regarding the proper standard of review for a magistrate's ruling on a section 1782 petition, did not cite to the decision in *Four Pillars*. No. 19-mc-80215-WHO, 2020 WL 1694353, at *2 (N.D. Cal. Apr. 7, 2020). The *Illumina* decision, decided some 18 years after *Four Pillars,* acknowledged, as did Apple in its opposition, that "[t]he Ninth Circuit has not yet clearly ruled on this issue," belying the notion that *Four Pillars* somehow put this issue to rest. *See id.*

There is little doubt that the Magistrate's ruling on CPC's section 1782 petition was dispositive insofar as it resolved the entirety of the matter between the parties. However, this Court need not resolve that issue here. As there has been no clear guidance from the Ninth Circuit on this issue, this Court should, out of an abundance of caution, and as courts in other districts have done, review *de novo* the Magistrate's decision. *See, e.g.*, *In re Caceres*, 19-mc-00405, 2020 WL 2523120, at *4 (S.D. Miss. May 18, 2020); *In re Application for Discovery for Use in Foreign Proceeding Pursuant to 28 U.S.C. § 1782*, No. 17-4269, 2019 WL 168828, at *4 (D.N.J. Jan. 10, 2019); *Interbrew Central Europe Holding BV v. Molson Coors Brewing Co.*, 13-cv-02096, 2013 WL 5567504 at *1 (D. Colo. 2013); *In re Cohen*, No. 16-MC-2947 (MKB), 2016 U.S. Dist. LEXIS 169622, at *7 n.3 (E.D.N.Y. Dec. 6, 2016); *In re Chevron Corp.*, 10-mc-21 & -22, 2010 WL 8786202, at *3 (D.N.M. Sept. 13, 2010). *See also In re de*

*Armas*, 17-cv-21517, 2018 WL 1863748, at *5 (S.D. Fla. March 1, 2018) (taking the "conservative approach" by issuing a report and recommendation rather than an order).[2]

Although the proper standard of review is *de novo*, even if only out of an abundance of caution, Apple evaluates the Magistrate's denial of CPC's section 1782 petition entirely under an abuse of discretion standard, beginning with the Magistrate's characterization of 15 different categories of requested documents as "unduly intrusive." ECF Docket No. 13 at 4. Apple provides **no** evidence regarding the volume of discovery that would be required to respond to the subject categories of requested documents. All that remains as a basis for denying the petition, then, is the arbitrary designation of 15 document requests as "unduly intrusive."

On a related note, each of the 15 categories are prefaced with documents "sufficient to show," which is less burdensome than "all." *Lights Out Holdings, LLC v. Nike, Inc.*, 14-cv-872, 2015 WL 11254687, at *4 (S.D. Cal. May 28, 2015) (document request "is not unduly burdensome because it is limited to 'documents sufficient to show' . . . rather than 'all documents'" ). Further, Apple fails to explain how it used the term "sufficient to show" in its own document requests—a term that Apple apparently agrees is vague. *See* ECF Docket No. 6-5 at 5 & 6.

Apple suggests that similar discovery will be forthcoming in the co-pending Texas litigation. ECF Docket No. 13 at 4. While there is, as of yet, no protective order in that case, the standing *interim* protective order imposed by the Court limits the use of confidential discovery "only for purposes of litigating the case." *See* Ex. A. That would foreclose CPC's ability to utilize the confidential information produced in Texas to support the litigation in Germany absent Apple's consent, and Apple does not represent that such consent is forthcoming.

---

[2] Even in *Illumina,* the lead case cited by Apple, this Court opted to review under both the abuse of discretion standard, as well as the *de novo* standard, given the unsettled question of which standard should apply. *Illumina*, 2020 WL 1694353 at *2.

|||
|---|---|
|1| Finally, Apple has moved to dismiss the complaint in the Texas litigation with prejudice for failure to state a claim—a fact that it fails to disclose to this Court. *CPC Patent Technologies Pty Ltd. v. Apple Inc.*, 21-cv-00165, Motion to Dismiss (E.D. Tex. May 6, 2021) [ECF Docket No. 22]. Thus, if Apple has its way, there will be no substantive discovery in Texas - for further use in Germany or otherwise.|

In short, there is no legitimate basis for denying Charter's section 1782 petition, and, even though it is not required that the Court so find, it was an abuse of the Magistrate's discretion to have done so. Certainly, under the appropriate *de novo* standard of review, CPC's section 1782 petition should be granted.

Dated: June 17, 2021

Respectfully submitted,

By: */s/ George C. Summerfield*
George C. Summerfield (*Pro Hac Vice*)
george.summerfield@klgates.com
K&L Gates LLP
70 West Madison Street, Suite 3300
Chicago, Illinois 60602
Telephone: +1 (312) 807-4376

*Attorneys for Petitioner*
*CPC Patent Technologies PTY Ltd.*

# CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure, I hereby certify that on this 17th day of June, 2021, I electronically filed the foregoing through the CM/ECF system, which caused service by electronic means on all counsel of record.

*/s/ George C. Summerfield*
George C. Summerfield