# K&L GATES

July 6, 2022

Christina N. Goodrich
Christina.goodrich@klgates.com

T +1 310 552 5547
F +1 310 552 5001

**VIA CM/ECF**

The Honorable Nathanael Cousins
San Jose Courthouse
Courtroom 5 – 4th Floor
280 South 1st Street
San Jose, California 95112

Re: *CPC Technologies PTY Ltd. v. Apple Inc.* | Case No. 5:21-mc-80091-JST
Joint Letter Brief Regarding Meet and Confer Efforts

Dear Judge Cousins:

Pursuant to the Court's June 29, 2022 Order (DE 30), Petitioner CPC Patent Technologies PTY Ltd. ("CPC") and Respondent Apple, Inc. ("Apple") (jointly, the Parties") provide this Joint Letter Brief regarding the status of the Parties' meet and confer efforts regarding CPC's discovery requests in its Petition (DE 1-2) and a proposed protective order.

July 6, 2022
Page 2

**I.      CPC's Position**

      A.      <u>The Parties have Agreed on a Proposed Protective Order</u>

During the Parties' June 30 meet and confer, Apple requested the parties use the Northern District's model protective order and CPC agreed. On July 1, CPC sent Apple a proposed protective order based on the Northern District's model protective order (attached as Exhibit A). CPC has agreed to forgo negotiating designations for highly confidential source code information and deposition testimony at this time in order to avoid a prolonged dispute, but reserves the right to amend the protective order to add such provisions at later time, if needed. The Parties have agreed on a proposed protective order (attached as Exhibit B) and filed with the Court.

      B.      <u>CPC's Revised Requests Address All of the Issues Raised by Apple During the Parties' June 30, 2022 Meet and Confer</u>

During the June 30 meet and confer, the Parties discussed each of CPC's 15 requests for production of documents that were attached to its Petition (the "Requests") (attached as Exhibit C).[1] CPC made clear that the Requests only sought documents "sufficient to describe" (aka "sufficient to show") the information requested, instead of "all" documents. CPC further explained that responsive documents could consist of a handful of documents or even one document, provided it was responsive—CPC even confirmed that it was not seeking thousands of documents. CPC pointed out that it believed that Apple had produced some of the responsive documents in the

---

[1] CPC focuses its brief on the scope of the Requests and revisions thereto, but will be happy to address the merits of its Petition at the hearing, as needed, and cites the Court back to the lengthy briefing on the merits of the Petition in the Parties' Ninth Circuit briefs and before this Court. Apple's focus on the confidentiality of its data and lack of a pending German action misses the mark as the Parties' protective clearly limits the use of data produced in this action solely for purposes of a German Action, as defined in that document and even has a destruction requirement if no action is brought within a year. If Apple required further protections, it certainly was able to negotiate them in the meet and confer on the protective order. Apple, like many companies, may have confidential or even highly confidential information, but that does not mean they are not subject to discovery, just like every other company faced with a 1782 petition or other discovery. Finally, Apple's "fishing expedition" argument is not well-taken—the protective order precludes data disclosed in this action from being used for anything other than the German Action.

other action pending between the parties. Thus, Apple could simply reproduce those documents in this action. Apple objected to producing its source code in this action, notwithstanding that Apple made its source code available for review in the patent infringement action pending between the Parties. In response, CPC confirmed that it would not seek Apple's source code, unless no other responsive information was available.

During the meet and confer, CPC asked Apple to articulate the basis for its objections to each Request. Apple's objections were largely based on breadth, burden, and wording of the Requests. On July 3, CPC sent narrowed Requests that revised requests and clarified the scope of the 2 other requests--which addressed the issues that Apple raised in the call (attached as Exhibit D). Despite CPC's revisions, Apple responded on July 5 standing on their objections (attached as Exhibit E), stating the Requests were "unduly intrusive and over broad."

**1. Documents sufficient to describe the storage of enrolled fingerprint data in the iPhone models and Apple laptop computers equipped with Touch ID (collectively "Apple Touch ID Devices").**

Apple argued during the meet and confer that this Request sought two categories of documents: one regarding the enrollment step and the other regarding the storage step. Apple confirmed that no unenrolled data is stored, so stored data is necessarily enrolled data. Instead of remove the word "enrolled" from this Request, which may create ambiguity given that no unenrolled data is stored, CPC confirmed to Apple in its July 3 email that this Request is only seeking information on the storage, not the enrollment step. In response, Apple wrote on July 5 that the problem remains because the Request had not been changed it that it "still seeks two categories of documents." This response was perplexing given that CPC made clear in its July 3 email that it was only seeking data on one category of documents regarding the storage of fingerprint data, not enrollment of such data. To the extent that the inclusion of the term "enrollment" in this Request remains a problem, CPC is willing to remove that word.

2. **Documents sufficient to describe the manner of communicating fingerprint data from the touch sensor to the Secure Enclave of the Apple Touch ID Devices, including an identification of the components of such devices in such communication path.**

Apple argued during the meet and confer that the majority of responsive documents may be source code, but that Apple will search to identify if any responsive, non-source code, documents exist. Apple clarified that they consider "source code separately from documentation" and that they "believe public documents CPC already has describe this functionality." This, however, is not an appropriate response to this Request under Rule 26 or 34. Apple said during the meet and confer that it would determine whether it has responsive documents. It has apparently determined that it does. It now needs to produce the responsive documents so that CPC can evaluate whether they are fully responsive.

3. **Documents sufficient to describe the steps to perform the fingerprint matching in Apple Touch ID.**

Apple argued during the meet and confer that the phrase "manner in which. . . matching" is done in Apple Touch ID devices is overbroad. In response, CPC revised the Request to narrow the scope to the steps to perform the fingerprint matching and to focus on the Apple Touch ID functionality, as opposed to the entire devices. Apple responded stating that "[t]he revision is helpful, but this still seeks the full breadth of Apple's Touch ID technology." Apple, however, failed to articulate *why* asking for only the steps of the matching of the fingerprint data would not be readily available and easy to produce, particularly given that it presumably produced responsive documents on this topic in the other patent infringement action pending between the parties.

4. **Documents sufficient to describe the communication to the Secure Element of the Apple Touch ID Devices upon a successful fingerprint match, including an identification of the components of such devices in such communication path.**

The dispute as to this Request is the same as articulated about regarding Request 2.

July 6, 2022
Page 5

     **5.** **Documents sufficient to describe the collection and storage of enrolled facial data utilized in iPhone models and Apple laptop computers equipped with Face ID (collectively "Apple Face ID Devices"), including an identification of the components involved of such devices in such storage, and the location of such storage.**

     The dispute as to this Request is the same as articulated about regarding Request 1.

     **6.** **Documents sufficient to describe the steps to perform the facial data matching in Apple Face ID.**

     The dispute as to this Request is the same as articulated about regarding Request 3.

     **7.** **Documents sufficient to describe the manner in which a successful facial data match is communicated to the Secure Element of the Apple Face ID Devices.**

     The dispute as to this Request is the same as articulated about regarding Request 2.

     **8.** **Documents sufficient to describe the role of the Application Processor in the functionality of Apple Touch ID.**

     Apple argued during the meet and confer that this Request was overbroad because it sought information on the role of the Application Processor with respect to the entire functionality of the Apple devices with Touch ID. Apple recommended the Request be limited to just the functionality of Touch ID. In response, CPC revised the request to narrow it to the role of the Application Processor in the functionality of Touch ID. In response Apple wrote that "[t]he revision is helpful, but this still seeks an unduly burdensome amount of information. Nothing about this request is tied to specific claim language." Apple, however, has failed to explain *why* the Request remains unduly burdensome given that CPC narrowed it pursuant to the meet and confer. Moreover, Apple's reference to specific claim language was never raised in the Parties' meet and confer and, thus, CPC was never given an explanation as to the specific concern being raised. As Apple knows, the functionality of its Touch ID is at the heart of the dispute as CPC's patents cover biometric technology. Thus, a Request seeking information on the role of an Application Processor in the functionality of the accused technology is relevant.

**9.     Documents sufficient to describe the role of the Application Processor in the functionality of Apple Face ID.**

The dispute as to this Request is the same as articulated about regarding Request 8.

**10.    Documents sufficient to describe the role of the Secure Enclave in the functionality of the Apple Touch ID.**

The dispute as to this Request is the same as articulated about regarding Request 8 and also revised "Secure Application Processor" to "Secure Enclave" as per meet and confer.

**11.    Documents sufficient to describe the role of the Secure Enclave in the functionality of the Apple Face ID.**

The dispute as to this Request is the same as articulated about regarding Request 8 and also revised "Secure Application Processor" to "Secure Enclave" as per meet and confer.

**12.    Documents sufficient to describe the role of the Neural Engine in the functionality of Apple Touch ID.**

The dispute as to this Request is the same as articulated about regarding Request 8. Apple stated that there may not be responsive documents.

**13.    Documents sufficient to describe the role of the Neural Engine in the functionality of Apple Face ID.**

The dispute as to this Request is the same as articulated about regarding Request 8.

**14.    Documents sufficient to describe the device unlocking function in the Apple Touch ID Devices, including an identification of the components of such devices involved in such function.**

The dispute as to this Request is the same as articulated about regarding Request 2.

**15.    Documents sufficient to describe the device unlocking function in the Apple Face ID Devices, including an identification of the components of such devices involved in such function.**

The dispute as to this Request is the same as articulated about regarding Request 2.

July 6, 2022
Page 7

**Apple's Position**

Apple opposes CPC's § 1782 petition. Even if the § 1782 statutory requirements are met, a "district court is not required to grant the application, but instead retains discretion to determine what discovery, if any, should be permitted." *Cryolife, Inc. v. Tenaxis Medical, Inc.*, No. C-08-05124, 2009 WL 88348, at *1 (N.D. Cal. Jan. 13, 2009). The Court may deny relief under § 1782 if the four discretionary *Intel* factors weigh against granting such relief. *See, Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S.264, 265 (2004). Here, most of the factors are neutral, but the fourth factor, which assesses the burdensomeness of the requested discovery, strongly weighs against granting CPC's § 1782 petition.

First, the information CPC seeks is unduly intrusive because it is highly confidential information at the heart of Apple's secure Face ID and Touch ID technology. *See Intel* 542 U.S. at 265 ("Also, unduly intrusive or burdensome requests may be rejected or trimmed."). Apple's customers' facial identity and fingerprint identity are heavily protected within Apple's products. Apple designs its hardware and software related to Face ID and Touch ID with extreme identity protection in mind. CPC's requests are not run-of-the-mill document requests, but instead requests for crown jewel material. *See In re Belparts Group, N.V.*, No. 3:21-MC-0062, 2021 WL 4942134, at *7 (D. Conn. Oct. 21, 2021) (vacating prior order granting 1782 petition "to the extent that it requires disclosure of documents and information that must remain confidential under the Protective Order, including documents marked as 'Confidential Material' and 'Attorney's Eyes Only Material.'"). Underscoring the sensitivity of the information sought by CPC, CPC's requests implicate Apple source code. As the Court is aware, because of its ability to be turned into a competing product without any changes, source code is the most coveted information at a technology company like Apple. *See Via Vadis Controlling GmbH v. Skype,*

July 6, 2022
Page 8

*Inc.*, No. 12-MC-193, 2013 WL 646236, at *3 (D. Del. Feb. 21, 2013) (denying Via Vadis' 1782 petition for "source code and other core technical documents" as unduly burdensome because "[s]ource codes are the most sensitive and confidential property of Respondents. When disclosed in U.S. litigation, extreme measures are ordered to protect their confidentiality."). Unfortunately, CPC's modifications to its requests did not materially narrow them. Even after meeting and conferring, CPC revised only 8 of its 15 requests and those revised requests remained of largely the same scope and thus overly broad. Requiring Apple to produce highly confidential information, including source code, in response to CPC's § 1782 petition is unduly intrusive and burdensome.

Second, CPC has not yet filed a case in Germany. Even with a protective order in place *for this particular action*, nothing controls how Apple's confidential information may be used in Germany. The protective order here controls CPC's US counsel, but the fact remains there is no protective order in place in Germany. Apple is unclear where and how its highly confidential information will be used, or who will have access to it once it is turned over to CPC for its German action. *See Baxalta Inc. v. Genetech, Inc.*, No. 16-mc-80087, 2016 WL 11529803, at *8 (N.D. Cal. Aug. 9, 2016) (granting Genentech's motion to quash Baxalta's 1782 subpoena because it was unclear whether Baxalta, or the Japanese court, could "adequately protect Genentech's confidential information encompassed by the subpoenas in the Japanese Action."). This is unworkable. If CPC had already filed its action in Germany, there would be existing protections in place to keep Apple's information secure and granting access to known attorneys/experts. That is not the case here.

Third, although the specific, underlying algorithms powering Apple's Face ID and Touch ID are considered crown jewel material, Apple publishes a significant amount of public

July 6, 2022
Page 9

information on the technology. Apple wants its customers to know how their identity information is being used (or not used) and protected, so it distributes articles describing how Face ID and Touch ID work. For example, Apple published a 219-page whitepaper in May 2021 titled Apple Platform Security that describes the protection and flow of user identity information through Apple products. CPC is well aware of these publicly available documents, because it relied heavily on the Apple Platform Security document in its motion for summary judgment of infringement.

For the purposes stated in CPC's petition, that it needs documentation to file its case in Germany, Apple's publicly available documentation is more than sufficient. Indeed, CPC cannot reconcile its stated need for highly confidential documents to bring its German lawsuit with the fact it filed a summary judgment motion for infringement based almost entirely on Apple's publicly available documents. CPC does not need Apple's highly confidential information to bring its case, much less Apple's source code for its accused products.

This is important here because this entire 1782 process may be obviated if CPC files its lawsuit first. CPC's pleading in Germany may be deficient under German law, it may have problems with the way its German patents are written, or it may be subject to a nullification proceeding that invalidates its German patents. Under any of these scenarios, CPC may not get to the point where it is entitled to, or gets, discovery into Apple's highly confidential documentation. Given the fact no German protective order is in place, no German court has taken the case, and no German counsel has been identified by CPC, denial of CPC's petition at this stage is warranted.

Finally, CPC's proposed subpoena is deficient because its requests remain overly broad and burdensome. It contains 15 requests that seek broad categories of highly confidential

July 6, 2022
Page 10

documents from Apple. Although CPC purports to have narrowed them, it did not meaningful do so. This is a not a narrowly tailored set of requests, but instead a fishing expedition. *See In re Ex Parte Application of Qualcomm Inc.*, 162 F.Supp.3d 1029, 1043 (N.D. Cal. 2016) ("Requests are unduly intrusive and burdensome where they are not narrowly tailored, request confidential information and appear to be a broad 'fishing expedition' for irrelevant information."). **First**, CPC's requests are not tied to specific claim language, but instead seek the full breadth of technical information underlying Face ID and Touch ID. With Apple's confidential material in hand, CPC could then scour its European patent portfolio for cases to file. This runs counter to the twin aims of § 1782. *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 252 (2004) ("… § 1782(a)'s twin aims of providing efficient assistance to participants in international litigation and encouraging foreign countries by example to provide similar assistance to our courts.") (internal quotations and citation omitted). **Second**, the requests are not limited to a particular time period. Apple introduced Touch ID in 2013 and introduced Face ID in 2017. Research and development of both began prior. CPC's requests potentially seek 10+ years of information. **Third**, CPC still uses the "document sufficient to describe" language previously identified by the Court as "undefined and is likely to lead to unduly burdensome discovery." Apple appreciates that such language can be narrowing but paired with the remaining language of the various requests, the requests remain overly broad. Despite having an opportunity to revise its requests in view of the Court's previous order, CPC maintains its "document sufficient to describe" requirement. CPC's requests are not narrowly tailored, but instead would leave Apple not knowing when it met its discovery obligation.

      Apple reserves its right to object to CPC's requests if the Court grants CPC's petition and issues a subpoena.

July 6, 2022
Page 11

Respectfully Submitted

Dated:   July 6, 2022          By:   */s/ Zachary T. Timm*
                                     Christina N. Goodrich
                                     Zachary T. Timm
                                     George Summerfield

                                     *Attorneys for Petitioner*
                                     *CPC Patent Technologies Pty Ltd.*



                                     FISH & RICHARDSON P.C.

Dated:   July 6, 2022          By:   */s/ Anthony Van Nguyen*
                                     Seth M. Sproul
                                     Anthony Van Nguyen

                                     *Attorneys for Respondent Apple, Inc.*