1   Christina N. Goodrich (SBN 261722)
2   christina.goodrich@klgates.com
    Zachary T. Timm (SBN 316564)
3   zach.timm@klgates.com
    **K&L Gates LLP**
4   10100 Santa Monica Boulevard
    Eighth Floor
5   Los Angeles, California  90067
    Telephone: 310.552.5000
6   Facsimile: 310.552.5001
7
    George C. Summerfield (#P40644)
8   **K & L GATES LLP**
    70 West Madison Street Suite 3300
9   Chicago, Illinois 60602
    Tel: +1 312 807 4376
10  F: +1 312 827 8000
    George.summerfield@klgates.com
11
12  Attorneys for Petitioner CPC Patent
    Technologies PTY Ltd.
13

### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

16  In The Matter of an ex parte Petition for        CASE NO.:  5:21-mc-80091-JST[1]
    Judicial Assistance Pursuant to 28 U.S.C. §
17  1782, by                                         [Assigned to the Hon. Jon S. Tigar, Courtroom
                                                     6, Oakland]
18  CPC Patent Technologies PYT Ltd.,
                                                     **CPC PATENT TECHNOLOGIES PTY
19  Petitioner,                                      LTD.'S OBJECTION TO MAGISTRATE
                                                     JUDGE'S REPORT AND
20  In support of legal proceedings in the           RECOMMENDATION AND MOTION FOR
    Federal Republic of Germany                      DE NOVO DETERMINATION OF
21                                                   DISPOSITIVE MATTER REFERRED TO
                                                     MAGISTRATE JUDGE PURSUANT TO
22                                                   FED. R. CIV. P. 72 AND N.D. CAL. R. 72-3**
23                                                   Hearing Date:    October 27, 2022
                                                     Time:            2:00 p.m.
24                                                   Courtroom:       6
25                                                   *[Filed concurrently with Declaration of
                                                     Christina N. Goodrich; and [Proposed] Order]*
26

----

27  [1] CPC is aware of this Court's reminder dated July 6, 2022, to file documents reflecting a case
    number **4**:21-mc-80091-JST.  When attempting to file under that number, however, no case
28  appears.  CPC is, therefore, filing under this number, which corresponds to the docket.

**TO THE COURT, ALL PARTIES, AND THEIR RESPECTIVE ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT,** Petitioner CPC Patent Technologies PTY Ltd. ("CPC") hereby submits this Objection to the Magistrate Judge's Report and Recommendation and Motion for *de novo* determination of CPC's Petition for an *Ex Parte* Order authorizing it to obtain discovery from Apple, Inc. ("Apple") for use in contemplated patent infringement proceedings in the Federal Republic of Germany pursuant to 28 U.S.C. § 1782(a).  CPC brings this Motion pursuant to Federal Rule of Civil Procedure 72(b); 28 U.S.C. § 636(b)(1)(B), and Northern District of California Local Rules 7-2 and 72-3.  This Motion will be heard on October 27, 2022 at 2:00 p.m. in Courtroom 6 of the United States District Court for the Northern District of California, located at the Oakland Courthouse, 1301 Clay Street, Oakland, CA 94612

CPC seeks an Order allowing it to serve a subpoena *duces tecum* for the documents initially identified in Exhibit A to the Petition, as modified through the meet and confer process and attached as Exhibit A and D to the July 6, 2022 Letter Brief submitted to the Magistrate Judge, and as further modified at oral argument on the Petition on July 7, 2022.  On July 15, 2022, Magistrate Judge Cousins issued a Report and Recommendation ("Report") denying the Petition at docket entry 36.  CPC objects to the Report, and hereby requests that this Court conduct a de novo review pursuant to Federal Rule of Civil Procedure 72, Northern District of California Local Rule 72-3, and the Ninth Circuit's decision on appeal in this matter in *CPC Pat. Techs. Pty Ltd. v. Apple, Inc.*, 34 F.4th 801, 803 (9th Cir. 2022) (holding that de novo standard of review applies to review of magistrate judge's decision on § 1782 petition and reversing and remanding for further proceeding).  CPC objects to the Report in its entirety and, as set forth in the supporting memorandum, objects specifically to Section I.A. (the German Action will not be brought against Apple, Inc.), I.B. (failure to articulate all revisions to narrow the scope of the requests), III.B. (conclusion that *Intel* factors weigh against granting Petition), and IV. (conclusion denying Petition).  CPC respectfully requests the Court sustain CPC's objections to the Report and Recommendation and grant the Petition in its entirety.

This Motion is based on this notice, supporting memorandum of points and authorities,

declaration, Petition, letter brief to Magistrate Cousins and supporting exhibits, transcript of oral

argument, the proposed stipulated protective order, and all other filings and matters before the

Court.

Respectfully submitted,

Dated: July 29, 2022          By:   /s/   *Zachary T. Timm*

Christina N. Goodrich (261722)
Zachary T. Timm (316564)
K&L Gates LLP
10100 Santa Monica Blvd., 8th Floor
Los Angeles, CA 90067
Tel: +1 (310) 552-5000
Fax: +1 (310) 552-5001
christina.goodrich@klgates.com
zach.timm@klgates.com

George C. Summerfield  (#P40644)
K&L Gates LLP
70 West Madison Street, Suite 3300 Chicago,
Illinois 60602
Tel.: +1 (312) 807-4376
Fax: +1 (312) 827-8000
george.summerfield@klgates.com

Attorney for Petitioner
CPC Patent Technologies PTY Ltd.

## <u>TABLE OF CONTENTS</u>

MEMORANDUM OF POINTS AND AUTHORITIES ............................................................1

I.    INTRODUCTION ................................................................................1

II.   FACTUAL AND PROCEDURAL BACKGROUND.........................................2

III.  JUDICIAL STANDARD......................................................................5

IV.   ARGUMENT ...................................................................................7

    A.    The Report Erred by Concluding that Apple Would be a Participant in the German Action Because it will Not Be a Party to that Action and Cannot be Forced to Produce Discovery in that Action........................................................................................7

    B.    The Magistrate Judge Erred in Concluding that the Requests are Unduly Intrusive and Burdensome ............................................8

        1.    The Parties' Stipulated Protective Order and CPC's Representations at Oral Argument More than Adequately Address Apple's Concerns over Confidentiality ........................9

        2.    The Report's Conclusion that There are Insufficient Safeguards in Germany to Protect Apple's Information Ignores CPC's Key Representations and Ignores the Practical Impact of the Parties' Stipulated Protective Order ................................................................................12

        3.    The Report Erroneously Shifted the Burden to CPC to Show that Publicly-Available Information was Insufficient to Determine Whether There are Grounds to File Suit in Germany........................................................................15

        4.    The Report's Conclusion that the Requests are too Vague and Cumbersome to Enforce Ignores the Parties' Meet and Confer, the Content of the Narrowed Requests, and the Representations at Oral Argument............................................16

V.    CONCLUSION ................................................................................19

# TABLE OF AUTHORITIES

**Cases**

*AFMS LLC v. United Parcel Serv. Co.*,
    No. 12CV1503 JLS NLS, 2012 WL 3112000 (S.D. Cal. July 30, 2012)................................16

*Akebia Therapeutics, Inc. v. FibroGen, Inc.*,
    793 F.3d 1108 (9th Cir. 2015) ............................................................................................17

*Baxalta Inc. v. Genentech*,
    Case No. 16-nc-80087-EDL, 2016 WL 11529803 (N.D. Cal. Aug. 9, 2017).......................15

*Cable & Computer Tech., Inc. v. Lockheed Saunders, Inc.*,
    175 F.R.D. 646 (C.D. Cal. 1997)........................................................................................18

*Cole v. Asurion Corp.*,
    No. CV 06-6649 PSG (JCX), 2009 WL 10669761 (C.D. Cal. Aug. 4, 2009) .....................20

*CPC Pat. Techs. Pty Ltd. v. Apple, Inc.*,
    34 F.4th 801 (9th Cir. 2022)............................................................................................6, 7

*CPC Patent Technologies PTY Ltd. v. Apple, Inc.*,
    6:21-cv-00165 ......................................................................................................................4

*Illumina Cambridge Ltd. v. Complete Genomics, Inc.*,
    No. 19-MC-80215-WHO(TSH), 2020 WL 820327 (N.D. Cal. Feb. 19, 2020) ..............10, 17

*In re Ex Parte Apple Inc.*,
    No. MISC 12-80013 JW, 2012 WL 1570043 (N.D. Cal. May 2, 2012) .................................9

*In re Ex Parte Apple Inc.*,
    No. MISC 12–80013 JW, 2012 WL 1570043 (N.D. Cal. May 2, 2012).................................8

*In re McKesson Governmental Entities Average Price Litig.*,
    264 F.R.D. 595 (N.D. Cal. 2009) ........................................................................................16

*In re: Ex Parte Application Varian Med. Sys. Int'l AG*,
    No. 16-MC-80048-MEJ, 2016 WL 1161568 (N.D. Cal. Mar. 24, 2016)...............................8

*Intel Corp. v. Advanced Micro Devices, Inc.*,
    542 U.S. 241 (2004) ....................................................................................................passim

*Lights Out Holdings, LLC v. Nike, Inc.*,
    14-cv-872, 2015 WL 11254687 (S.D. Cal. May 28, 2015)...................................................20

*Palantir Techs., Inc. v. Abramowitz*,
    415 F. Supp. 3d 907 (N.D. Cal. 2019)................................................................................16

*Schmitz v. Bernstein Liebhard & Lifshitz, LLP*,
    376 F.3d 79 (2d Cir. 2004) ...................................................................................................8

*Sci. Games Corp. v. AGS LLC*,
    No. 217CV00343JADNJK, 2017 WL 3013251 (D. Nev. July 13, 2017) ..............................16

ii

**Statutes**

28 U.S.C. § 1782 ................................................................................................... passim

28 U.S.C. § 636 ........................................................................................................ 6, 7

**Rules**

Fed. R. Civ. P. 26 ......................................................................................................... 18

Fed. R. Civ. P. 34 ......................................................................................................... 18

Fed. R. Civ. P. 45 ......................................................................................................... 18

Fed. R. Civ. P. 72 ........................................................................................................... 7

N.D. CA L.R. 7-2 ........................................................................................................... 7

N.D. CA L.R. 72-3 .......................................................................................................... 7

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.    INTRODUCTION

CPC Patent Technologies Ltd. ("CPC") seeks limited discovery from Apple, Inc. ("Apple") in connection with a planned German patent infringement proceedings ("German Action").  Specifically, CPC seeks approval from the Court to serve 15 requests on Apple for documents relating to the functionality of biometric security that it uses on certain Apple electronic devices—namely, Face ID and Touch ID—which CPC contend infringe its patents directed to biometric security technology.  CPC has already sued Apple in the United States for infringement of three patents directed to its biometric security technology.  It now seeks to file an action in Germany against a different entity—Apple Retail Germany B.V. & Co. KG—for infringement of a German patent that covers the same biometric technology at issue in CPC's Texas Action against Apple.  CPC cannot seek that information in the Texas Action because it is outside the scope of discovery in that action.  CPC cannot use the documents produced in the Texas Action in the German Action because the Stipulated Protected Order entered in that action precludes use of documents produced thereunder in any action other than the Texas Action. Thus, CPC filed this action to request the documents it believes it needs to file the German Action.

The Magistrate Judge's July 15, 2022 Report and Recommendation ("Report") denying CPC's Petition for discovery from Apple for use in the German Action is based on factual errors and runs contrary to authority.  Indeed, the Report ignores key undisputed facts in this action and strains to find any justification to reject the narrow discovery that CPC seeks.  CPC has gone out of its way to repeatedly narrow the scope of its requests at every turn.  It was been rewarded with Apple raising new issues that seemingly move the ball so that it is always just beyond CPC's grasp.  As set forth below, CPC's Petition should have been granted and, thus, it respectfully requests this Court reject the Report and grant CPC's Petition for the discovery it seeks, as amended through the meet and confer process and at oral argument.[2]

---

[2] CPC objects to the entirety of the Report and its conclusion.  CPC identifies specific sections of the Report that are particularly troubling and should be rejected.  CPC objects specifically to

1

## II.     FACTUAL AND PROCEDURAL BACKGROUND

CPC is the owner by assignment of a patent portfolio directly generally to biometric security that is used to access, *inter alia*, electronic devices.  (DE 1-1 at 2; DE 1-3.)  Apple uses certain biometric security that is used to access certain Apple electronic devices, which CPC contends infringes its patents.  (DE 1-1 at 2; DE 1-3.)  Thus, CPC initiated a patent infringement action against Apple in an action in the Western District of Texas entitled, *CPC Patent Technologies PTY Ltd. v. Apple, Inc.*, 6:21-cv-00165, which was later transferred to the Northern District of California at Case No. 5:22-cv-02553-EJD (the "Texas Litigation").[3]  (DE 1-3; Goodrich Decl. ¶ 8, Ex. A (Texas Action Docket).)  The Complaint in the Texas Litigation asserts claims for infringement of U.S. Patent Nos. 9,269,208, 9,665,705 (the "'705 Patent"), and 8,620,039 (collectively, the "U.S. Patents").[4]  (DE 1-3, ¶¶ 1, 19-21.)  The products accused of patent infringement in the Texas Litigation are Apple's electronic devices with biometric security measures—namely, iPhones and personal computers that use Touch ID or Face ID.[5]  (DE 1-3, ¶¶ 2, 17, 18.)

Thereafter, CPC took steps toward bringing a lawsuit against **Apple Retail Germany B.V. & Co. KG** (not Apple, Inc.) in Germany for infringement of CPC's German patent that corresponds to the '705 Patent that CPC asserted against Apple in the Texas Litigation (the "German Action").  (DE 1-1, 1-3.)  In furtherance of CPC's intention to file the German Action, it initiated this action by filing a Petition for Ex Parte discovery Assistance Pursuant to 28 U.S.C.

Section I.A. (the German Action will not be brought against Apple, Inc. as argued below), I.B. (failure to articulate all revisions to narrow the scope of the requests), III.B. (conclusion that *Intel* factors weigh against granting Petition as argued below), and IV. (conclusion denying Petition).
[3] CPC continues to refer to this action as the Texas Litigation for consistency purposes given that there are references to this action in prior briefing, at oral argument in the Ninth Circuit, and at oral argument in this action—all of which refer to this matter as the "Texas Litigation" or "Texas Action."
[4] The Complaint was previously made a part of the record as an attachment to CPC's Motion for De Novo Determination of Dispositive Matter at docket entry 6-3.
[5] Touch ID and Face ID are the trade names used by Apple for the biometric security measures used in certain Apple electronic devices that CPC contends infringe its patents. DE 6-3; https://support.apple.com/guide/security/uses-for-face-id-and-touch-id-secc5227ff3c/web#:~:text=Uses%20for%20Touch%20ID%20and%20Face%20ID%201,items.%20...%205%20Making%20and%20approving%20purchases.%20; Face ID, Touch ID, passcodes, and passwords - Apple Support

2

§ 1782(a).  (DE 1, 1-1.)  In that Petition, CPC requested the Court issue a subpoena to Apple to produce documents in response to 15 narrow requests.  (DE 1-2.)  CPC's 15 requests sought documents sufficient to describe[6] the functionality of Apple's biometric security measures in Apple electronic devices, namely iPhone models and personal laptop computers.  (*Id.*; DE 34-3)  CPC sought this information because it is key to uncovering the extent to which Apple's Touch ID and Face ID, and accompanying devices, infringe CPC's biometric security patents.  (DE 1-1; 1-3; 6-1; 34; 34-4; 39.)  Indeed, Apple has produced much of the information that CPC seeks in this action in the Texas Litigation, but it was produced pursuant to a Protective Order that limits its use to just that case.  (DE 39:19-20; Goodrich Decl., ¶ 8, Ex. A (Texas Action Docket) and ¶ 9, Ex. B (Texas Actions Protective Order).)  Thus, in order for CPC to use Apple's documents that reflect how its Touch ID and Face ID infringe CPC's patents, it must obtain those documents anew in this action, which is precisely within the purpose and scope of § 1782.

The Magistrate Judge denied CPC's Petition on April 27, 2021.  (DE 5.)  CPC filed a Motion for De Novo Review of the Magistrate Judge's decision on April 29, 2021.  (DE 6.)  Apple opposed CPC's motion.  (DE 13.)  The Court denied CPC's motion on June 28, 2021, concluding that the Magistrate Judge's decision should be reviewed for clear error, not de novo.  (DE 15.)  CPC appealed.  (DE 17.)

On May 18, 2022, the Ninth Circuit Court of Appeal concluded that this Court erred when it conclude that it should review the magistrate judge's decision denying CPC's § 1782 Petition for clear error.  (DE 18; *CPC Pat. Techs. Pty Ltd. v. Apple, Inc.*, 34 F.4th 801, 810 (9th Cir. 2022).  In doing so, the Ninth Circuit agreed with CPC that the Magistrate Judge's decision was dispositive for purposes of 28 U.S.C. § 636, and thus this Court "should have treated the magistrate judge's order as a non-binding recommendation and applied the de novo standard of review."  *Id.* at 807.  The Ninth Circuit wrote, in its published decision, that it was remanding

---

[6] The phrase "sufficient to show" has been used interchangeable with the phrase "sufficient to describe" in connection with CPC's efforts to obtain the discovery it seeks from Apple in this action.  CPC views these phrases as interchangeable and intended to limit the scope of discovery to only those documents necessary to "describe" or "show" the relevant information sought, as argued herein and discussed below.

3

this case so that district court could "determine in the first instance whether, applying a de novo standard, the magistrate judge's reasons for denying discovery withstand scrutiny, and whether this case would benefit from further analysis and review by the magistrate judge." *Id.*

On remand, this Court referred the case to Magistrate Judge Cousins for a Report and Recommendation.  (DE 22.)  Thereafter, Magistrate Judge Cousins set a discovery hearing for June 29, 2022 at 2:00p.m. by Zoom.  (DE 24.)  During that hearing, Judge Cousins asked the parties if they had met and conferred to try to resolve their dispute over the discovery requested in CPC's Petition.  (Goodrich Decl. ¶ 2.)  The parties stated that they had not yet done so. (Goodrich Decl. ¶ 2.)   Magistrate Judge Cousins asked the parties to meet and confer to try to resolve their dispute and agree upon discovery to be provided in response to the requests in the Petition.  (Goodrich Decl. ¶ 2.)  During the hearing, Apple raised concerns about protecting the confidentiality of any documents produced in response to CPC's requests.  (Goodrich Decl. ¶ 3.) Magistrate Judge Cousins responded by asking the parties to meet and confer on a proposed stipulated protective order and, if the parties could not agree on the form of such an order, submit their competing versions of the proposed protective order for consideration at the next hearing. (Goodrich Decl. ¶ 3.)  Magistrate Judge Cousins then ordered the parties to meet and confer on the protective order and CPC's requests for documents by July 5, 2022 and to submit a joint discovery letter brief not to exceed 10 pages (double-spaced), plus proposed orders and proposed protective orders, by July 6, 2022.  (DE 30.)  Magistrate Judge Cousins set the matter for a further discovery hearing on July 7, 2022 in-person. (DE 30.)

Thereafter, the parties met and conferred as required.  During the meet and confer, Apple raised only a few concerns with CPC's requests, which were focused on breadth, burden, and the wording of the requests.  (DE 34 at 3; 34-4.)  As discussed in detail below, CPC addressed these concerns during the meet and confer, in emails thereafter, in its revisions to the requests, in the Stipulated Protective Order (that the parties agreed upon and submitted to the Magistrate Judge for execution), and in further representations during oral argument.  (DE 34, 34-3, 34-4, 39.)  The parties filed a Stipulated Protective Order for the Magistrate Judge to approve and execute.  (DE 33.)  The parties also submitted a joint letter brief in which CPC discussed the issues Apple raised

4

1    during their meet and confer and addressed how CPC had those issues.  (DE 34.)  In Apple's

2    portion of the letter brief, it raised several new arguments for the first time, which were not

3    previously raised during the parties' meet and confer.  (DE 34.)  CPC raised its concerns over

4    Apple's decision to raise new issues for the first time in the letter brief shortly before it was due

5    to be filed and at oral argument, which left CPC with no time to address, so it addressed some of

6    these issues at oral argument.  (DE 34 at 2-3, and n.1; 39 at 8-9 (limiting to 2017 to the present

7    and limiting request 1 to just stored data) and 17-18 (limiting ability to use data in Germany

8    without Magistrate Judge approval).)

9        Thereafter, on July 15, 2022, the Magistrate Judge issued his Report and

10    Recommendation denying the Petition.  (DE 36.)  CPC timely files this Motion pursuant to

11    Federal Rule of Civil Procedure 72(b), 28 U.S.C. § 636(b)(1)(B), and Northern District of

12    California Local Rules 7-2 and 72-3.

13    **III.    <u>JUDICIAL STANDARD</u>**

14        The Ninth Circuit recently held (in an appeal of this Court's prior denial of CPC's § 1782

15    Petition) that a district court reviewing a magistrate judge's order on a § 1782 petition where the

16    parties did not consent to proceed with the magistrate judge for all purposes shall be reviewed de

17    novo.  *See, CPC Pat. Techs. Pty Ltd.*, 34 F.4th at 810 (reversing this Court's order affirming

18    magistrate judge's denial of § 1782 petition).  In doing so, the Ninth Circuit stated that it was

19    remanding this case so that district court could "determine in the first instance whether, applying

20    a de novo standard, the magistrate judge's reasons for denying discovery withstand scrutiny, and

21    whether this case would benefit from further analysis and review by the magistrate judge."  *Id.*

22    As discussed below, applying a de novo standard of review, the Magistrate Judge's decision in

23    this case does not withstand scrutiny and, thus, must be reversed.

24        "Section 1782 is the product of congressional efforts, over the span of nearly 150 years,

25    to provide federal-court assistance in gathering evidence for use in foreign tribunals."[7]  *Intel*

26

27    _____
     [7] The U.S. Supreme Court rejected the argument that discovery under § 1782 is only available
     when foreign proceedings are "pending" or "imminent."  *Intel Corp. v. Advanced Micro Devices,*
28    *Inc.*, 542 U.S. 241, 259 (2004).  Instead, the court held that foreign proceedings only need be
     "within reasonable contemplation."  *Id.* (citing *In re Letter of Request from Crown Prosecution*

*Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004).  The statute has three requirements: "(1) the discovery sought is from a person residing in the district court to which the application is made; (2) the discovery is for use in a proceeding before a foreign tribunal; and (3) the applicant is a foreign or international tribunal or an 'interested person.'"  *In re: Ex Parte Application Varian Med. Sys. Int'l AG*, No. 16-MC-80048-MEJ, 2016 WL 1161568, at *2 (N.D. Cal. Mar. 24, 2016) (granting 1782 petition) (quoting *In re Ex Parte Apple Inc.*, No. MISC 12–80013 JW, 2012 WL 1570043, at *1 (N.D. Cal. May 2, 2012)).  "As soon as the three statutory requirements have been met, "a district court is free to grant discovery in its discretion."  *Varian Med.*, 2016 WL 1161568 at *2 (quoting *Schmitz v. Bernstein Liebhard & Lifshitz, LLP*, 376 F.3d 79, 83-84 (2d Cir. 2004)).

A district court can, however, narrow the scope of the discovery permitted or deny the discovery, in its discretion, based on certain factors, including "(1) whether the 'person from whom discovery is sought is a participant in the foreign proceeding'; (2) 'the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance'; (3) whether the discovery request is an 'attempt to circumvent proof-gathering restrictions or other policies of a foreign country or the United States'; and (4) whether the discovery requested is 'unduly intrusive or burdensome.'"  *In re Ex Parte Apple Inc.*, No. MISC 12-80013 JW, 2012 WL 1570043, at *1 (N.D. Cal. May 2, 2012) (denying motion to quash subpoena to Apple); (quoting *Intel*, 542 U.S. at 264–65).

Since it is undisputed that CPC's Petition satisfies the statutory requirements of § 1782 and the Magistrate Judge's Report denies the Petition based on the first and fourth discretionary

---

*Serv. of United Kingdom*, 870 F.2d 686, 691 (D.C. Cir. 1989); *In re Request for Assistance from Ministry of Legal Affairs of Trinidad and Tobago*, 848 F.2d 1151, 1155, and n. 9 (11th Cir. 1988)).  In doing so, it noted that "[]in 1964, when Congress eliminated the requirement that a proceeding be 'judicial,' Congress also deleted the requirement that a proceeding be 'pending.' 'When Congress acts to amend a statute, we presume it intends its amendment to have real and substantial effect.'" *Intel Corp.*, 542 U.S. at 258–59 (quoting *Stone v. INS*, 514 U.S. 386, 397, 115 S.Ct. 1537, 131 L.Ed.2d 465 (1995)).  Apple has never set forth any grounds on which this Court could refuse to apply *Intel* nor that CPC's German Action is not "within reasonable contemplation."

1  factors, this Motion focuses on explaining why the Magistrate Judge's decision was erroneous

2  and Apple's arguments related thereto should be rejected.  To the extent this Court seeks to revisit

3  the statutory factors and other discretionary factors anew, CPC requests supplemental briefing to

4  address the Court's concerns over those issues.

5  IV.    **ARGUMENT**

6      A.    **The Report Erred by Concluding that Apple Would be a Participant in the**

7            **German Action Because it will Not Be a Party to that Action and Cannot be**

8            **Forced to Produce Discovery in that Action**

9          The Report raised an issue that Apple did not raise—that Apple, Inc. will be a party to

10  the German Action and, thus, the first discretionary factor weighs against granting the Petition.

11  Neither CPC nor Apple has never contended that Apple will be a party to the German Action or

12  that Apple will be subject to discovery in that action.  Thus, the Report's conclusion that the first

13  discretionary factor weighs against granting the Petition was error.

14          Specifically, the Report concludes that "[a]lthough Apple does not contest this factor, the

15  Court finds that because Apple would be a participant to the potential Geran litigation and could

16  be ordered to produce discovery through that proceeding, the first Intel factor weighs against

17  granting CPC's § 1782 application."  (DE 35 at 3, and n.4.)

18          First, *Apple, Inc. would not be a participant in the German Action*.  (DE 1-1 at 2:20-22;

19  DE 6-1; DE 18 at 6.)  As CPC has repeatedly represented to the Court and the Magistrate Judge,

20  CPC will bring the German Action *against Apple Retail Germany B.V. & Co. KG, not the*

21  *respondent in this action, Apple, Inc.*  (DE 1-1 at 2:20-22; DE 6-1; DE 18 at 6.)  As other courts

22  have recognized, the fact that the respondent in a § 1782 petition is not a party in the contemplated

23  foreign proceedings favors granting the petition because such a respondent may be outside the

24  German court's jurisdictional reach.  *See, e.g., Intel*, 542 U.S. at 264 ("[N]onparticipants in the

25  foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their

26  evidence, available in the United States, may be unobtainable absent § 1782(a) aid.").

27          Second, there is no discovery in German proceedings and, thus, neither Apple, Inc. (as a

28  non-party in that action) nor any other party could be ordered to produce discovery in the German

7

Action. *Illumina Cambridge Ltd. v. Complete Genomics, Inc.*, No. 19-MC-80215-WHO(TSH), 2020 WL 820327, at \*4 (N.D. Cal. Feb. 19, 2020) (recognizing that there is no discovery in Germany, and certain other civil law, courts).[8]

Finally, Apple, Inc. does not contend that it will be a participant in the German Action or that it could be ordered to produce discovery in that action. Thus, the Report erred in concluding that Apple, Inc. would be a participant in the German Action and could be ordered to produce discovery in that proceeding. As such, this factor favors granting the Petition.

## B.    The Magistrate Judge Erred in Concluding that the Requests are Unduly Intrusive and Burdensome

The four reasons set forth in the Report that purportedly justify the Magistrate Judge's conclusion that the requests are unduly intrusive and burdensome are unpersuasive on the fourth *Intel* factor, run contrary to settled authority, and suggest that Apple could never be subject to discovery under § 1782.[9] As discussed below, this cannot be the case.

///

///

///

---

[8] *Illumina Cambridge*, 2020 WL 820327, at \*4 (granting 1782 petition for discovery for use in, *inter alia*, German proceedings, but narrowing scope and recognizing that "in each of the four foreign jurisdictions there is no right to pretrial discovery comparable to that in the United States. Thus, even if Respondents were participants, the discovery IC seeks might not be available in any event. This also weighs in favor of § 1782 discovery."); citing *Intel*, 542 U.S. at 261 n.12. ("Most civil-law systems lack procedures analogous to the pretrial discovery regime operative under the Federal Rules of Civil Procedure. Disclosure and exchange of evidence under the civil-law systems are generally more restricted, or nonexistent.") (citations and internal quotations omitted); citing *In re Cal. State Teachers' Ret. Sys.*, 2017 WL 1246349, at \*3 (D.N.J. Apr. 3, 2017) (finding the first factor weighed in favor of granting application because "even if the documents [and German defendant] are located in Germany, the German court will not order the documents to be produced if the applicant does not provide detailed information on the documents").

[9] The second and third *Intel* factors favor granting the Petition for the reasons set forth in CPC's initial Motion (DE 6-1). There is nothing suggesting that the German court will not be receptive to the discovery received in this action and there is no evidence of an attempt to circumvent German proof-gathering restrictions or policies. These factors favor allowing discovery in aid of German proceedings for the same reasons as discussed in *llumina*, 2020 WL 820327 and similar cases cited herein relating to German proceedings. The mere fact that Germany does not have pre-trial discovery does not mean that discovery under 1782 should not be permitted. *See Intel*, 542 U.S. at 2245-262, and n.12.

8

*1.*     ***The Parties' Stipulated Protective Order and CPC's Representations at Oral Argument More than Adequately Address Apple's Concerns over Confidentiality***

The Magistrate Judge ordered the parties to meet and confer over a Stipulated Protective Order to address Apple's concerns over protecting the confidentiality of information produced in this action.  (DE 30.)  CPC addressed Apple's concerns raised during the meet and confer, in subsequent emails, in revisions to the requests, in the Stipulated Protective Order (to which the parties agreed and submitted to the Court for execution), and at oral argument.  (DE 34 at 2-6; DE 33, 34-3, 34-4; 39.)  Specifically, (1) CPC agreed to a very restrictive Stipulated Protective Order (to which Apple also agreed), (2) CPC agreed not to seek source code unless no other responsive information as available, (3) CPC and Apple agreed that if the production of source code became necessary, they would amend the Stipulated Protective Order to add a source code provision, and (4) CPC and its counsel agreed to not use any confidential material produced pursuant to the Protective Order in the German Action until after the Magistrate Judge concluded that sufficient protections were in place in the German Action.  (DE 34 at 2-6; DE 33, 34-3, 34-4; 39.)   Inexplicably, the Report concludes that the parties agreed-upon Protective Order (based on this District's Model Protective Order) and CPC's significant agreements and representations were not enough.  That conclusion is wrong.

During the parties' meet and confer, the parties discussed entering into a Stipulated Protective Order to restrict the use and disclosure of Apple's confidential and highly confidential material produced in this action in response to the requests.  (DE 34 at 2-3.)  At Apple's request, CPC used the Northern District of California's model stipulated protective order, rather than the stipulated protective order the parties had already agreed to in the Texas Action, and modified it to add further strict protections that, among other things, restricted the use of Apple's confidential information to only this action and the German Action, under specific strict conditions set forth in that order  (*Id.*)  Apple made minor revisions to the proposed Stipulated Protective Order and the parties submitted it to the Magistrate Judge for execution on July 6, 2022.  (DE 33; DE 34 at 2-3; DE 34-2; & DE 34-4.)

1   During the parties' meet and confer, Apple asserted that it would not produce source code

2   in response to the requests due to concerns over protecting this information.  (DE 34 at 2-3, DE

3   34-4; 34-2; DE 33.)  In response, CPC agreed in an email and at oral argument to not seek source

4   code in response to its requests, except where no other responsive information was available.

5   (DE 34 at 2-3, DE 34-4; 34-2; DE 33; DE 39 19:9-19 ("[W]ith respect to the source code, we—

6   we tried to set that a[]side.  It has been produced in San Diego.  It's[sic] been reviewed.  We've

7   told Apple we don't need your source code at this time.  If you have other documents—again,

8   there's documents have been produced in the Texas action.  So, we don't think that . . . we have

9   to address that at this point. . . [I]f there are no documents or no data available that's responsive,

10  then we can return to this source code fight, but I don't think we need to go there at this time.")

11  During the parties' meet and confer, Apple identified only 5 requests to which it believed

12  the responsive information may be primarily source code, but that it would check to see if

13  responsive non-source code documents were available to be produced.  (DE 34-2-6 (requests 2,

14  4, 7, 14, 15); DE 34-4; *see also* Goodrich Declaration, ¶ 6.)  To date, Apple has not confirmed

15  whether such non-source code documents are available nor provided any further detail to CPC

16  that would help it determine whether it could revise the requests in a way to seek documents

17  relating to the functionality at issue that did not call for the production of source code.  (Goodrich

18  Decl. ¶ 6.)  As CPC told Apple and the Magistrate Judge at the hearing, CPC does not know the

19  universe of responsive documents available.  (DE 39 at 6:16-7:8.)  Thus, it must rely on Apple to

20  inform it as to specifically *why* and *how* the requests are potentially unduly intrusive or

21  burdensome.    To date, Apple has not provided any evidence establishing burden or

22  intrusiveness.[10]  (Goodrich Decl., ¶ 7; DE 39.)[11]  Moreover, the parties ***explicitly agreed*** that if

23  

24  [10] Instead, Apple simply argued that it does not want to produce source code due to concerns over confidentiality, despite having agreed to a Stipulated Protective Order in this action and the Texas

25  Action, in which it *did* produce source code by making it available for review in Southern California.   CPC has done everything it can to help alleviate Apple's concerns over its source

26  code, including agreeing not to seek it unless no other responsive information is available.  Apple, however, has refused to even confirm whether that is the case.  Without doing so, it has not come

27  close to establishing that the requests are "unduly intrusive or burdensome."

28  [11] "[W]e haven't heard anything from Apple in terms of why, in light of everything I said during the meet and confer, in light of what we represented to the Court in our brief, in light of the protective order, that these are still unduly burdensome or intrusive because there's no evidence

10

1    source code became subject to production in this action, they would negotiate an amendment to

2    the Stipulated Protective Order to include source code protections.  (DE 33 at 16, ¶ 12.5) ("Source

3    Code Addendum.  If source code becomes subject to production in this action and the German

4    Proceedings, the parties will negotiate a separate source code addendum to this Protective

5    Order."); DE 34 at 2-4; DE 34-4; DE 39 19:9-19.)

6        In sum, Apple has never put forth any evidence establishing why CPC's agreement and

7    representations regarding source code is insufficient.  To the extent that it contends that a

8    Protective Order of this Court is not sufficient, it is mistaken.  Indeed, to do so would suggest

9    that a court cannot ever grant a § 1782 petition where the requests call for confidential documents

10   because, according to Apple, a Stipulated Protective Order is insufficient to protect those

11   documents, even where counsel and the party are bound by the agreement and where the

12   petitioner agrees not to use the documents in the foreign proceedings until the U.S. court handling

13   the petition is satisfied that there are adequate protections in place to protect the documents in

14   the foreign proceedings.  This is not reasonable.

15       The Report nonetheless contends that "[t]he hardware and software for Apple's secure

16   facial recognition and touch identification technology is highly sensitive and central to its

17   business," but cites to no evidence to support this conclusion.  The Report further asserts that

18   "CPC's request of documents "sufficient to show' the functioning of these central processes

19   **could** require Apple to disclose highly confidential source code."  (DE 36 at 4 (emphasis added).)

20   Again, the Report does not cite any evidence to support this conclusion.  The Report ignores

21   CPC's agreement that it would not seek source code unless no other responsive information was

22   available in response to the requests.  Apple has only identified 5 requests that it believes would

23   call for the production primarily of source code, but even as to those requests, Apple has not put

24   forth any evidence or ever confirmed that it has no other responsive documents.  (DE 34 at 2-6.)

25   Thus, this conclusion is unsupported and based purely on speculation.

26       Finally, the Report's conclusion that the requests seek "high value" information from

27

28   before the Court of that.  We just have attorney argument and speculation about how possibly
     this data could be used…"

Apple is also unsupported.  Apple has not put forth any evidence to support this conclusion.  Even assuming it did, the mere assertion that information is valuable does not justify not requiring it to be produced.  As a reminder, CPC owns highly valuable biometric security technology and has sued Apple for infringing its patents on this technology.  (DE 1-1 at 2; DE 1-3.)  Apple cannot avoid producing information relating to its infringement of CPC's technology by asserting its infringing technology is "highly valuable" and "sensitive."  If this were a viable argument, no defendant in a patent infringement could would ever be forced to produce documents regarding accused technology.  This, is not the law.

> **2.** **The Report's Conclusion that There are Insufficient Safeguards in Germany to Protect Apple's Information Ignores CPC's Key Representations and Ignores the Practical Impact of the Parties' Stipulated Protective Order**

Again, the parties agreed to a highly restrictive Stipulated Protective Order.  During the parties' negotiations of that order, Apple never argued that it would not be sufficient to protect its data.[12]  If it believed that additional provisions were required, it had every opportunity to ask for additional protection.  It did not.  Instead, it waited until after the parties agreed on and submitted a Stipulated Protective Order to the Magistrate Judge to argue that it was not sufficient.  (DE 33; 34 at 7-10.)  In sum, Apple wasted CPC's time in drafting and negotiating the protective order, to only later argue that it was insufficient despite its agreement to the order's terms and agreement to its submission to the Magistrate Judge for execution.[13]  (DE 39 17:21-18:8.)[14]

---

[12] Setting aside source code.

[13] Importantly, CPC has repeatedly identified that relevant patent to Apple and this Court as being the German patent that corresponds to the '705 patent in the Texas Action in which Apple is well aware of the claims being asserted given that the parties have been litigating that case for years, have engaged in discovery, claim construction, and related conduct.  (DE 6-1 at 2 ("CPC intends to file suit for patent infringement against Apple Retail Germany B.V. & Co. KG in Germany, asserting the German patent corresponding to the '705 Patent."); DE 6-1 at 2 (defining the '705 Patent as U.S. Patent No. 9,665,705).)

[14] "[T]his idea that somehow the information sought here is so particularly sensitive we can't even conceive of going there is a little bit problematic because then why did we negotiate a protective order.  All of these issues could have been raised in connection with negotiating the protective order that we submitted to your Honor, and we defined the German action in that protect[ve] order.  If Apple thought it wasn't sufficiently defined, why didn't it bring it up then?

1    The Report's reliance on *Baxalta Inc. v. Genentech*, Case No. 16-nc-80087-EDL, 2016

2    WL 11529803, at *8 (N.D. Cal. Aug. 9, 2017) is unpersuasive.  That case did not involve an

3    analogous situation to the one we have here where the responding party negotiated and agreed to

4    a stipulated protective order with strict limitations on the use of the data and where the petitioning

5    party agreed not to use information produced pursuant to the protective order until after the court

6    was satisfied that the data would be sufficiently protected in the foreign proceedings.  *Id.* at *8.

7    Indeed, the parties in *Baxalta* ***had not agreed to a stipulated*** protective order.  *Id.*  Instead,

8    Baxalta had ***proposed*** a protective order.  *Id.*  Moreover, the *Baxalta* court suffered from the same

9    problematic reasoning as the Report in this case by suggesting that a representation by U.S.

10    counsel in the § 1782 proceedings to not publicly-disclose confliction information would not be

11    enforceable.  It is axiomatic that a court has jurisdiction over parties and their counsel to address

12    representations to the court and violations of court orders (such as a protective order).  CPC's

13    counsel made clear it had no intention and would not violate the Stipulated Protective Order in

14    this case and would not publicly-disclose confidential information in the German Action without

15    sufficient protections that satisfied the Magistrate Judge. (DE 39 at 18:23-19:2;[15] 19:24-20:8.[16])

16        Indeed, the Report's conclusion and the *Baxalta* court's suggestion that it is appropriate

17    for a court to refuse to order discovery based on the speculative and remote potential for

18    inadvertent disclosure has been rejected by other courts and runs contrary to the Federal Rules

19    of Civil Procedure.  "Indeed, courts have determined that '[a] protective order allowing

20    confidential or highly confidential designations is sufficient" to protect even the most valuable

---

We certainly could have gone back, identified patents then, but then to show up at this hearing and be questioned as to why we didn't do that when it was never raised in negotiations is a bit problematic."

[15] "We are happy to refrain from sharing anything in terms of putting it in the record in Germany without first coming back to your Honor, reporting on what's in place in Germany, and getting sign off before we put it—it's used in those proceedings."

[16] "And, like I said, once it comes to use in foreign proceedings, we will—we can come back to your Honor and discuss what is being put in place to protect that data.  I am not interested in being involved in any kind of release of confidential data of Apple or any other party.  So, that's certainly not in my interest to do that, and I think that should be more than sufficient for Apple's concerns . . . We'll make sure that there's protections in place before we take any further steps."

13

of confidential information, trade secrets.[17] *Sci. Games Corp. v. AGS LLC*, No. 217CV00343JADNJK, 2017 WL 3013251, at *4 (D. Nev. July 13, 2017). "The relatively remote potential for inadvertent disclosure of confidential documents does not justify the withholding of discovery altogether." *Sci Games Corp.*, 2017 WL 3013251 at *4.

As for this Court's and the Magistrate Judge's jurisdiction to enforce the Protective Order and to address inadvertent or intention disclosure, the Report's conclusion again overlooks basic facts. CPC and its U.S. counsel are bound by the Protective Order and the representations made to this Court and the Magistrate Judge, so those are enforceable. (DE 33); *Palantir Techs., Inc. v. Abramowitz*, 415 F. Supp. 3d 907, 917 (N.D. Cal. 2019) (granting § 1782 petition for discovery for use in German action, rejecting argument that protective order did not adequately address confidentiality concerns, and recognizing that "German courts have strict confidentiality rules and that civil proceedings are not open to the public in the same way they are here"). To the extent that either CPC or its counsel disclosed protected information in violation of the Protective Order or CPC's representations, this Court and/or the Magistrate Judge would have jurisdiction to take action. *Palantir*, 415 F. Supp. 3d at 917.[18]

Additionally, CPC conceded at oral argument that it would not share any protected information in the German Action without first returning to the Magistrate Judge to confirm that

---

[17] *Sci. Games*, 2017 WL 3013251, at *4 quoting *AFMS LLC v. United Parcel Serv. Co.*, No. 12CV1503 JLS NLS, 2012 WL 3112000, at *7 (S.D. Cal. July 30, 2012) ("There is no reason to think that Shipware's generalized and unsubstantiated assertions of fear of disclosure to alleged competitive decisionmakers are not alleviated by this protective order."); *In re McKesson Governmental Entities Average Price Litig.*, 264 F.R.D. 595, 603 (N.D. Cal. 2009) ("CDHCS also has failed to explain why a protective order limiting disclosure of these documents would not eliminate any harm that might result from ordering their production. The Court finds that the protective order that is currently in place, will sufficiently protect CDHCS's interests.").

[18] "Finally, to the extent that Mr. Abramowitz objects to certain discovery because "Palantir is seeking information that should be the subject of a confidentiality order," Palantir has filed a protective order designed to address his concerns and Mr. Abramowitz has not argued that the protective order is defective in any way. Instead, Mr. Abramowitz maintains that Palantir has not provided assurances that the German Court will respect a protective order issued by this Court. Mr. Abramowitz' argument is misplaced. The protective order binds Palantir and Mr. Abramowitz, both of whom are clearly subject to this Court's jurisdiction. Whether the German Court approves of the restrictions placed on the parties is irrelevant. Further, Palantir has provided evidence—which Mr. Abramowitz has not rebutted—that German courts have strict confidentiality rules and that civil proceedings are not open to the public in the same way they are here."

sufficient protections were in place to protect the data in that action.  (DE 39 at 18:23-19:2; 19:24-20:8.)  This should be sufficient and cannot justify a complete refusal to allow discovery under § 1782.[19]  *Illumina Cambridge*, 2020 WL 820327, at *11 ("But the nature of § 1782 is that evidence produced by it invariably ends up before a foreign proceeding; denying discovery because a foreign court does not have identical protections to a U.S. court would frequently defeat the purpose of § 1782."); *see generally Intel*, 542 U.S. at 263 ("Section 1782 is a provision for assistance to tribunals abroad.  It does not direct United States courts to engage in comparative analysis.... Comparisons of that order can be fraught with danger."); *Intel*, 542 U.S. at 263 n. 15 ("[C]omparisons of [different legal] systems is slippery business....").

Moreover, the Parties' Stipulated Protective Order explicitly provided that if the German Action is not filed within 12 months of the disposition of this action, CPC will return or destroy all information produced pursuant to that order.  (DE 33 at 17, ⁋ 13.)[20]  Apple agreed to this, and the other language in the Stipulated Protective Order, so it is hard to understand why despite such agreement, the Report concludes that it is insufficient.  Moreover, CPC reiterated this point at oral argument.  (DE 39 at 18: 13-17.)  In sum, because all of these agreements and representations clearly satisfied Apple's concerns over confidentiality, it was erroneous for the Report to conclude that there were insufficient safeguards in place to protect Apple's confidential information.

### 3.    *The Report Erroneously Shifted the Burden to CPC to Show that Publicly-Available Information was Insufficient to Determine Whether There are Grounds to File Suit in Germany*

The Report improperly shifted the burden to CPC to establish that publicly-available

---

[19] *Akebia Therapeutics, Inc. v. FibroGen, Inc.*, 793 F.3d 1108, 1110 (9th Cir. 2015) (affirming grant of 1782 petition involving discovery as to confidential technology related to treating anemia for use in European and Japanese patent proceedings and related contemplated proceedings and acknowledging that protective order was imposed to protect confidential information).

[20] "In the event the German Proceedings are not commenced within twelve (12) months of the resolution of this action, Petitioner will notify Respondent Apple, Inc. ("Respondent") and request instructions as to whether to destroy all Protected Material or return all Protected Material to Respondent.  Once Petitioner receives a response to this request from Respondent, Petitioner will take the requested action and confirm it has been completed within fourteen (14) business days."

information was insufficient to "determine whether it has grounds to file suit in Germany." (DE 36 at 5.) First, nothing in § 1782 suggests that the petitioning party has a duty to scour all publicly-available information to determine if there are grounds to file a foreign suit. *See* 28 U.S.C. § 1782. This is neither the purpose nor goal of § 1782. *See Intel*, 542 U.S. 241, 245-254 (2004). The Report also overlooks that there is no requirement that a petitioner seek only information that is ***not*** in the public record.[21] *See* 28 U.S.C. § 1782. The Report's conclusion is, thus, far afield from both the letter and spirit of § 1782, which clearly gives broad power to the courts to grant requests for discovery in aid of foreign proceedings, not just non-public information, which aid in foreign proceedings. *See Intel*, 542 U.S. 241, 245-254 (2004). The Report's creation of this requirement, thus, was improper and erroneous.

Additionally, the Report's conclusion that "Apple has published various articles outlining its work in facial recognition and touch identification, including a May 2021 report titled 'Apple Platform Security' that 'described the protection and flow of user identify information through Apple products'" is not supported by admissible evidence. Apple did not authenticate this report nor did it submit it to the Court. Apple has also not identified the requests to which it believes this report is responsive. Finally, the Report's conclusion that the requests seek such highly confidential information that even a Protective Order entered by this Court would be insufficient to protect the data as compared to the Report's conclusion that CPC needed to establish that a passing reference to an unauthenticated report is sufficient to respond to the requests is radically inconsistent and turns discovery on its head.

> **4.      The Report's Conclusion that the Requests are too Vague and Cumbersome to Enforce Ignores the Parties' Meet and Confer, the Content of the Narrowed Requests, and the Representations at Oral Argument**

---

[21] Section 1782 Petitions are subject to Rule 26, along with other Federal Rules of Civil Procedure governing discovery. The Report's conclusions run contrary to well-settled authority on discovery. *See* Fed. R. Civ. P. 26, 34, 45; *Cable & Computer Tech., Inc. v. Lockheed Saunders, Inc.*, 175 F.R.D. 646, 650 (C.D. Cal. 1997) ("The party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections.")

1    The Report's conclusion that the "sufficient to show" descriptor was undefined and

2    overly broad and that CPC has not explained why it is the necessary descriptor ignores the

3    representations made at oral argument, the facts of the case, the parties' meet and confer, relevant

4    authority, and the very nature of discovery.  As such, it was error.

5    During the parties' meet and confer, CPC made clear that its requests only sought

6    documents "sufficient to describe" or "sufficient to show" the requested information.  (DE 34 at

7    2.)  CPC explained that this limitation on the requests meant that, in theory, Apple need only

8    produce one document or a handful of documents that are responsive, as long as they showed the

9    requested information.  (DE 34 at 2-3; 34-1 at 2-3; 39.)  Apple told CPC that it "appreciate[d]

10    you letting us know the scope of your requests.  Knowing that CPC is looking for a handful of

11    documents, as opposed to hundreds or thousands, is very helpful."  (DE 34-1 at 2-3.)

12    CPC also informed Apple during the meet and confer and at oral argument that Apple

13    had likely produced documents responsive to the requests in this action in the Texas Action, so

14    it could simply reproduce those documents in this action under the Stipulated Protective Order

15    that the parties submitted in this action.  (DE 34 at 3; 39 at 7:7-25.)[22]  Additionally, at oral

16    argument, CPC explained that the descriptor "sufficient to show" strictly limited the requests,

17    which could be responded to with a single document or handful of documents and that, without

18    knowing what documents were available, Apple was in the best position to determine what

19    documents showed the accused technology.  (DE 39 at 6:16-7:8.)[23]  Indeed, numerous courts

20

21    _____

      [22] "Apple has produced a fair amount of documents in the Texas action using the same kind of

22    language, 'sufficient to show,' and in some cases I believe we asked for all documents.  So, this
      isn't a situation where Apple doesn't know what we are asking for.  They, in fact, have produced

23    responsive documents in another action.  We just can't use it in th[is] action because of the
      protective order.  And, so, I even suggested during the meet and confer just reproduce. . . what's

24    responsive that you've produced in [in] this action, and if have an issue, we'll let you
      know, but we are nog looking for a large amount of data here."

25    [23] "[T]his was something we did discuss briefly during the parties' meet and confer, and I
      explained that we weren't looking for thousands of documents.  It may be that one document is

26    sufficient to show.  I don't know how Apple maintains its documents.  I don't know what is
      available.  So, it's difficult for me to say please produce schematics for this because I don't know

27    if schematics exist.  Please produce some sort of particularized style of technical document
      because, again, I don't know what exists.  And, so, without any additional information from

28    Apple, the best way to come up with a way to narrow the request other than asking for all
      documents, which we don't do, is to say just show us sufficient to describe, sufficient to show

                                                    17

have recognized that the descriptor "sufficient to show" is not unduly burdensome, particularly when compared to requests for "all" responsive documents.[24]  *See, e.g., Lights Out Holdings, LLC v. Nike, Inc.*, 14-cv-872, 2015 WL 11254687, at *4 (S.D. Cal. May 28, 2015) (request was not "unduly burdensome because it is limited to 'documents sufficient to show' . . . rather than 'all documents'"); *Cole v. Asurion Corp.*, No. CV 06-6649 PSG (JCX), 2009 WL 10669761, at *10 (C.D. Cal. Aug. 4, 2009) (granting motion to compel production of documents with descriptor "sufficient to show" as to relates to several broad categories of documents, including revenue, number of subscribers, expenses, costs, and reviews).

The Court did not acknowledge that CPC addressed each of the issues raised by Apple during the parties' meet and confer nor did it acknowledge that Apple has not supported any of its arguments with admissible evidence.  For example, during the parties' meet and confer, Apple informed CPC that there is no "Secure Application" and suggested that CPC's reference to "Secure Application" in its requests probably was meant to refer to the "Secure Enclave."  (DE 34 at 6 (requests 10, 11); DE 34-4; Goodrich Decl., ¶ 4.)  CPC agreed and revised its requests. (DE 34 at 6; 34-4; Goodrich Decl., ¶ 4.)  Apple has not raised any further dispute with respect this issue.  (Goodrich Decl. ⁋ 4.)

During the parties' meet and confer, Apple argued that the requests were overbroad because they implicated the entire functionality of the Apple electronic devices at issue and suggested that certain requests be revised to focus on the functionality of Face ID and Touch ID in those devices.  (DE 34 at 4-6 (Requests 3, 6, 8, & 9-13); DE 34-4; Goodrich Decl., ¶ 5.)  CPC agreed and revised its requests.  (DE 34 at 4-6 (Requests 3, 6, 8, & 9-13); DE 34-4; Goodrich Decl., ¶ 5.)  Apple has not raised any further dispute with respect this issue.  (Goodrich Decl. ⁋ 5.)

Finally, the Report did not acknowledge the further representations and agreements that CPC made during oral argument regarding the relevant time period of the requests going back to

---

the functionality of the matching and face ID or the matching and fingerprint ID.

[24] Apple has used the descriptor "sufficient to show" in its own discovery to third parties and, thus, can hardly contend that it is unclear on what that descriptor means or that it is inherently burdensome.  (DE 6-5 at 5 & 6.)

MEMORANDUM OF POINTS AND AUTHORITIES
CASE NO. 5:21-MC-80091-JST

only 2017[25]—an issue that Apple never raised during the parties' meet and confer—or that Apple had raised new issues for the first time in its brief, which it failed to raise during the parties' meet and confer. This left CPC in the position of having to address new issues at oral argument, which Apple should have raised during the parties' meet and confer. CPC nonetheless agreed during oral argument to limit the requests to 2017 to the present (DE 39 at 7:10-18), that request number 1 would seek only stored data (DE 39 at 7:18-25), and that CPC would not use protected information produced under the Stipulated Protective Order in Germany without first checking in with the Magistrate Judge and obtaining approval that sufficient protections were in place in Germany (DE 39 at 18:21-19:2). In sum, Apple created a situation where it told CPC about issues with the requests during the meet and confer, CPC then addressed the issues, only to have Apple raise new issues for the first time in its letter brief to justify its refusal to agree to respond to the requests. CPC then addressed those issues at oral argument, but its Petition was still denied. That denial overlooked all of this and, for this and all of the other reasons stated herein, was error.

## V.    **CONCLUSION**

In light of the foregoing, CPC respectfully requests the Court sustain CPC's objections, reject the Report and Recommendation, and grant the Petition.

Respectfully submitted,

**K&L GATES LLP**

Dated: July 29, 2022

By: /s/ *Zachary T. Timm*

Christina N. Goodrich
George C. Summerfield
Zachary T. Timm
*Attorney for Petitioner*
*CPC Patent Technologies PTY Ltd.*

---

[25] DE 39 at 7:10-18 ("One of the things that was raised for the first time in the brief that we exchanged yesterday was the time limitations. That was never raised during the meet and confer. We'll limit the time. . . . we can limit it going back to 2017, which is a reasonable imitation given the time that the face ID came into being and fingerprint I think went back to 2013. But that's one limitation that we're additionally willing to come up with.")