Christina N. Goodrich (SBN 261722)
christina.goodrich@klgates.com
Zachary T. Timm (SBN 316564)
zach.timm@klgates.com
**K&L Gates LLP**
10100 Santa Monica Boulevard
Eighth Floor
Los Angeles, California 90067
Telephone: 310.552.5000
Facsimile: 310.552.5001

George C. Summerfield (#P40644)
**K & L GATES LLP**
70 West Madison Street Suite 3300
Chicago, Illinois 60602
Tel: +1 312 807 4376
F: +1 312 827 8000
George.summerfield@klgates.com

Attorneys for Petitioner CPC Patent Technologies PTY Ltd.

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| In The Matter of an ex parte Petition for Judicial Assistance Pursuant to 28 U.S.C. § 1782, by<br><br>CPC Patent Technologies PYT Ltd.,<br><br>Petitioner,<br><br>In support of legal proceedings in the Federal Republic of Germany | CASE NO.: 5:21-mc-80091-JST<br><br>[Assigned to the Hon. Jon S. Tigar, Courtroom 6, Oakland]<br><br>**DECLARATION OF CHRISTINA N. GOODRICH IN SUPPORT OF CPC PATENT TECHNOLOGIES PTY LTD.'S OBJECTION TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND MOTION FOR DE NOVO DETERMINATION OF DISPOSITIVE MATTER REFERRED TO MAGISTRATE JUDGE PURSUANT TO FED. R. CIV. P. 72 AND N.D. CAL. R. 72-3**<br><br>Hearing Date:    October 27, 2022<br>Time:               2:00 p.m.<br>Courtroom:       6<br><br>*[Filed concurrently with CPC's Motion for De Novo Review; and [Proposed] Order]* |

1

**DECLARATION OF CHRISTINA N. GOODRICH**

I, Christina N. Goodrich, declare as follows:

1. I am an attorney duly authorized to practice law before the courts of the State of California and this Court. I am a partner with the law firm of K&L Gates LLP ("K&L Gates" or the "Firm"), attorneys for Petitioner CPC Patent Technologies PTY Ltd. ("CPC") in the above-captioned matter. I am familiar with the file in this matter, including all filings, correspondence, and evidence, all of which are maintained in the Firm's records in the ordinary course of business. I have personal knowledge of the facts set forth herein and could, and would, testify competently thereto if called upon to do so.

2. During the June 29, 2022 zoom hearing before Magistrate Judge Cousins, the Magistrate asked the parties if they had met and conferred to try to resolve their dispute over the discovery requested in CPC's Petition. I stated that the parties had not yet done so. Magistrate Judge Cousins asked the parties to meet and confer to try to resolve their dispute and agree upon discovery to be provided in response to the requests in the Petition.

3. During the hearing, Apple's counsel raised concerns about protecting the confidentiality of any documents produced in response to CPC's requests. Magistrate Judge Cousins then suggested the parties negotiate a stipulated protective order to address those confidentiality concerns. The Parties thereafter met and conferred pursuant to Magistrate Judge Cousins's order.

4. During my meet and confer with Apple's counsel, Mr. Seth Sproul and Mr. Anthony Van Nguyen, I was told that there is no "Secure Application" and it was suggested that CPC's reference to "Secure Application" in its requests 10 and 11 probably was meant to refer to the "Secure Enclave." CPC agreed to revise its requests and Apple has not raised any further dispute with respect this issue.

5. During my meet and confer with Apple's counsel, they argued that the requests were overbroad because they implicated the entire functionality of the Apple electronic devices at issue and suggested that certain requests (3, 6, 8, & 9-13) be revised to focus on the functionality of Face ID and Touch ID in those devices. CPC agreed and revised its requests

and Apple has not raised any further dispute with respect this issue.

6. During my meet and confer with Apple's counsel, they identified only 5 requests to which they believed the responsive information may be primarily source code, but that they would check to see if responsive non-source code documents were available to be produced. To date, Apple has not confirmed whether such non-source code documents are available nor provided any further detail to CPC that would help it determine whether it could revise the requests in a way to seek documents relating to the functionality at issue that did not call for the production of source code.

7. Given that I do not know how Apple maintains its documents or the universe of documents available that are potentially responsive, I must rely on Apple to establish with evidence *why* and *how* the requests are potentially unduly intrusive or burdensome. To date, Apple has not done so.

8. Attached hereto as Exhibit A is a true and correct copy of the Docket for the matter of *CPC Patent Technologies PTY Ltd. v. Apple, Inc.*, (the "Texas Action") as of July 29, 2022, which was first filed in the Western District of Texas with a Case No. 6:21-cv-00165, and which was subsequently transferred to the Northern District of California at Case No. 5:22-cv-02553-EJD.

9. Attached hereto as Exhibit B is a true and correct copy of the Protective Order entered in the Texas Action, which is also available at Docket Entry 39-1 in that action.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 29th, 2021, in Los Angeles, California

*Christina N. Goodrich*
Christina N. Goodrich