1 | Seth M. Sproul (CA Bar No. 217711); sproul@fr.com
FISH & RICHARDSON P.C.
2 | 12860 El Camino Real, Suite 400
San Diego, CA 92130
3 | Telephone: (858) 678-5070
Facsimile: (858) 678-5099
4 |
Tony Nguyen (TX Bar No. 24083565); nguyen@fr.com
5 | Admitted Pro Hac Vice
FISH & RICHARDSON P.C.
6 | 1221 McKinney Street, Suite 2800
Houston, TX 90067
7 | Telephone: (713) 654-5300
Facsimile: (713) 652-0109
8 |
Attorneys for Respondent
9 | APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(SAN JOSE DIVISION)

| | |
|---|---|
| In The Matter of an *ex parte* Petition for Judicial Assistance Pursuant to 28 U.S.C. § 1782, by<br><br>CPC Patent Technologies PTY Ltd.,<br><br>Petitioner,<br><br>In support of legal proceedings in the Federal Republic of Germany | Case No. 5:21-mc-80091-JST (NC)<br><br>**RESPONDENT APPLE INC.'S RESPONSE/OPPOSITION TO PETITIONER'S OBJECTION TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND MOTION FOR *DE NOVO* DETERMINATION OF DISPOSITIVE MATTER REFERRED TO MAGISTRATE JUDGE**<br><br>Judge: Honorable Jon. S. Tigar; Courtroom 6<br><br>Hearing: October 27, 2022; 2:00pm |

## I. INTRODUCTION

Pursuant to Fed. R. Civ. P. 72, N.D. Cal. R. 72, and 28 U.S.C. § 1782(a), Respondent Apple Inc. ("Apple") opposes Petitioner CPC Patent Technologies Pty Ltd.'s ("CPC") Objection to Magistrate Judge's Report and Motion for *de novo* Determination of Dispositive Matter Referred to Magistrate Judge Pursuant to Fed. R. Civ. P. 72 and N.D. Cal. R. 72-3 (the "Motion"). CPC's § 1782 petition requests issuance of a subpoena for Apple's highly confidential information relating to Apple's Touch ID and Face ID technology for use in an as-yet-to-be-filed German patent infringement action. The targeted Apple technology provides the core security features for users on Apple devices and represents especially sensitive information. CPC seeks this information with no actual case on file and with no existing protections in place in Germany.

In his Report and Recommendation ("R&R"), Magistrate Judge Nathanael Cousins properly weighed the *Intel* factors and correctly identified four separate grounds on which to reject CPC's § 1782 application. Apple requests the Court adopt Judge Cousins' R&R and deny CPC's § 1782 application.

## II. FACTUAL BACKGROUND

Apple adopts Judge Cousins' Factual Background (ECF No. 36 at 2) with one minor clarification. Judge Cousins stated that "[i]n its April 2021 application, CPC stated that it intends to file a separate suit for patent infringement—involving the '705 Patent—against Apple in Germany." ECF No. 36 at 2. At present, CPC has not identified which patent(s) it intends to assert in Germany, only that it "correspond[ed] to the '705 patent." ECF No. 1-1 at 2. Apple thus remains unaware of the scope of CPC's potential case in Germany. And CPC has made no representations that it will assert only this one patent corresponding to the '705 patent and not others.

## III. PROCEDURAL BACKGROUND

Apple adopts Judge Cousins' Procedural Background (ECF No. 36 at 1-2) with one clarification relating to CPC's alleged narrowing of the scope of its discovery. CPC filed its initial § 1782 application on April 22, 2021 but did not revise any of its requests until June 30,

1  2022, after 14 months of litigation and an appeal to the Ninth Circuit, when Judge Cousins
2  ordered the parties to meet and confer.  These were neither timely nor meaningful reductions in
3  the scope of the discovery sought by CPC.  Instead, these were minor modifications prompted by
4  a request from the Court.  Judge Cousins properly assessed the scope of these requests and found
5  them overly broad and unduly burdensome.

## IV. LEGAL STANDARD

A district judge reviews *de novo* a magistrate judge's order denying a § 1782 application. *See CPC Patent Techs. PTY Ltd. v. Apple, Inc.*, 34 F.4th 801, 810 (9th Cir. 2022) ("We leave it to the district court to determine in the first instance whether, applying a de novo standard, the magistrate judge's reasons for denying discovery withstand scrutiny, and whether this case would benefit from further analysis and review by the magistrate judge.").

Even if the § 1782 statutory requirements are met, a "district court is not required to grant the application, but instead retains discretion to determine what discovery, if any, should be permitted." *Cryolife, Inc. v. Tenaxis Medical, Inc.*, No. C-08-05124, 2009 WL 88348, at *1 (N.D. Cal. Jan. 13, 2009).  The Court may deny relief under § 1782 if, upon application of the discretionary *Intel* factors, find they weigh against granting such relief.  *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 264, 266 (2004) ("Having held that § 1782(a) authorizes, but does not require, discovery assistance, we leave it to the courts below to ensure an airing adequate to determine what, if any, assistance is appropriate.").

## V. ARGUMENT

### A. Apple Could be a Party in the Foreign Proceeding

Judge Cousins' R&R found the first three *Intel* factors to be neutral in totality.  *See* ECF No. 36 at 4 ("The first three *Intel* discretionary factors are neutral and do not weigh in favor of or against granting CPC's application….").  However, the R&R noted that Apple "could be ordered to produce discovery through that [German] proceeding" based on it being a party to that proceeding, thus making "the first *Intel* factor weigh[] against granting CPC's § 1782 application."  ECF No. 36 at 4 n1.  CPC argues that "***Apple, Inc. would not be a participant in the German Action***," but this emphatic statement rings hollow because CPC has yet to file its

German action. Motion at 7 (emphasis in original). While CPC states that its intent is to file its German action against an Apple foreign affiliate, the reality is that without an action filed, it is unclear whether Apple will be a party in the foreign proceedings. *See* ECF 1-1 at 2 ("CPC *intends* to file suit for patent infringement against Apple Retail Germany B.V. & Co. KG in Germany….") (emphasis added). Even if CPC does not initially name Apple as a party, it is conceivable that CPC could later attempt to bring Apple into the case directly as a named party or seek documents from Apple as it did here. Judge Cousins properly considered the first *Intel* factor and determined it weighs against CPC's application.

### B. The Value and Confidentiality of the Apple Information Sought Makes CPC's Requests Unduly Intrusive

CPC, by its own admission, is seeking information at the heart of Apple's biometric technologies, which secure user's phones and allow access to their most confidential information. *See* Motion at 1 ("Specifically, CPC seeks approval from the Court to serve 15 requests on Apple for documents relating to the functionality of biometric security that it uses on certain Apple electronic devices—namely, Face ID and Touch ID—which CPC contend infringe its patents directed to biometric security technology."). CPC's requests should be rejected because the biometric information CPC seeks is highly confidential information underlying Apple's secure Face ID and Touch ID technology. *See Intel,* 542 U.S. at 265 ("Also, unduly intrusive or burdensome requests may be rejected or trimmed."). Apple designs its hardware and software related to Face ID and Touch ID with secure, identity protection in mind.

Underscoring the sensitivity of the information sought by CPC, CPC's requests implicate Apple source code. Motion at 9 ("CPC agreed not to seek source code ***unless no other responsive information as available***….") (emphasis added). Because of its ability to be readily implemented into a competing product without any changes, source code is the most coveted information at a technology company like Apple. *See Via Vadis Controlling GmbH v. Skype, Inc.*, No. 12-MC-193, 2013 WL 646236, at *3 (D. Del. Feb. 21, 2013) (denying Via Vadis' 1782 petition for "source code and other core technical documents" as unduly burdensome because "[s]ource codes are the most sensitive and confidential property of Respondents. When disclosed

in U.S. litigation, extreme measures are ordered to protect their confidentiality."). While Apple's most sensitive technical information is housed in source code, the source code CPC may be seeking here is of even heightened sensitivity because it pertains to the hardware, such as the Secure Enclave, that Apple uses to protect its users' biometric information. *See* Apple Platform Security (available at https://help.apple.com/pdf/security/en_US/apple-platform-security-guide.pdf) ("The Secure Enclave also provides the foundation for the secure generation and storage of the keys necessary for encrypting data at rest, and it protects and evaluates the biometric data for Face ID and Touch ID."). As such, Judge Cousins properly identified CPC's request for Apple's high-value information as being unduly intrusive. ECF No. 36 at 4 ("Given the high value of such information, this broad request is unduly intrusive and burdensome even if produced subject to a protective order.").

### C. A U.S. Protective Order Remains Insufficient Protection

CPC argues extensively that a protective order adequately protects Apple's highly confidential information, but that is not so. CPC's §1782 proceeding seeks Apple's information, including source code, for use in a proceeding outside of the U.S. Once out of the country, neither Apple nor the court issuing a protective order would have control of what happens to Apple's information. Specifically, because CPC has not yet filed a case in Germany, there is no way to assess the safeguards the German court may or may not offer for Apple's confidential information in this situation. *See Baxalta Inc. v. Genetech, Inc.*, No. 16-mc-80087, 2016 WL 11529803, at *8 (N.D. Cal. Aug. 9, 2016) (granting Genentech's motion to quash Baxalta's 1782 subpoena because it was unclear whether Baxalta, or the Japanese court, could "adequately protect Genentech's confidential information encompassed by the subpoenas in the Japanese Action."). Under the facts here, with this many unknowns, "it is uncertain whether this highly sensitive technology can be protected in the case of inadvertent or intentional disclosure." ECF No. 36 at 5.

CPC's counsel attempted to supplement the stipulated protective order with representations made to the Magistrate Court during oral arguments, but those suffer from the same limitation as the protective order itself—though offered in good faith, they are not

enforceable in a foreign court. Without a case filed in Germany, it is unknown who CPC's counsel will be and whether U.S. counsel will be involved at all. Even if U.S. counsel's firm appears in the German action, a German court need not credit representations previously made by U.S. counsel. CPC's counsel's representations at the discovery hearing to Judge Cousins do not offer any real protection to Apple or its crown jewel information overseas.[1]

Additionally, CPC repeatedly identifies the protective order as "stipulated" (Motion at 4, 9, 10 n.10, 11, 12, 13, 15, 17, 19), but clarification is necessary on three grounds. **First**, the protective order was never entered. As Judge Cousins noted, the proposed protective order was mooted by his denial of CPC's petition. *See* ECF No. 36 ("Because the Court recommends denying the application, it does not reach the proposed protective order, ECF 33."). **Second**, while the parties filed a proposed protective order with the joint letter brief, this was by Court order. *See* ECF No. 30 ("Joint discovery letter brief, not to exceed 10 pages, double spaced, plus proposed orders and proposed protective orders due 7/6/2022."). By agreeing to a proposed protective order Apple did not concede that such a protective order was sufficient to protect its information in Germany. **Third**, Apple maintains its objection to CPC's requests at issue in this petition, regardless of whether a protective order is entered. Stipulation to the protective order was not an agreement to produce information in response to CPC's petition. Apple made that point clear in the letter brief filed with the proposed protective order. *See* ECF No. 34 at 7 ("Apple opposes CPC's § 1782 petition"); *see id.* at 8 ("Requiring Apple to produce highly confidential information, including source code, in response to CPC's § 1782 petition is unduly

---

[1] CPC states that Apple's Face ID and Touch ID technology are either not valuable/confidential or lack proof of any value/confidentiality. *See* Motion at 11 ("The Report nonetheless contends that '[t]he hardware and software for Apple's secure facial recognition and touch identification technology is highly sensitive and central to its business,' but cites to no evidence to support this conclusion."); *see also* Motion at 11-12 ("Finally, the Report's conclusion that the requests seek 'high value' information from Apple is also unsupported. Apple has not put forth any evidence to support this conclusion."). The fact that Apple's Face ID and Touch ID are valuable and their technical underpinnings are confidential should not be in dispute – CPC is currently suing Apple for money damages and seeking confidential technical documents and source code to support its case. *See CPC Patent Technologies PTY Ltd. v. Apple, Inc.,* 5:22-cv-02553-EJD (N.D. Cal.).

intrusive and burdensome."). Apple only agreed to the proposed protective order as one layer of protection should the Court grant CPC's petition.[2]

Apple therefore requests the Court adopt Judge Cousins finding that CPC's request for Apple's highly sensitive information lacks sufficient safeguards and is thus unduly burdensome. ECF No. 36 at 5 ("Even with the parties' protective order and CPC's assurances of confidentiality, the Court does not have jurisdiction to enforce protection of Apple's confidential information in Germany….").

### D. Apple's Publicly Available Information on Face ID and Touch ID Confirm That CPC's Requests Are Duplicative and Unduly Burdensome

Apple publishes detailed whitepapers on the underlying operations in its Touch ID and Face ID technology. For example, Apple published a 219-page whitepaper in May 2021 titled Apple Platform Security that describes the protection and flow of user identity information through Apple products. *See* https://help.apple.com/pdf/security/en_US/apple-platform-security-guide.pdf (updated May 2022 version). For example, it shows and describes components used in its biometric processing:



*Id.* at 9. The Apple Platform Security document is so detailed that CPC heavily relied on it for its motion for summary judgment - CPC cited it 12 separate times in its motion for summary

---

[2] Notably, the parties' proposed protective order does not include source code protections, but only an agreement that the parties will negotiate a source code addendum. *See* ECF No. 33 at 16 ("If source code becomes subject to production in this action and the German Proceedings, the parties will negotiate a separate source code addendum to this Protective Order."). Consequently, Apple is currently unaware of what source code protections it will be afforded or if CPC will object to Apple's proposed protection, requiring judicial assistance.

judgment of infringement **on just one claim**.  See *CPC Patent Technologies PTY Ltd. v. Apple, Inc.,* 5:22-cv-02553-EJD (N.D. Cal.), ECF No. 89 at 6, 7, 8, 9, 10, 11, 12, 14.  CPC cannot reconcile its stated need for highly confidential documents to bring its German lawsuit with the fact it filed a summary judgment motion for infringement based almost entirely on Apple's publicly available documents.

CPC argues that Judge Cousins "improperly shifted the burden to CPC to establish that publicly-available information was insufficient" for its purposes.  Motion at 15-16.  But this is a strawman argument built on mischaracterization of Judge Cousins' findings.  CPC cannot divorce § 1782 from the context of the Federal Rules' requirements for proportional discovery.  Indeed, the statutory language of § 1782 makes clear that "[t]o the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure."  28 U.S.C. § 1782(a).  The Federal Rules of Civil Procedure state that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and ***proportional to the needs of the case***, considering the importance of the issues at stake in the action, the amount in controversy, ***the parties' relative access to relevant information***, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1) (emphasis added).  CPC has not demonstrated that it needs information beyond Apple's publicly available documents.  Moreover, CPC already has access to this relevant public documentation based on its reliance on it for its own summary judgment purposes.  Judge Cousins thus properly found that CPC's request for Apple's highly sensitive information was unduly burdensome because it failed to show why Apple's publicly available information was not sufficient.  ECF No. 36 at 5 ("Third, CPC has not demonstrated that Apple's publicly available information regarding Face ID and Touch ID technology is insufficient for it to determine whether it has grounds to file suit in Germany.").

### E.  CPC's Requests Remain Too Numerous and Vague

In his first denial on April 27, 2021, Judge Cousins denied CPC's § 1782 petition because, in part, CPC requested documents in 15 broad categories using vague "sufficient to

show" language.  *See* ECF No. 5 at 3 ("Although each category is limited to documents 'sufficient to show' different attributes, rather than 'all' documents related to each attribute, the Court finds that this 'sufficient to show' descriptor is undefined and is likely to lead to unduly burdensome discovery.").  Fourteen months later, CPC's requests still stand at 15 categories and still use the same vague "sufficient to show" language combined with overly broad and unduly burdensome request language.  *See* ECF No. 34-4.

Although CPC purports to have narrowed is requests, it did not meaningfully do so.  This is not a narrowly tailored set of requests, but instead a broad demand for Apple's technical documentation relating not only to its Touch ID and Face ID features, but also to features and hardware unrelated to the '705 patent.  *See In re Ex Parte Application of Qualcomm Inc.*, 162 F.Supp.3d 1029, 1043 (N.D. Cal. 2016) ("Requests are unduly intrusive and burdensome where they are not narrowly tailored, request confidential information and appear to be a broad 'fishing expedition' for irrelevant information.").  CPC's requests are not tied to specific claim language, but instead seek the full breadth of technical information underlying Face ID and Touch ID.  In some instances, CPC's request go far afield and seek information on features unrelated to the '705 patent.  For instance, request nos. 10 and 11 focus on the Secure Enclave processor, which is not implicated by any accusation relating to the '705 patent, but instead is directed to functionality accused of infringing a separate CPC patent ostensibly not at issue in the anticipated German action.  *See* ECF No. 34-4 at 1.  Similarly, CPC's request nos. 8 and 9 seek broad information related to the functionality of the Apple's Application Processor, Apple's primary processor in its iOS devices and which only has a minimal connection to any feature accused of infringing the '705 patent.  *Id*.  Finally, without knowing which patents and which claims CPC will assert, Apple is left guessing as to the requests' relevance and objectionable scope.

While Apple appreciates that "sufficient to show" language can be narrowing in the correct context, when paired with the remaining language of CPC's various requests and in their totality, the requests remain overly broad.  Neither the Court nor Apple would know when Apple's discovery obligation has been met. ECF No. 39 at 6:7-13 ("So, Ms. Goodrich, let me

start with you.  Why is that method of requesting not a burdensome one.  And my concerns are how Apple will know that it's satisfied your request, how you will know that the request has been satisfied and then, thirdly, how the Court will know that the responses are satisfactory and being sufficient to describe a particular item as being requested.").  As such, Judge Cousins properly identified CPC's allegedly narrowed requests as still too vague and unduly burdensome. *See* ECF No. 36 at 5 ("On this second review, CPC still does not explain why 'sufficient to show' is the necessary descriptor. Thus, the Court again finds the descriptor vague, cumbersome, and unduly burdensome.").

## VI. CONCLUSION

For the reasons stated above, Apple requests the Court adopt Judge Cousins' Report and Recommendation and deny CPC's § 1782 application.[3]

Dated:  August 12, 2021　　　　　　　FISH & RICHARDSON P.C.

By:  */s/ Seth M. Sproul*
Seth M. Sproul
Tony Nguyen

Attorneys for Respondent
APPLE INC.

---

[3] Apple reserves the right to move to quash CPC's requests should the Court grant any part of CPC's § 1782 application and a subpoena be issued.