UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CPC PATENT TECHNOLOGIES PTY LTD., <br><br>Plaintiff, <br><br>v. <br><br>APPLE, INC., <br><br>Defendant. | Case No. 21-mc-80091-JST <br><br>**ORDER GRANTING MOTION FOR DE NOVO DETERMINATION OF DISPOSITIVE MATTER REFERRED TO MAGISTRATE JUDGE** <br><br>Re: ECF Nos. 36, 41 |

Before the Court is Plaintiff CPC Patent Technologies PTY Ltd. ("CPC")'s objection to Magistrate Judge Nathanael Cousins's report and recommendation and motion for de novo determination of dispositive matter referred to a magistrate judge. ECF No. 41. The report and recommendation addresses CPC's application for discovery assistance pursuant to 28 U.S.C. § 1782. The Court grants CPC's motion and sustains CPC's objection to Judge Cousins's report and recommendation.

**I.      BACKGROUND**

   **A.      Factual Background**

CPC is the owner by assignment of patents covering biometric security for electronic devices. ECF No. 41 at 8. Apple, Inc. is a corporation with its headquarters in Cupertino, California. ECF No. 1-1 at 4. Apple manufactures and sells electronic devices – like iPhones, iPads, and computers – with biometric security technology that Apple calls "Face ID" and "Touch ID." ECF No. 41 at 8. CPC filed an action in the Western District of Texas against Apple that alleges Face ID and Touch ID, and the devices that contain this technology, infringe CPC's patents, including U.S. Patent 9,665,705 ('705 Patent) (the "United States Action"). *Id.* The lawsuit was recently transferred to this district. *See CPC Patent Tech. PTY Ltd. v. Apple, Inc.*, 22-cv-02553-EJD (N.D. Cal.). CPC also intends to file a lawsuit against Apple's German subsidiary,

1 Apple Retail Germany B.V. & Co. KG ("Apple Retail Germany"), for infringement of the German

2 equivalent of the '705 Patent.  ECF No. 41 at 8.

### B. Procedural History

On April 22, 2021, CPC filed an ex parte application to obtain discovery from Apple so that it could file a patent infringement lawsuit against Apple Retail Germany in Germany. *Id.* at 8-9; *see also* ECF Nos. 1; 1-1.  CPC's application seeks to serve Apple with a subpoena duces tecum containing 15 requests for production of documents related to Apple's Face ID and Touch ID technology.  ECF No. 41 at 9.  CPC claims that the requested documents are "key to uncovering the extent to which Apple's Touch ID and Face ID, and accompanying devices, infringe CPC's biometric security patents." *Id.*  CPC also claims that many of the documents responsive to its subpoena have been produced in the United States Action, but those documents cannot be used to file a lawsuit in Germany because they were produced pursuant to a protective order that limits their use. *Id.*

On April 27, 2021, Magistrate Judge Nathanael Cousins denied CPC's ex parte application for discovery.  ECF No. 5.  Judge Cousins found that CPC met Section 1782's statutory requirements because (1) Apple's headquarters is within the Northern District of California; (2) CPC requests discovery so that it may file a patent infringement lawsuit in Germany; and (3) CPC is an "interested person" because it would be a plaintiff in the potential German lawsuit.  *Id.* at 3. He then reviewed CPC's application using the "factors that bear consideration in ruling on a § 1782(a) request" set forth in *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264 (2004):

> (1) whether the person from whom the discovery is sought is a participant in the foreign proceeding;
> (2) the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government, court, or agency to U.S. federal court judicial assistance;
> (3) whether the request is a concealed attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the U.S.; and
> (4) whether the discovery is unduly intrusive or burdensome.

ECF No. 5 at 2 (listing factors from *Intel*, 542 U.S. at 264-65).  He found that CPC's application should be denied because the proposed discovery was "unduly intrusive" and "burdensome."  ECF

2

No. 5 at 3. Specifically, Judge Cousins found that CPC's 15 document requests asking for documents "sufficient to show" were overly broad because the "'sufficient to show' descriptor is undefined and is likely to lead to unduly burdensome discovery." *Id.* Judge Cousins also noted that he "disfavors granting an ex parte discovery application when the parties involved are able to discuss and negotiate information sharing in an already established venue." *Id.*

On April 29, 2021, CPC moved this Court for de novo review of Judge Cousins's order. ECF No. 6. In deciding the motion, the Court followed "other courts in this district that have concluded that the proper standard of review is for clear error, rather than de novo" and applied a clear error standard of review. ECF No. 15 at 1. The Court then upheld Judge Cousins's order, finding that it was not clearly erroneous or contrary to law. *Id.* at 1-2.

CPC appealed the Court's decision to the Ninth Circuit, which vacated and remanded, holding that this Court should have reviewed Judge Cousin's order de novo because "the magistrate judge was deciding a dispositive matter." *CPC Patent Techs. PTY Ltd. v. Apple, Inc.*, 34 F.4th 801, 805, 810 (9th Cir. 2022). Upon remand, this Court referred CPC's application back to Judge Cousins for a report and recommendation. ECF No. 22.

On July 15, 2022, Judge Cousins recommended that CPC's application be denied. ECF No. 36 at 5-6. Judge Cousins again found that CPC met the three statutory requirements under Section 1782. *Id.* at 3-4. However, Judge Cousins recommended denying the application because he found that the fourth *Intel* factor – whether discovery is unduly intrusive and burdensome – weighed against granting the application, for four reasons. *Id.* at 4-5. First, CPC's broad subpoena seeks highly confidential information "central to Apple's product" such that even if a protective order governed the information, the subpoena would remain unduly intrusive and burdensome. *Id.* at 4. Second, "there are insufficient safeguards to protect the confidentiality of the discovered information in Germany" because the Court does not have jurisdiction to enforce its protective orders in Germany and there is not yet a pending case in Germany. *Id.* at 5. Third, "CPC has not demonstrated that Apple's publicly available information regarding Face ID and Touch ID technology" – such as "various articles outlining [Apple's] work in facial recognition and touch identification" – "is insufficient for [CPC] to determine whether it has grounds to file

3

suit in Germany." *Id.* Finally, Judge Cousins again found that CPC's "sufficient to show" discovery request was "too vague and cumbersome to enforce." *Id.*[1]

## II. JURISDICTION

The Court has subject-matter jurisdiction specially conferred by 28 U.S.C. § 1782, and it has personal jurisdiction over this case because Apple's headquarters is in the Northern District of California. *In re Letter Rogatory from Loc. Ct. of Ludwigsburg, Fed. Republic of Germany in Matter of Smith*, 154 F.R.D. 196, 199 (N.D. Ill. 1994).

## III. LEGAL STANDARD

Section 1782 permits district courts to order discovery for use in foreign proceedings pursuant to a request where: "(1) the person from whom the discovery is sought 'resides or is found' in the district of the district court where the application is made; (2) the discovery is 'for use in a proceeding in a foreign or international tribunal'; and (3) the application is made by a foreign or international tribunal or 'any interested person.'" *Khrapunov v. Prosyankin*, 931 F.3d 922, 925 (9th Cir. 2019) (citations omitted).

Even if an application satisfies the statutory requirements, the district court retains substantial discretion in deciding whether to grant or deny the request. *Intel*, 542 U.S. at 260-61. In making this determination, courts consider the *Intel* factors identified *supra* in Judge Cousins's order. ECF No. 5 at 2; *Intel*, 542 U.S. at 264-65. The Court is also guided by Section 1782's twin aims to "provid[e] efficient assistance to participants in international litigation and encourag[e] foreign countries by example to provide similar assistance to our courts." *Intel*, 542 U.S. at 252 (citation omitted).

## IV. DISCUSSION

### A. Statutory Requirements

The Court agrees with and adopts the portions of the report and recommendation

---

[1] Judge Cousins stated that the first three *Intel* factors were neutral, but also in a footnote stated that the first *Intel* factor weighed against granting the application because "Apple would be a participant to the potential German litigation and could be ordered to produce discovery through that proceeding[.]" *Id.* at 4 & n.1 (citing *Intel*, 542 U.S. at 264). As set forth below, there is no evidence that Apple would be a party to the German litigation.

1  concluding that Section 1782's statutory requirements have been satisfied, which no party

2  contests. *See* ECF No. 36 at 3-4.

### B. Discretionary Factors

Since the Court has the authority to issue CPC's requested subpoena under Section 1782, the Court now considers the four discretionary factors from *Intel*.

### 1. First *Intel* Factor

The first *Intel* factor is whether "the person from whom discovery is sought is a participant in the foreign proceeding[.]" *Intel*, 542 U.S. at 264. "The key issue is whether the material is obtainable through the foreign proceeding." *In re Med. Corp. Seishinkai*, No. 21-mc-80160-SVK, 2021 WL 3514072, at *2 (N.D. Cal. Aug. 10, 2021) (quoting *In re Ex Parte Application Varian Med. Sys. Int'l AG*, No. 16-mc-80048-MEJ, 2016 WL 1161568, at *3 (N.D. Cal. Mar. 24, 2016)); *see also Intel*, 542 U.S. at 264 ("[N]onparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid."). CPC has repeatedly indicated that it would file the German action against Apple Retail Germany and not against Apple. ECF Nos. 1-1 at 2; 43 at 4. The report and recommendation nonetheless found, without any additional explanation, that Apple "would be a participant in the potential German litigation and could be ordered to produce discovery through that proceeding[.]" ECF No. 36 at 4 n.4. Apple now relies on this finding and argues that it could be a party in the German proceeding because CPC has yet to file a lawsuit against any party and "it is *conceivable* that CPC could later attempt to bring Apple into the case directly as a named party." ECF No. 42 at 4 (emphasis added). But the only evidence in front of the Court is CPC's stated intention to file a German lawsuit solely against Apple Retail Germany. ECF No. 41 at 13. Just as "[p]etitioners need not show that litigation is pending or imminent, but must show that the proceeding is not speculative, and is more than just a twinkle in counsel's eye," *Leutheusser-Schnarrenberger v. Kogan*, No. 18-mc-80171-JSC, 2018 WL 5095133, at *3 (N.D. Cal. Oct. 17, 2018) (citation and internal quotation omitted), so must Apple offer more than pure speculation that it will be named as a party to the German proceeding. Because Apple fails to do so, this factor weighs in favor of granting CPC's petition. *See also Rainsy v. Facebook, Inc.*, 311

5

1 F. Supp. 3d 1101, 1112 (N.D. Cal. 2018) ("Facebook's argument about Applicant's intentions is speculative, and the Court will not deny the Application based on Facebook's unsubstantiated concerns that Applicant seeks to use information in another court.").

### 2. Second and Third *Intel* Factors

The second *Intel* factor instructs the Court to analyze "the receptivity of the [foreign court] . . . to federal-court judicial assistance." *Intel*, 542 U.S. at 244. And for the third *Intel* factor, the Court considers whether the application is an "attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States." *Intel*, 542 U.S. at 265. The parties do not address these factors because the report and recommendation found that the factors were neutral. Many other courts, however, have held that Germany is receptive to judicial assistance from a federal court. *See, e.g.*, *Illumina Cambridge Ltd. v. Complete Genomics, Inc.*, No. 19-mc-80215-WHO(TSH), 2020 WL 820327, at *4-5 (N.D. Cal. Feb. 19, 2020); *Palantir Techs., Inc. v. Abramowitz*, 415 F. Supp. 3d 907, 915 (N.D. Cal. 2019); *In re Ex Parte Application Varian Med. Sys.*, 2016 WL 1161568, at *4-5. Additionally, there is no evidence that a German court would not be receptive to the discovery sought by CPC or that CPC is attempting to circumvent German proof-gathering restriction. Therefore, the Court finds that these two *Intel* factors weigh in favor of granting CPC's application. *See In re Ex Parte Application Varian Med. Sys.*, 2016 WL 1161568, at *4-5 (finding that these factors weighed in favor of granting a Section 1782 petition where "[t]here [was] no evidence or case law suggesting that the [German court] would be unreceptive to the discovery" and the "[c]ourt [did] not have any reason to believe that [petitioner's] discovery request is an attempt to undermine the [German court] or its policies or proof-gathering restrictions").

### 3. Fourth *Intel* Factor

The fourth *Intel* factor considers whether the request is "unduly intrusive or burdensome." *Intel*, 542 U.S. at 265. CPC makes three arguments against the report and recommendation's conclusions on this point.

First, CPC argues that it has taken sufficient steps to mitigate Apple's concerns about protecting the confidentiality of the information CPC seeks. These steps include (1) agreeing to a

6

1    "very restrictive" stipulated protective order; (2) requiring the production of source code only if no
2    other information is available; (3) amending the protective order to include a provision on the
3    production of source code if such production becomes necessary; and (4) seeking permission from
4    Judge Cousins before using any confidential information produced pursuant to the protective order
5    in the German action.  ECF No. 41 at 15.  Apple responds that CPC's request is unduly
6    burdensome because it seeks highly confidential Apple documents, including source code.  Apple
7    explains that source code is Apple's "most coveted information" because it can be "readily
8    implemented into a competing product without any changes[.]"  ECF No. 42 at 4.  Apple adds that
9    a protective order and CPC's representation that it would seek permission from Judge Cousins
10   before using any of the produced information would not alleviate the burden because both would
11   be unenforceable in Germany.  *Id.* at 4-5.

12   　　　　CPC's subpoena requesting the production of highly confidential does not make it unduly
13   intrusive or burdensome.  Indeed, parties routinely produce source code subject to protective
14   orders in patent infringement cases.  *See, e.g.*, *OpenTV, Inc. v. Apple, Inc.*, No. 14-cv-01622-JST
15   (KAW), 2014 WL 5079343, at *2-3 (N.D. Cal. Oct. 9, 2014) (ordering that the Northern District
16   of California's model protective order provisions on source code should apply); *Dynetix Design
17   Sols., Inc. v. Synopsys, Inc.*, No. C-11-05973 PSG, 2012 WL 1232105, at *1-3 (N.D. Cal. Apr. 12,
18   2012) (same); *M Seven Sys. Ltd. v. Leap Wireless Int'l Inc.*, No. 12cv1424-CAB (BLM), 2014 WL
19   12026064, at *4-5 (S.D. Cal. Mar. 17, 2014) (ordering production of source code); *In re Facebook
20   PPC Advert. Litig.*, No. C09-03043 JF (HRL), 2011 WL 1324516, at *3 (N.D. Cal. Apr. 6, 2011)
21   (same).

22   　　　　Apple cites *Via Vadis Controlling GmbH v. Skype, Inc.*, No. CIV. A. 12-MC-193-RGA,
23   2013 WL 646236 (D. Del. Feb. 21, 2013) as denying a "[Section] 1782 petition for 'source code
24   and other core technical documents' as unduly burdensome because '[s]ource codes are the most
25   sensitive and confidential property of Respondents.  When disclosed in U.S. litigation, extreme
26   measures are ordered to protect their confidentiality.'"  ECF No. 42 at 4-5 (quoting *Via Vadis*,
27   2013 WL 646236, at *2).  Apple neglects to mention that the *Via Vadis* court denied petitioner's
28   Section 1782 petition on a number of additional grounds, including that "at least one respondent,

7

SkypeS, is a defendant in both foreign lawsuits," such that discovery could be taken from that entity directly, 2013 WL 646236, at *2; that granting the petitioner's Section 1782 request would amount to circumvention of the (unidentified) "rules and enforcement procedures" of the German courts, *id.*; and the existence of a protective order that "specifically prohibit[ed] disclosure of the source code in the proceedings in Germany and Luxembourg," *id.* at *3.  Thus, the totality of the *Intel* factors in *Via Vadis* was markedly different than it is here.  And putting those considerations to one side, if the *Via Vadis* court meant to express a bright-line rule that a court can never order production of source code in response to a Section 1782 petition, the Court disagrees with that holding, which is unsupported by authority and at odds with the practical realities of international patent litigation.  Just as "there is no source[]code exception to the production requirements of the Federal Rules" of Civil Procedure, *Drone Techs., Inc. v. Parrot S.A.*, 838 F.3d 1283, 1300 n.13 (Fed. Cir. 2016), neither is there a source code exception to Section 1782.

        The Court further finds that a stipulated protective order similar to the one already submitted by the parties will be sufficient to protect any confidential information that may be produced in response to CPC's subpoena.  The fact that the protections that would be afforded in German court are unknown does not change this conclusion.  The Court has jurisdiction over CPC and Apple, and as signatories to the protective order, they are bound by its terms.  *See Palantir Techs., Inc.*, 415 F. Supp. 3d at 917 ("The protective order binds [the parties], both of whom are clearly subject to this Court's jurisdiction.  Whether the German Court approves of the restrictions placed on the parties is irrelevant."); *see also Akebia Therapeutics, Inc. v. FibroGen, Inc.*, 793 F.3d 1108, 1112 (9th Cir. 2015) (rejecting an argument that a Section 1782 application was unduly burdensome because the court "entered a restrictive protective order to guard against disclosure").  If accepted, Apple's position – that a protective order entered by a United States district court could never effectively guard confidential information in foreign proceedings – would impede district courts' ability to achieve Section 1782's twin aims of "providing efficient assistance to participants in international litigation and encouraging foreign countries by example to provide similar assistance to our courts."  *See Intel*, 542 U.S. at 252 (citation omitted); *see also Illumina Cambridge Ltd.*, 2020 WL 820327, at *11 ("But the nature of § 1782 is that evidence produced by

8

1  it invariably ends up before a foreign proceeding; denying discovery because a foreign court does

2  not have identical protections to a U.S. court would frequently defeat the purpose of § 1782.").

3        Second, CPC argues that Section 1782 and Federal Rule of Civil Procedure 26 do not

4  require that it first demonstrate that publicly available information "was insufficient to 'determine

5  whether it has grounds to file suit in Germany.'"  ECF No. 41 at 22 (quoting ECF No. 36 at 5).

6  Specifically, CPC disagrees with Apple's contention that a review of the May 2021 report titled

7  "Apple Platform Security" would satisfy CPC's document requests.  CPC states that the report has

8  not been authenticated by Apple and Apple has not identified the document requests to which the

9  report is responsive.  CPC also highlights the inconsistency in Apple's position that the

10 information responsive to the document is so confidential that a protective order could not

11 adequately protect it, yet is also publicly available.  ECF No. 41 at 22.  Apple responds that CPC

12 relied upon a publicly available whitepaper in a motion for summary judgment filed in the United

13 States Action, and it argues that denying CPC's application is consistent with Rule 26 because

14 CPC has failed to establish that the publicly available information that it has access to is

15 insufficient to satisfy its subpoena.  ECF No. 42 at 8.

16       The Court agrees with CPC.  Section 1782 states that "the testimony or statement shall be

17 taken, and the document or other thing produced, in accordance with the Federal Rules of Civil

18 Procedure."  28 U.S.C. 1782(a).  Rule 26 states:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

24 Fed. R. Civ. P. 26(b)(1).  Apple's briefing demonstrates that the some of the information requested

25 by CPC is not publicly available or accessible to CPC.  Indeed, Apple has said both that the

26 information responsive to CPC's subpoena is publicly available and that it is highly confidential.

27 Additionally, CPC has demonstrated that the information requested is relevant to its potential

28 claims against Apple and proportional to the needs of the case because CPC claims that many of

the responsive documents likely have already been produced in the United States Action.[2] Accordingly, CPC's subpoena constitutes proper discovery under Rule 26.

Finally, CPC argues that its request is not vague because it asks for documents "sufficient to show," which CPC has indicated would require the production of only "one" or "a handful of documents" that likely have already been produced by Apple in the United States Action. ECF No. 41 at 23. Apple responds that the 15 document requests are overly broad because they ask for documents "sufficient to show" and some seek information unrelated to the '705 patent, which would leave both Apple and the Court guessing whether Apple has met its obligations under the subpoena. ECF No. 42 at 9. Apple also expresses uncertainty regarding the scope of CPC's anticipated litigation in Germany, to which CPC replies that it has been clear that it intends to file a claim for the infringement of the German equivalent of the '705 patent. *See* ECF No. 42 at 9; ECF No. 43 at 5.

The Court disagrees with Apple that the number of document requests and the use of the "sufficient to show" descriptor make the requests unduly burdensome. Apple has sufficient information to determine what the document requests require. First, CPC has defined the term "sufficient to show," and has indicated that in response to each document request Apple need only produce one or a handful of documents that it likely has already produced in the United States Action. Second, the term "sufficient to show" is commonly used in discovery requests, including by Apple in other litigation. *See, e.g.*, *In re Apple iPhone Antitrust Litig.*, Nos. 11-cv-06714-YGR (TSH), 19-cv-03074-YGR (TSH), 20-cv-05640-YGR (TSH), 2021 WL 718650, at *1 (N.D. Cal. Feb. 24, 2021) (noting that Apple served discovery requests with the "sufficient to show" descriptor); *AngioScore, Inc. v. TriReme Med., Inc.*, No. 12-cv-03393-YGR (JSC), 2014 WL 7188779, at *3-4 (N.D. Cal. Dec. 16, 2014) (ordering plaintiff to produce documents responsive to

---

[2] While the court can foresee instances where Section 1782 could be used as a stalking horse to attack a protective order issued in another matter, this does not seem to be such a case. *See Four Pillars Enters. Co. v. Avery Dennison Corp.*, 308 F.3d 1075, 1078-79 (9th Cir. 2002) (noting that there is no "rigid rule that a protective order of its own force precludes subsequent discovery under § 1782," and holding that the magistrate judge did not err when it denied petitioner's Section 1782 application where a protective order would be frustrated because the respondent "had produced extensive confidential and trade-secret material" under the protective order in the other litigation and the petitioner had been convicted of theft of trade secrets in that litigation).

1  discovery requests using the "sufficient to show" descriptor).

2  Accordingly, the Court finds that CPC's subpoena is not unduly intrusive or burdensome,

3  and thus, the fourth *Intel* factor weighs in favor of granting CPC's application.

**CONCLUSION**

For the foregoing reasons, the Court grants CPC's motion for de novo determination of dispositive matter referred to a magistrate judge and sustains CPC's objection to Judge Cousins's report and recommendation. ECF No. 36. By January 13, 2023, the parties shall submit a stipulated or competing proposed protective order(s) that include, among other things, provisions addressing the production of source code and requiring CPC to seek permission from Judge Cousins before using any information produced pursuant to the order in Germany.[3]

The Court grants CPC's Section 1782 ex parte application and orders that CPC's subpoena duces tecum may be served on Apple following entry of the protective order described above.

**IT IS SO ORDERED.**

Dated: January 3, 2023



JON S. TIGAR
United States District Judge

United States District Court
Northern District of California

---

[3] If the parties submit competing proposals, the Court will endeavor to choose, in all respects, the single proposal it concludes is most reasonable. *See* Michael Carrell & Richard Bales, *Considering Final Offer Arbitration to Resolve Public Sector Impasses in Times of Concession Bargaining*, 28 Ohio St. J. on Disp. Resol. 1, 20 (2013) ("In baseball arbitration . . . the parties . . . have every incentive to make a reasonable proposal to the arbitrator because the arbitrator will choose the more reasonable offer.").