**K&L Gates LLP**
10100 Santa Monica Boulevard
Eighth Floor
Los Angeles, California 90067
Telephone: 310.552.5000
Facsimile: 310.552.5001

Christina N. Goodrich (SBN 261722)
christina.goodrich@klgates.com
Zachary T. Timm (SBN 316564)
zachary.timm@klgates.com

**K&L Gates LLP**
70 W. Madison Street
Suite 3300
Chicago, Illinois 60602
Telephone: 312.372.1121

George Summerfield (BN P40644)
george.summerfield@klgates.com

*Attorneys for Plaintiff*
CPC Patent Technologies PTY Ltd.

Seth M. Sproul (CA SBN 217711)
*sproul@fr.com*
FISH & RICHARDSON P.C.
12860 El Camino Real, Suite 400
San Diego, CA 92130
Telephone:  (858) 678-5070
Facsimile:   (858) 678-5099

*Attorneys for Defendant*,
APPLE INC.

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In The Matter of an *Ex Parte* Petition for Judicial Assistance Pursuant to U.S.C. § 1782, by<br><br>CPC Patent Technologies PTY Ltd.,<br><br>Petitioner<br><br>In support of legal proceedings in the Federal Republic of Germany | Case No.  4:21-mc-80091-JST<br><br>**MODIFIED PROTECTIVE ORDER FOR LITIGATION INVOLVING PATENTS, HIGHLY SENSITIVE CONFIDENTIAL INFORMATION AND/OR TRADE SECRETS** |

WHEREAS Apple Inc. is expected, in response to CPC Patent Technologies PTY Ltd.'s discovery requests in the above-captioned action, to produce certain documents that may constitute trade secrets and/or other confidential research, development, business, or commercial information within the meaning of Federal Rule of Civil Procedure 26(c)(l)(G) for which special protection from public disclosure and from use for any purpose other than in this action is warranted;

WHEREAS, the Parties have already entered into a protective order of the Western District of Texas;

WHEREAS, the Parties to this action seek to establish a mechanism specific to this action to protect information produced by Apple Inc. from improper disclosure;

WHEREAS, the Parties agree that steps should be taken to allow certain data and information to be produced in Germany and in compliance with US and EU law and other applicable data protection laws and provisions;

WHEREAS, on January 3, 2023, the Court ordered: "By January 13, 2023, the parties shall submit a stipulated or competing proposed protective order(s) that include, among other things, provisions addressing the production of source code and requiring CPC to seek permission from Judge Cousins before using any information produced pursuant to the order in Germany." Order Granting Motion for De Novo Determination of Dispositive Matter Referred to Magistrate Judge (Dkt. No. 46);

NOW THEREFORE, the Parties HEREBY STIPULATE to the entry of this Modified Protective Order regarding discovery in this action.

1.     <u>PURPOSES AND LIMITATIONS</u>

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only

United States District Court
Northern District of California

to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

CPC agrees to comply with this Protective Order to safeguard Apple Protected Material in this litigation and to take all steps reasonably necessary to safeguard Apple Protected Material in the German Proceedings, including but not limited to seeking the entry of orders in the German Proceedings to effect the protections set forth herein, and to coordinate with Apple counsel in doing so.

2.    DEFINITIONS

2.1    Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2    "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3    Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

2.4    Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE."

2.5    Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation and the German Proceedings who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action or the German Proceedings, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not

anticipated to become an employee of a Party or of a Party's competitor.

2.7    <u>German Proceedings</u>: The proceedings to be initiated by Petitioner CPC Patent Technologies PTY Ltd. ("Petitioner") in Germany for patent infringement against Respondent's related entity, which at this time has been identified as Apple Retail Germany B.V. & Co. KG.

2.8    <u>"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.9    <u>"HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" Information or Items</u>: extremely sensitive "Confidential Information or Items" that contain Source Code, and the disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.10    <u>House Counsel</u>: attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.11    <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.12    <u>Outside Counsel of Record</u>: attorneys who are not employees of a party to this action or the German Proceedings but are retained to represent or advise a party to this action or the German Proceedings and have appeared in this action or the German Proceedings on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.13    <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.14    <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.15    <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.16    <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or as "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE."

2.17    <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.18    <u>Source Code</u>: any computer code, scripts, assembly, binaries, object code, source code listings (e.g., file names and path structure), descriptions of source code (e.g., descriptions of declarations, functions, and parameters), object code listings and descriptions of object code, Hardware Description Language (HDL) or Register Transfer Level (RTL) files that describe the hardware design of any ASIC or other chip, and Computer Aided Design (CAD) files that describe the hardware design of any component.

3.    <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.    <u>DURATION</u>

Even after final disposition of this litigation and the German Proceedings, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise

United States District Court
Northern District of California

in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action and the German Proceedings, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action and the German Proceedings, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.    <u>DESIGNATING PROTECTED MATERIAL</u>

    5.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

    Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

    If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

    5.2    <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of Section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure of Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

    Designation in conformity with this Order requires:

    (a) <u>for information in documentary form</u> (e.g., paper or electronic documents), that the

Producing Party affix the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE") to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

Parties shall give the other parties notice if they reasonably expect a hearing or other proceeding to include Protected Material so that the other parties can ensure that only Outside Counsel of Record and individuals otherwise authorized under this Order who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE."

Transcripts containing Protected Material shall have an obvious legend on the title page that

the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

(b) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3    Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1    Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2    Meet and Confer. The Challenging Party shall initiate the dispute resolution process

by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3     Judicial Intervention. If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party.

**MODIFIED PROTECTIVE ORDER - 4:21-MC-80091-JST**

United States District Court
Northern District of California

Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

7.    ACCESS TO AND USE OF PROTECTED MATERIAL

7.1    Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, appealing, or attempting to settle this litigation or the German Proceedings, subject to Sections 7.1(a) and 12.4(b) below. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When this litigation and German Proceedings have been terminated (whichever is later), a Receiving Party must comply with the provisions of Section 13 below (FINAL DISPOSITION).

(a)    CPC may not use any Apple Protected Material in the German Proceedings unless approved by Judge Cousins. CPC must identify such Protected Material to Apple before any such use. In the event Apple objects to the use in German Proceedings, Apple will have ten (10) business days to provide its objections to CPC. CPC will provide a response within five (5) business days of Apple's objection. The parties will meet and confer within five (5) business days of CPC's response. If unable to resolve the objection, the parties will submit a joint dispute to Judge Cousins within five (5) business days of the meet and confer. If there is no objection to the use of the Protected Material, or if the parties resolve any objections, the parties will submit a joint, stipulated request to Judge Cousins for such use.

(b)    Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2    [RESERVED]

7.3    Disclosure of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the court in this litigation or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of Record in this action or the German Proceedings, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation or the German Proceedings and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation or the German Proceedings, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4(a)(2), below, have been followed;

(c) the court and its personnel in this litigation or the German Proceedings, and individuals appointed by the German court to serve as an independent court expert within the meaning of the German Procedural Code (*ZPO*);

(d) court reporters and their staff, professional trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation or the German Proceedings and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

(f) in addition to those identified in Sections 7.3(a)-(e) above, and subject to all other procedures and restrictions herein, including those relating to Export Control as discussed in Section 12.3, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" to the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation or the German Proceedings and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

CPC will not seek access or provide access to "HIGHLY CONFIDENTIAL – ATTORNEYS'

United States District Court
Northern District of California

EYES ONLY" for any individual at CPC. Even if allowed by the court in the German Proceeding, CPC will not provide access to Apple Protected Material for such individual.

7.4    Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" Information or Items to Designated House Counsel or Experts.

(a)(1) Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to Designated House Counsel any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" first must make a written request to the Designating Party that (1) sets forth the full name of the Designated House Counsel and the city and state of his or her residence, and (2) describes the Designated House Counsel's current and reasonably foreseeable future primary job duties and responsibilities in sufficient detail to determine if House Counsel is involved, or may become involved, in any competitive decision-making.

(a)(2) Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or  "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" first must make a written request to the Designating Party that (1) identifies the general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" information that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five

United States District Court
Northern District of California

years, and (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.

(b) A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Designated House Counsel or Expert unless, within 14 days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c) A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven days of the written objection. If no agreement is reached, the Party seeking to make the disclosure to Designated House Counsel or the Expert may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission from the court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to Designated House Counsel or the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

In any such proceeding, the Party opposing disclosure to Designated House Counsel or the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Designated House Counsel or Expert.

8.   <u>PROSECUTION BAR</u>

Absent written consent from the Producing Party, any individual who receives access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL –

United States District Court
Northern District of California

OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" Information or Items, or, in the alternative, to Protected Material covered by a German court order in the German Proceedings to protect the confidentiality of such Protected Material, shall not be involved in the prosecution of patents or patent applications relating to the functionality, operation, and design of biometric security and/or biometric access technology, including without limitation the patents asserted in this action and any patent or application claiming priority to or otherwise related to the patents asserted in this action, before any foreign or domestic agency, including the United States Patent and Trademark Office ("the Patent Office"). For purposes of this paragraph, "prosecution" includes directly or indirectly drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims. To avoid any doubt, "prosecution" as used in this paragraph does not include representing a party challenging a patent before a domestic or foreign agency (including, but not limited to, a reissue protest, *ex parte* reexamination or *inter partes* reexamination). This Prosecution Bar shall begin when access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" information is first received by the affected individual and shall end two (2) years after final termination of this action.

9.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

        If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" that Party must:

        (a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

        (b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(b), (d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their

United States District Court
Northern District of California

1  agreement in the stipulated protective order submitted to the court.

2  12.    MISCELLANEOUS

3       12.1    Right to Further Relief. Nothing in this Order abridges the right of any person to seek

4  its modification by the court in the future.

5       12.2    Right to Assert Other Objections. By stipulating to the entry of this Protective Order

6  no Party waives any right it otherwise would have to object to disclosing or producing any

7  information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no

8  Party waives any right to object on any ground to use in evidence of any of the material covered by

9  this Protective Order.

10      12.3    Export Control.

11      (a)  Protected Material may be used for purposes of preparing, litigating, and resolving this

12 litigation and the German Proceedings and, thus, may be accessed only by individuals in Germany

13 defined above in Sections 7.3 and 12.5 solely for those purposes, except where prohibited by United

14 States Export Administration Regulations. Disclosure of Protected Material shall be subject to all

15 applicable laws and regulations relating to the export of technical data contained in such Protected

16 Material, including the release of such technical data to foreign persons or nationals in the United

17 States or elsewhere. The Producing Party shall be responsible for identifying any such controlled

18 technical data, and the Receiving Party shall take measures necessary to ensure compliance.

19 Specifically, any Protected Material that is governed by United States Export Administration

20 Regulations must be clearly marked as such in bold and capitalized text "SUBJECT TO ITAR/EAR

21 – ACCESS LIMITED TO ONLY U.S. CITIZENS LOCATED IN U.S." and the production of which

22 shall be accompanied by an email that clearly identifies the production by bates number of such

23 protected material.   If a party disputes the designation of material under this provision, it shall raise

24 such dispute under the dispute resolution procedures set forth for challenging other designations,

25 which are set forth in this Order and in the Local Rules for the Northern District of California.

26      (b)  CPC shall seek Apple's permission before exporting Source Code or other Protected

27 Materials outside of the United States. Once Source Code is selected and requested by CPC for

28

United States District Court
Northern District of California

United States District Court
Northern District of California

printing or other designated documents are requested, Apple will have fourteen (14) days to evaluate export control, at which time Apple may object to printing the Source Code and/or exporting such Source Code and/or designated documents. If the Parties are unable to resolve any dispute about a request by CPC to export Source Code or other Protected Material outside of the United States, they shall file a request for determination of such issue before the Court. Apple's objection on export control grounds may only be overruled by a ruling of the District Court, or by order of the Magistrate Judge if Apple does not object to such ruling as allowed by the Federal Rules of Civil Procedure.

12.4    <u>Filing Protected Material</u>.

(a) <u>In this Action</u>. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5 is denied by the court, then the Receiving Party may file the Protected Material in the public record pursuant to Civil Local Rule 79-5 unless otherwise instructed by the court.

(b) <u>In the German Proceedings</u>. CPC will ensure that all filings or submissions to the Court in the German Proceedings are properly designated as containing Protected Material. CPC will not publicly file or publicly publish any document containing Apple Protected Material without written consent of Apple. Before filing Apple Protected Material in the German Proceedings in accordance with Section 7.1 above, CPC shall request the German court to order the highest available protection under German law to protect the confidentiality of such Protected Material. CPC must not use Apple Protected Material in the German Proceedings, until such court order has been issued by the German court. CPC will take all steps reasonably necessary to ensure that it does not publicly publish Apple Protected Material in the German Proceedings.

**MODIFIED PROTECTIVE ORDER - 4:21-MC-80091-JST**

United States District Court
Northern District of California

12.5    Discovery Material Designated As "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" Information or Items:

(a)  To the extent production of Source Code becomes necessary for prosecuting, defending, appealing, or attempting to settle this litigation or the German Proceedings, a Producing Party may designate Source Code as "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" if it comprises or includes confidential, proprietary, and/or trade secret Source Code.

(b)  Nothing in this Order shall be construed as a representation or admission that Source Code is properly discoverable in this action, or to obligate any Party to produce any Source Code.

(c)  Unless otherwise ordered by this court, Protected Material designated as "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" shall be subject to the provisions set forth in Section 12.6 below, and may be disclosed, subject to Section 12.6 below, solely to:

(i)  the Receiving Party's Outside Counsel in this action or the German Proceedings, provided that such Outside Counsel is not involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a Party, and such Outside Counsel's immediate paralegals and staff, and any copying or clerical litigation support services working at the direction of such counsel, paralegals, and staff who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(ii)  any outside Expert or consultant retained by the Receiving Party to assist in this action or the German Proceedings, provided that disclosure is only to the extent necessary to perform such work; and provided that: (a) such expert or consultant has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A; (b) such expert or consultant is not a current officer, director, or employee of a Party, nor anticipated at the time of retention to become an officer, director or employee of a Party; (c) such expert or consultant is not involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf

of a Party or a competitor of a Party; and (d) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth herein;

(iii)   court reporters and their staff, professional trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation or the German Proceedings and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(iv)   the court and its personnel in this litigation or the German Proceedings, and individuals appointed by the German court to serve as an independent court expert within the meaning of the German Procedural Code (*ZPO*);

(v) any mediator who is assigned to hear this matter or the German Proceedings, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order; and

(vi) any other person with the prior written consent of the Producing Party.

CPC will not seek access or provide access to "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" for any individual at CPC. Even if allowed by the court in the German Proceeding, CPC will not provide access to Apple Protected Material for such individual.

12.6    Disclosure and Review of Source Code:

(a)  Any Source Code that is produced by Apple Inc. will be made available for inspection in electronic format at the San Diego office of Fish & Richardson P.C. Source Code will be made available for inspection between the hours of 8 a.m. and 6 p.m. on business days (i.e., weekdays that are not Federal holidays), although the Parties will be reasonable in accommodating reasonable requests to conduct inspections at other times.

(b)  Prior to the first inspection of any Source Code, the Receiving Party shall provide thirty (30) days notice of the inspection. The Receiving Party shall provide fourteen (14) business days notice prior to any additional inspections.

(c)    Source Code that is designated "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" shall be produced for inspection and review

subject to the following provisions, unless otherwise agreed by the Producing Party:

(i)  All Source Code shall be made available by the Producing Party to the Receiving Party's outside counsel and/or experts in a secure room on a secured computer without Internet access or network access to other computers and on which all access ports have been disabled (except for one printer port), as necessary and appropriate to prevent and protect against any unauthorized copying, transmission, removal or other transfer of any Source Code outside or away from the computer on which the Source Code is provided for inspection (the "Source Code Computer" in the "Source Code Review Room"). The Producing Party shall produce Source Code in the file format in which the Source Code is kept in the ordinary course of the Producing Party's business. The Producing Party shall provide the Receiving Party with information explaining how to start, log on to, and operate the stand-alone computer(s) in order to access the produced Source Code. The Producing Party shall install tools that are sufficient for viewing and searching the code produced, on the platform produced, if such tools exist and are presently used in the ordinary course of the Producing Party's business. The Receiving Party's outside counsel and/or experts may request that commercially available software tools be installed on the secured computer, provided, however, that (a) the Receiving Party possesses an appropriate license to such software tools; (b) the Producing Party approves such software tools, and (c) such other software tools are reasonably necessary for the Receiving Party to perform its review of the Source Code consistent with all of the protections herein. The Receiving Party must provide the Producing Party with the information necessary to download such software tools (i.e., download links or a CD/DVD containing the software tools). To the extent such a request is made, it will be done at least twenty-one (21) days in advance of the date upon which the Receiving Party wishes to have the additional software tools available for use on the Source Code Computer. The parties further agree that any such software tools will not be used to compile or alter the source code in any way. To the extent the Producing Party objects to the requested installation of any software tools, the Producing Party will notify the Receiving Party within seven (7) days and the parties will meet and confer in good faith regarding the Producing Party's concerns.

(ii)  No recordable media or recordable devices, including without limitation sound

recorders, computers, cellular telephones, peripheral equipment, cameras, CDs, DVDs, or drives of any kind, shall be permitted into the Source Code Review Room, with the exception of a single laptop computer, provided by the Producing Party, without Internet access or network access to any other computer.

(iii)  The Receiving Party's outside counsel and/or experts shall be entitled to take handwritten notes relating to the Source Code but may not copy any character strings from the Source Code into the notes (with the exception of file, method, and variable names, which may be copied into notes) and may not take such notes electronically on the Source Code Computer itself or any other computer.

(iv)  The Producing Party may visually monitor the activities of the Receiving Party's representatives during any Source Code review, but only to ensure compliance with this Protective Order, and shall take all steps reasonably necessary to avoid viewing, copying, or recording in any way attorney work product.

(v)  No copies of all or any portion of the Source Code may leave the room in which the Source Code is inspected except as otherwise provided herein. Further, no other written or electronic record of the Source Code is permitted except as otherwise provided herein. The Producing Party shall make available a laser printer with commercially reasonable printing speeds for on-site printing during inspection of the Source Code. The Receiving Party may print out no more than 10 pages total. The Receiving Party shall not print Source Code in order to review blocks of Source Code elsewhere in the first instance, i.e., as an alternative to reviewing that Source Code electronically on the Source Code Computer, as the Parties acknowledge and agree that the purpose of the protections herein would be frustrated by printing portions of code for review and analysis elsewhere, and that printing is permitted only when necessary to prepare court filings or pleadings or other papers (including a testifying expert's expert report). Upon printing any such portions of Source Code, the printed pages shall be collected by the Producing Party.  The Producing Party shall Bates number, copy, and label "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" any pages printed by the Receiving Party. Within fourteen (14) days, the

United States District Court
Northern District of California

Producing Party shall either (i) provide one copy set of such pages to the Receiving Party or (ii) inform the Requesting Party that it objects that the printed portions are excessive and/or not done for a permitted purpose. If, after meeting and conferring, the Producing Party and the Receiving Party cannot resolve the objection, the Receiving Party shall be entitled to seek a Court resolution of whether the printed Source Code in question is narrowly tailored and was printed for a permitted purpose. The burden shall be on the Receiving Party to demonstrate that such printed portions are no more than is reasonably necessary for a permitted purpose and not merely printed for the purposes of review and analysis elsewhere. The printed pages shall constitute part of the Source Code produced by the Producing Party in this action.

(vi)   All persons who will review a Producing Party's Source Code on behalf of a Receiving Party, including members of a Receiving Party's outside law firm, shall be identified in writing to the Producing Party at least five (5) days in advance of the first time that such person reviews such Source Code. Such identification shall be in addition to any other disclosure required under this Order. All persons viewing Source Code shall sign on each day they view Source Code a log that will include the names of persons who enter the locked room to view the Source Code and when they enter and depart. The Producing Party shall be entitled to a copy of the log upon one (1) day's advance notice to the Receiving Party. The Receiving Party shall provide no fewer than seventy-two (72) hours' notice prior to any subsequent inspections of Source Code.

(vii)   Unless otherwise agreed in advance by the Parties in writing, following each day on which inspection is done under this Order, the Receiving Party's outside counsel and/or experts shall remove all notes, documents, and all other materials from the Source Code Review Room. The Producing Party shall not be responsible for any items left in the room following each inspection session, and the Receiving Party shall have no expectation of confidentiality for any items left in the room following each inspection session without a prior agreement to that effect. Proper identification of all authorized persons shall be provided prior to any access to the secure room or the computer containing Source Code. Proper identification requires showing, at a minimum, a photo identification card sanctioned by the government of any State of the United States, by the government

**MODIFIED PROTECTIVE ORDER - 4:21-MC-80091-JST**

of the United States, or by the nation state of the authorized person's current citizenship. Access to the secure room or the Source Code Computer may be denied, at the discretion of the supplier, to any individual who fails to provide proper identification.

(viii)  Other than as provided above, the Receiving Party will not copy, remove, or otherwise transfer any Source Code from the Source Code Computer including, without limitation, copying, removing, or transferring the Source Code onto any recordable media or recordable device. The Receiving Party will not transmit any Source Code in any way from the Producing Party's facilities or the offices of its outside counsel of record.

(ix)  The Receiving Party's outside counsel of record may make no more than three (3) additional paper copies of any portions of the Source Code received from a Producing Party pursuant to Section 12.6(c)(v), not including copies attached to court filings or used at depositions, and shall maintain a log of all paper copies of the Source Code.  The Receiving Party may ship the additional copies of the Source Code to other addresses in the United States, provided that shipping is tracked through a delivery service; the copies are made on security paper; that the copies are enclosed in at least two envelopes, the inner envelope being marked "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" and sealed with tamper-proof tape; and that when received the additional shipped copies of the Source Code will be stored in accordance with Section 12.6(c)(x) below. If the Receiving Party is in the same city as the recipient, the Receiving Party shall hand-deliver any such additional copies made on security paper and placed in at least two envelopes, the inner envelope being marked "HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE," and sealed with tamper-proof tape. The log shall include the names of the reviewers and/or recipients of paper copies and locations where the paper copies are stored. Upon three (3) business day's advance notice to the Receiving Party by the Producing Party, the Receiving Party shall provide a copy of this log to the Producing Party.

(x)  The Receiving Party's outside counsel of record and any person receiving a copy of any Source Code shall maintain and store any paper copies of the Source Code at their offices in a manner that prevents duplication of or unauthorized access to the Source Code, including, without

1  limitation, storing the Source Code in a locked room or cabinet at all times when it is not in use. No

2  more than a total of ten (10) individuals identified by the Receiving Party, and subject to the

3  restrictions contained herein, shall have access to the printed portions of Apple Source Code (except

4  insofar as such code appears in any court filing or expert report).

5           (xi)  Any use of the Source Code at any hearing or other judicial event as part of the

6  German proceedings, must be ordered by the German court, and must be disclosed at least seven (7)

7  business days in advance. The Receiving Party shall notify the Producing Party about the specific

8  portions of Source Code it wishes to use at the hearing or event, and the Producing Party shall bring

9  printed copies of those portions for use by the Receiving Party.

10          (xii)  Except as provided in Sections 12.4 and 12.6, absent express written permission

11  from the Producing Party, the Receiving Party may not create electronic images, or any other images,

12  or make electronic copies, of the Source Code from any paper copy of Source Code for use in any

13  manner (including by way of example only, the Receiving Party may not scan the Source Code to a

14  PDF or photograph the code). Images or copies of Source Code shall not be included in

15  correspondence between the Parties (references to production numbers shall be used instead).

16  Additionally, images or copies of Source Code shall be omitted from pleadings and other papers filed

17  with the Court in this litigation and the German Proceedings subject to Section 12.4. As provided

18  above in Section 7.1(a), CPC may not use any Apple Source Code in the German Proceedings unless

19  approved by Judge Cousins. If a Producing Party agrees to produce an electronic copy of all or any

20  portion of its Source Code or provide written permission to the Receiving Party that an electronic or

21  any other copy needs to be made for a Court filing in accordance with Section 12.4 above, access to

22  the Receiving Party's submission, communication, and/or disclosure of electronic files or other

23  materials containing any portion of Source Code (paper or electronic) shall at all times be limited

24  solely to individuals who are expressly authorized to view Source Code under the provisions of this

25  Order. Where the Producing Party has provided the express written permission required under this

26  provision for a Receiving Party to create electronic copies of Source Code, the Receiving Party shall

27  maintain a log of all such electronic copies of any portion of Source Code in its possession or in the

28

United States District Court
Northern District of California

possession of its retained consultants, including the names of the reviewers and/or recipients of any such electronic copies, and the locations and manner in which the electronic copies are stored. Additionally, any such electronic copies must be labeled "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" as provided for in this Order.

(xiii)  As provided in Section 12.3(b) above, CPC shall seek Apple's permission before exporting Source Code outside of the United States. Once Source Code is selected and requested by CPC for printing, Apple will have fourteen (14) days to evaluate export control and other security issues, at which time Apple may object to printing the Source Code and/or exporting such Source Code.  If the Parties are unable to resolve any dispute about a request by CPC to export Source Code or other Protected Material outside of the United States, they shall file a request for determination of such issue before the Court.  Apple's objection on export control grounds may only be overruled by a ruling of the District Court, or by order of the Magistrate Judge if Apple does not object to such ruling as allowed by the Federal Rules of Civil Procedure.

FINAL DISPOSITION

Within 60 days after the final disposition of this action and the German Proceedings (whichever is later), as defined in Section 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected

United States District Court
Northern District of California

Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4. In the event that the German Proceedings are not commenced within twelve (12) months of the resolution of this action, Petitioner will notify Respondent Apple Inc. ("Respondent") and request instructions as to whether to destroy all Protected Material or return all Protected Material to Respondent.  Once Petitioner receives a response to this request from Respondent, Petitioner will take the requested action and confirm it has been completed with fourteen (14) business days.

      IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

      Pursuant to Local Rule 5-1(h)(3), I, Seth M. Sproul, attest that the other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

DATED: February 10, 2023　　　　　　 */s/ Zachary Timm*　　　　　　
　　　　　　　　　　　　　　　　 Christina Goodrich
　　　　　　　　　　　　　　　　 George Summerfield
　　　　　　　　　　　　　　　　 Zachary Timm
　　　　　　　　　　　　　　　　 K&L Gates LLP
　　　　　　　　　　　　　　　　 Attorneys for Petitioner, CPC Technologies PTY Ltd.

DATED: February 10, 2023　　　　　　 */s/ Seth M. Sproul*　　　　　　
　　　　　　　　　　　　　　　　 Seth M. Sproul
　　　　　　　　　　　　　　　　 Fish & Richardson P.C.
　　　　　　　　　　　　　　　　 Attorneys for Respondent, Apple Inc.

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: _____　　　　　 _____
　　　　　　　　　　　　　　　　 Honorable Jon S. Tigar
　　　　　　　　　　　　　　　　 United States District Judge

United States District Court
Northern District of California

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on [date] in the case of In the Matter of an *Ex Parte* Petition for Judicial Assistance, Case No. 4:21-mc-80091-JST. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
                [printed name]

Signature: _____
             [signature]