UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CPC PATENT TECHNOLOGIES PTY LTD., <br><br> Plaintiff, <br><br> v. <br><br> APPLE, INC., <br><br> Defendant. | Case No. 21-mc-80091-JST <br><br> **ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT** <br><br> Re: ECF No. 49 |

Before the Court is Respondent Apple, Inc.'s motion to alter or amend the judgment. ECF No. 49. The Court will deny the motion.

## I.  BACKGROUND

On April 22, 2021, Petitioner CPC Patent Technologies PTY Ltd. ("CPC") filed an ex parte application pursuant to 28 U.S.C. § 1782 to obtain discovery from Respondent Apple, Inc. so that it could file a patent infringement lawsuit against Apple Retail Germany in Germany. ECF No. 1. CPC's application seeks to serve Apple with a subpoena duces tecum containing fifteen requests for production of documents related to Apple's Face ID and Touch ID technology. ECF No. 1-2.

On April 27, 2021, Magistrate Judge Nathanael Cousins denied CPC's ex parte application for discovery. ECF No. 5. On April 29, 2021, CPC moved this Court for de novo review of Judge Cousins's order. ECF No. 6. In deciding that motion, the Court followed "other courts in this district that have concluded that the proper standard of review is for clear error, rather than de novo" and applied a clear error standard of review. ECF No. 15 at 1. The Court then upheld Judge Cousins's order, finding that it was not clearly erroneous or contrary to law. *Id.* at 1–2.

CPC appealed the Court's decision to the Ninth Circuit, which vacated and remanded,

holding that this Court should have reviewed Judge Cousin's order de novo because "the magistrate judge was deciding a dispositive matter."  *CPC Pat. Techs. PTY Ltd. v. Apple, Inc.*, 34 F.4th 801, 805 (9th Cir. 2022).  Upon remand, this Court referred CPC's application back to Judge Cousins for a report and recommendation.  ECF No. 22.

On July 15, 2022, Judge Cousins recommended that CPC's application be denied.  ECF No. 36 at 5–6.  Judge Cousins found that CPC met Section 1782's statutory requirements because (1) Apple's headquarters is within the Northern District of California; (2) CPC requests discovery so that it may file a patent infringement lawsuit in Germany; and (3) CPC is an "interested person" because it would be a plaintiff in the potential German lawsuit.  *Id.* at 3–4.  He then reviewed CPC's application using the "factors that bear consideration in ruling on a § 1782(a) request" set forth in *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264 (2004):

> (1) whether the person from whom the discovery is sought is a participant in the foreign proceeding;
> (2) the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government, court, or agency to U.S. federal court judicial assistance;
> (3) whether the request is a concealed attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the U.S.; and
> (4) whether the discovery is unduly intrusive or burdensome.

*Id.* at 3 (listing factors from *Intel*, 542 U.S. at 264–65).  Judge Cousins found that the first three *Intel* factors were "neutral and d[id] not weigh in favor of or against granting CPC's application."[1]  *Id.* at 4.  However, he recommended denying the application because he found that the fourth *Intel* factor—whether discovery is unduly intrusive and burdensome—weighed against granting the application for four reasons.  *Id.* at 4–5.  First, CPC's broad subpoena seeks highly confidential information "central to Apple's product" such that even if the material in question were produced subject to a protective order, the subpoena would remain unduly intrusive and burdensome.  *Id.* at 4.  Second, "there are insufficient safeguards to protect the confidentiality of the discovered information in Germany" because the Court does not have jurisdiction to enforce its protective

---

[1] Judge Cousins stated that the first three *Intel* factors were neutral, but also in a footnote stated that the first *Intel* factor weighed against granting the application because "Apple would be a participant to the potential German litigation and could be ordered to produce discovery through that proceeding[.]"  *Id.* at 4 & n.1 (citing *Intel*, 542 U.S. at 264).

2

1  orders in Germany and because there is not yet a pending case in Germany. *Id.* at 5. Third, "CPC
2  has not demonstrated that Apple's publicly available information regarding Face ID and Touch ID
3  technology"—such as "various articles outlining [Apple's] work in facial recognition and touch
4  identification"—"is insufficient for [CPC] to determine whether it has grounds to file suit in
5  Germany." *Id.* Finally, Judge Cousins again found that CPC's "sufficient to show" discovery
6  request was "too vague and cumbersome to enforce." *Id.*

7  On July 29, 2022, CPC objected to Judge Cousins's report and recommendation and
8  moved this Court for a de novo determination of dispositive matter referred to a magistrate judge.
9  ECF No. 41. The Court sustained CPC's objection and granted the motion for a de novo
10 determination of its ex parte petition. The Court found that the *Intel* factors weighed in favor of
11 granting the petition. ECF No. 46. The first *Intel* factor weighed in favor of granting CPC's
12 petition because Apple "offer[ed] [no] more than pure speculation that it w[ould] be named as a
13 party to the German proceeding." *Id.* at 5. The second and third *Intel* factors weighed in favor of
14 granting the petition because "there is no evidence that a German court would not be receptive to
15 the discovery sought by CPC or that CPC is attempting to circumvent German proof-gathering
16 restriction." *Id.* at 6. Finally, CPC's subpoena was not unduly intrusive or burdensome, and
17 therefore, the fourth *Intel* favor weighed in favor of granting the petition. *Id.* at 6–11.

18 Apple now moves to alter or modify the Court's judgment on CPC's motion. ECF No. 49.
19 CPC opposes this motion, ECF No. 56, and Apple has replied, ECF No. 61.[2]

20 **II.   LEGAL STANDARD[3]**

21 Under Rule 59(e), a party may move a court to alter or amend a judgment within twenty-

---

[2] CPC also objects to the declaration of Dr. Frank-Erich Hufnagel that Apple proffers in support of its motion. Because the Court does not consider this evidence, the Court overrules CPC's objection as moot.

[3] In a footnote, CPC states that it "does not concede that this Court's [o]rder granting the [p]etition is a [j]udgement [sic] under which Apple can seek relief under Rule 59(e)." ECF No. 56 at 8. However, the Court concludes that Rule 59(e) is the appropriate procedural mechanism through which to seek reconsideration of a court order on a Section 1782 petition. An order on a Section 1782 petition is an appealable order unless a "'narrow exception" applies, i.e., when a Section 1782 application for a subpoena is granted and the subpoena is issued to a party that is also a litigant in the foreign proceeding. *CPC Pat. Techs. PTY Ltd.*, 34 F.4th at 806 (citation omitted). Here, because the subpoena has not been issued to a party that is also a litigant in a foreign

eight days after entry of the judgment. Fed. R. Civ. P. 59(e). "Since specific grounds for a motion to amend or alter are not listed in the rule, the district court enjoys considerable discretion in granting or denying the motion." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (quoting *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999) (en banc) (per curiam)). A Rule 59(e) motion "is an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *Kaufmann v. Kijakazi*, 32 F.4th 843, 850 (9th Cir. 2022) (quoting *Wood v. Ryan*, 759 F.3d 1117, 1121 (9th Cir. 2014) (per curiam)).

Generally, there are four grounds upon which a Rule 59(e) motion may be granted: "(1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law." *Allstate*, 634 F.3d at 1111.

### III. DISCUSSION

The parties dispute whether Apple's Rule 59(e) motion is necessary to present newly discovered evidence or to correct manifest errors of law or fact in the Court's prior order. ECF Nos. 49, 56, 61. The Court concludes that neither of these grounds is present.

First, Apple argues that its motion is based on the declaration of Dr. Hufnagel, which constitutes "new evidence" because it "was . . . unavailable within the meaning of the decisions interpreting and applying Rule 59(e)." *Id.* at 6 (internal quotation omitted). "New" evidence in this context, however, does not mean only that the evidence was not previously in existence. To constitute newly discovered evidence under Rule 59(e), Apple "must also show that the evidence was discovered after the judgment, that the evidence could not be discovered earlier through due diligence, and that the newly discovered evidence is of such a magnitude that had the court known

---

proceeding, the Court's order granting CPC's petition is appealable and thus, is "properly challengeable through a Rule 59(e) motion for reconsideration." *Balla v. Idaho State Bd. of Corr.*, 869 F.2d 461, 467 (9th Cir. 1989); *see also In re Pioneer Corp.*, No. CV 18-4524 JAK (SSx), 2018 WL 4963126, at *1 (C.D. Cal. Aug. 27, 2018) (considering a motion for reconsideration pursuant to Rule 59(e) of an order denying a Section 1782 petition); *accord In re Application for an Ord. Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for use in a Foreign Proc.*, 286 F. Supp. 3d 1, 5 (D.D.C. 2017).

4

of it earlier, the outcome would likely have been different." *Dixon v. Wallowa County*, 336 F.3d 1013, 1022 (9th Cir. 2003) (citation omitted). "The overwhelming weight of authority is that the failure to file documents in an original motion or opposition does not turn the late filed documents into newly discovered evidence." *Sch. Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (internal quotation omitted).

Here, the declaration of Dr. Hufnagel could have been obtained earlier through due diligence. Apple had numerous opportunities to challenge CPC's petition and argue that the second and third *Intel* factors weighed against granting CPC's petition. *See* ECF Nos. 13, 34, 42. Instead, Apple argued that the second and third *Intel* factors were neutral. *E.g.*, ECF No. 34 at 7 ("[M]ost of the [*Intel*] factors are neutral, but the fourth factor, which assesses burdensomeness of the requested discovery, strongly weighs against granting CPC's § 1782 petition.").

Apple argues that it "had no reason to believe that argument or evidence on the second or third *Intel* factors was required" because "Judge Cousins had concluded, and CPC did not contest, that these factors" were neutral. ECF No. 49 at 6. This argument is not well taken. The Court was not required to adopt either of the parties' positions. "Once an issue or claim is properly before the court, the court is not limited to the particular legal theories advanced by the parties." *Thompson v. Runnels*, 705 F.3d 1089, 1098 (9th Cir. 2013) (internal quotation and citation omitted). "Instead, the court retains the independent power to identify and apply the proper construction of governing law, and is free to consider an issue antecedent to . . . and ultimately dispositive of the dispute before it, even an issue the parties fail to identify and brief." *Id.* (internal quotations and citations omitted). Nor was the Court bound by Judge Cousins's determination, given the Ninth Circuit's directive to review de novo that decision.

Furthermore, Apple had every incentive to submit Dr. Hufnagel's declaration earlier, given its prior arguments regarding the confidentiality protections available in the German courts. *See* ECF No. 7 at 8; ECF No. 42 at 5. That these arguments contradicted each other or Apple's current position is beside the point. ECF No. 7 at 8 ("If CPC had already filed its action in Germany, there would be existing protections in place to keep Apple's information secure and granting access to known attorneys/experts."); ECF No. 42 at 5 ("Specifically, because CPC has not yet

1  filed a case in Germany, there is no way to assess the safeguards the German court may or may not
2  offer for Apple's confidential information in this situation."). That Apple raised these arguments
3  in support of its arguments that the fourth *Intel* factor, and not the second and third factors,
4  weighed against granting CPC's petition is of no moment because "[t]he *Intel* factors involve
5  overlapping considerations, are considered collectively by the court in exercising its discretion,
6  and are not stand-alone categorical imperatives."[4] *In re Application of Action & Prot. Found.*
7  *Daniel Bodnar*, No. C14-80076 MISC EMC (LB), 2014 WL 2795832, at *5 (N.D. Cal. June 19,
8  2014). On this record, the Court cannot find that Dr. Hufnagel's declaration
9  "could not [have been] discovered earlier through due diligence." *Dixon,* 336 F.3d at 1022.
10  Second, Apple argues that the order "rested on manifest errors of law and fact." ECF
11  No. 49 at 7. Specifically, Apple argues that with respect to the second *Intel* factor, the Court "did
12  not consider important characteristics of the German tribunal in which CPC may ultimately file its
13  purported patent suit," including that "German courts afford significantly less protection for
14  sensitive information—including source code—than do U.S. courts." *Id.* Apple also argues that
15  under the third *Intel* factor, the Court should have, and did not, consider whether "CPC seeks to
16  circumvent 'policies of . . . the United States.'" *Id.* at 7. Apple explained that CPC seeks to
17  circumvent the policies of the United States because "CPC has not been shy about acknowledging
18  its goal of avoiding the limitations of" the protective order that governs the litigation between CPC
19  and Apple in the United States.[5] *Id.* at 9.

---

[4] The caselaw upon which Apple relies does not suggest otherwise. First, Apple relies upon out-of-circuit cases with distinguishable facts. *See Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990), *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069 (5th Cir. 1994); *Dupre v. Chevron U.S.A., Inc.*, 930 F. Supp. 248, 250 (E.D. La. 1996). Second, in the only in-circuit case cited, the court rested its summary judgment order upon a ground not raised by either party regarding "an unsettled area of law." *teamLab Inc. v. Museum of Dream Space LLC*, No. CV 19-6906 PSG (GJSx), 2022 WL 17345905, at *2 (C.D. Cal. Nov. 16, 2022). In contrast, the Court here rested its order on grounds that either were or could have been raised by Apple in a well-settled area of law.

[5] Apple also urges the Court to consider the substance of Dr. Hufnagel's declaration in assessing manifest error. ECF No. 49 at 7. In support, Apple cites one case that considers evidence that was previously available in assessing whether there was manifest error and two cases that simply note that the Court "may exercise discretion to grant Rule 59(e) motion[s] in unusual circumstances." *See* ECF No. 49 at 7 (citing *Young v. Peery*, 163 F. Supp. 3d 751, 753–54 & n.2 (N.D. Cal. 2015); *Allstate*, 634 F.3d at 1111; *Pittman v. County of San Diego*, No. 09-CV-1952-WQH WVG, 2010

"A Rule 59(e) motion 'may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier.'" *Wells Fargo Bank, N.A. v. Mahogany Meadows Ave. Tr.*, 979 F.3d 1209, 1218 (9th Cir. 2020) (emphasis in original) (quoting *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)). As discussed above, Apple could have obtained and proffered Dr. Hufnagel's declaration and argued that the second *Intel* factor cut against granting CPC's petition much earlier in the litigation. Apple's remaining arguments in support of its argument that the Court committed manifest error of fact and law either could have been, or were in fact, raised earlier. Indeed, Apple spends much of its briefs discussing the limitations of any protective order that the Court might issue, including because CPC is a non-practicing entity and discussing the existing protective order in the ongoing United States litigation between CPC and Apple. ECF Nos. 49, 61. These facts were either were discussed in detail in its previous briefing or were known to Apple before it filed its opposition to CPC's objection to Judge Cousins's report and recommendation. Thus, Apple has failed to demonstrate manifest error of fact or law under Rule 59(e).

In sum, Apple had ample opportunity to challenge CPC's petition based on the second and third *Intel* factors and the arguments it now raises. Instead of raising these arguments, Apple argued that the two factors were "neutral." ECF No. 34 at 7. Because "Rule 59 is not a vehicle for . . . presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple," *Niantic, Inc. v. Global++*, No. 19-cv-03425-JST, 2020 WL 12175723, at *3 (N.D. Cal. Jan. 29, 2020) (quoting *Baldonado v. United States*, No. 2:06-cv-07266-JHN-RZ, 2011 WL 13213543, at *2 (C.D. Cal. Oct. 12, 2011)), the Court denies Apple's motion to amend or alter the Court's order granting CPC's Section 1782 petition.

/ / /

/ / /

/ / /

/ / /

---

WL 4570252, at *3 (S.D. Cal. Nov. 3, 2010)). The circumstances here are not unusual.

7

**CONCLUSION**

For the foregoing reasons, the Court denies Apple's motion.

**IT IS SO ORDERED.**

Dated: October 11, 2023



JON S. TIGAR
United States District Judge