Christina N. Goodrich (SBN 261722)
christina.goodrich@klgates.com
Zachary T. Timm (SBN 316564)
zach.timm@klgates.com
**K&L Gates LLP**
10100 Santa Monica Boulevard
Eighth Floor
Los Angeles, California 90067
Telephone: 310.552.5000
Facsimile: 310.552.5001

George C. Summerfield (#P40644)
**K & L GATES LLP**
70 West Madison Street Suite 3300
Chicago, Illinois 60602
Tel: +1 312 807 4376
F: +1 312 827 8000
George.summerfield@klgates.com

Attorneys for Petitioner CPC Patent Technologies PTY Ltd.

# UNITED STATES DISTRICT COURT FOR
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| In The Matter of an *ex parte* Petition for Judicial Assistance Pursuant to 28 U.S.C. § 1782, by<br><br>CPC Patent Technologies PTY Ltd.,<br><br>Petitioner,<br><br>In support of legal proceedings in the Federal Republic of Germany | Case No. 4:21-mc-80091-JST<br>*[Assigned to the Hon. Jon S. Tigar, Courtroom 6, Oakland]*<br><br>**OPPOSITION TO APPLE, INC.'S MOTION TO STAY PROCEEDINGS PENDING APPEAL**<br><br>Hearing Date: February 1, 2024<br>Time:        2:00 p.m.<br>Courtroom:   6 |

## I. INTRODUCTION

CPC[1] filed its original petition pursuant to § 1782 years ago. In the intervening time, CPC successfully appealed the denial of its § 1782 petition to the Ninth Circuit. This Court later granted that Petition and denied Apple's Motion for Reconsideration. Apple has yet to produce a ***single*** document responsive to CPC's resulting subpoena. Now, Apple seeks to delay such production even further while it appeals this matter to the Ninth Circuit. However, none of the four relevant factors articulated by the authority cited by Apple weighs in favor of a stay, and the instant Motion should be denied.

## II. DISCUSSION

### A. Likelihood of Success

#### 1. The Ninth Circuit's Jurisdiction

This Court "grant[ed] CPC's Section 1782 *ex parte* application and order[ed] that CPC's subpoena *duces tecum* may be served on Apple following entry of [an appropriate protective order]." Dkt. 46 at 11. The Court denied Apple's motion to alter or amend that order. Dkt. 63 at 8. Apple has now appealed the grant of CPC's § 1782 application to the Ninth Circuit. Dkt. 64. The instant motion presupposes that Apple has ***properly*** appealed this matter to the Ninth Circuit. Obviously, if the appeal is improper, then Apple has no likelihood of success on the merits. As discussed below, the Ninth Circuit lacks appellate jurisdiction over a ***grant*** of a § 1782 petition, which lacks sufficient finality for such jurisdiction.

An appellate court has "jurisdiction of appeals from all ***final*** decisions of the district courts of the United States." 28 U.S.C. § 1291 (emphasis added). "A 'final' decision is one 'that places the parties 'effectively out of [federal] court,'" *i.e.,* "when 'the district court disassociates itself from the case entirely, retaining nothing

---

[1] This Opposition uses the following definitions: CPC Patent Technologies PTY Ltd. ("CPC"); Apple Inc. ("Apple"); Apple's Motion to Stay Pending Appeal (the "Motion"); 28 U.S.C. § 1782 ("§ 1782").

1

of the matter on the federal court's docket.'" *CPC Patent Technologies Pty Ltd. v. Apple, Inc.*, 34 F.4th 801, 805 (2022) (citation omitted).

In the context of a § 1782 petition and the finality of any ruling thereon, the Ninth Circuit has historically stated, "without clarification or explanation, that [it has] appellate jurisdiction" over such rulings. *In re Premises Located at 840 140th Ave. NE, Bellevue, Wash.*, 634 F.3d 557, 566 (9th Cir. 2011). To that point, CPC could find no case authored by the Ninth Circuit specifically analyzing whether the ***grant*** of a § 1782 petition is sufficiently final for appeal purposes.

In the earlier appeal in this matter, the Ninth Circuit evaluated its own appellate jurisdiction by noting that it had "no difficulty concluding that appellate jurisdiction exists" as "[t]he only relief sought by CPC . . . was court-ordered discovery pursuant to § 1782," and "[w]hen the magistrate judge denied this relief and the district judge affirmed the denial, there were no further issues for the federal court to resolve, and so the district court's order was 'final.'" *CPC*, 34 F.4th at 806. Indeed, the Ninth Circuit recognized that the matter was not sufficiently final until the District Judge affirmed the Magistrate's ruling. *Id.* at 806, n. 5.

Finding appellate jurisdiction over a denial of a § 1782 petition is a far cry from concluding that such jurisdiction also exists over a ***grant*** of such a petition. To be appealable, a ruling granting a § 1782 petition must have left this Court "retaining nothing" on the docket. The instant motion to stay alone belies that characterization—if this Court retained "nothing," there would be nothing remaining to stay. Yet, as Apple notes in its motion, there is clearly a dispute as to what, if anything, Apple should be required to produce, notwithstanding the Court's having granted CPC's petition for the very discovery Apple continues to resist. *See, e.g.,* Dkt. 65 at 5-6.

Further, in its most recent response to CPC's subpoena issued pursuant to § 1782, Apple lodged a litany of objections (beyond confidentiality) to each of the 15 categories contained therein, suggesting that it would be willing only to "meet

and confer" as to each. *See generally* Declaration of Zachary Timm ("Timm Decl.") Ex. A (Apple Subpoena Response (Nov. 7, 2023)). But CPC already repeatedly met and conferred with Apple in 2022 regarding those precise requests. *See, generally, e.g.,* Dkt. 34. Specifically, counsel for the Parties held a telephonic meet and confer on June 30, 2023. *See, e.g.,* Dkt. 34-1. Following this meet and confer, the Parties began negotiating a protective order, and CPC subsequently provided Apple with revised and narrowed certain of the requests on July 3, 2022. *See, e.g.,* Dkt. 34-4. Then, during the July 7, 2022 hearing on the Petition before the Magistrate Judge, CPC agreed to further narrow the requests (including to address issues raised by Apple for the first time in the Joint Brief filed in advance of that hearing). *See, e.g.,* Dkt. 39 at 8-10. It is, frankly, unreasonable for Apple to demand yet more meet and confers when CPC has already engaged in numerous such meet and confers, to no avail. Apple has not indicated a desire or intent to actually comply with the subpoena, even as narrowed during prior meet and confer efforts.

Indeed, Apple's arguments only demonstrate the obvious—there is a high likelihood that CPC will be forced to move to compel Apple's compliance with the subpoena issued pursuant to § 1782, which makes this case analogous to *Banca Pueyo SA v. Lone Star Fund IX (US), L.P.*, 978 F.3d 968 (5th Cir. 2020). There, the respondents had filed a second motion to quash a § 1782 subpoena after a first such motion had been denied. *Id.* at 971. Meanwhile, respondents filed an appeal from the denial of the first motion to quash, arguing that such decision was final as it arose in a § 1782 context. *Id.* at 972. The Fifth Circuit, in finding no appellate jurisdiction, pointed to the second motion to quash and the Magistrate's post-appeal ruling thereon, determining that the district court "had a lot left to do." *Id.* Here, although Apple has not filed a motion to quash, it has certainly raised objections to document production, even after this Court ordered that responsive documents be

produced, despite such objections.[2] *See* Timm Decl., Ex. A (Apple Subpoena Response (Nov. 7, 2023)).

There can be little dispute under the circumstances that Apple's resistance to producing documents pursuant to CPC's § 1782 subpoena after this Court's order thereon is mutually exclusive with a final decision regarding that subpoena. As such, the Ninth Circuit must dismiss the appeal for lack of jurisdiction. *Banca Pueyo,* 978 F.3d at 972. This alone defeats Apple's claim of likelihood of success.

### 2. The Alleged "Sensitive" Nature of the Subject Information

Apple's main argument is that the information sought in CPC's § 1782 subpoena, including source code, is sensitive to the point that it should have to produce nothing in response thereto. *See* Dkt. 65 at 4-5. Apple made this precise argument to this Court in opposing the Petition on remand and in its Motion for Reconsideration. The Court rejected it. The parties agreed on a stipulated protective order, which was filed with the Court on July 6, 2022. Dkt. 33. Then, because Apple took the position this protective order was insufficient during oral argument the next day,[3] the Parties filed a further modified stipulated protective order on February 10, 2023 (Dkt. 54), which was entered on February 13, 2023 (Dkt. 55). Apple has never been able to establish why such a protective order, which is sufficient in every other case, is somehow not sufficient here. *See, e.g.,*

---

[2] Apple previously raised these issues in opposition to the § 1782 Petition, including, *inter alia*, in the joint brief submitted on July 6, 2022, and Apple's opposition to CPC's motion for *de novo* determination. *See* Dkt. 34 at 7-10 (arguing that the Petition is unduly burdensome and seeks source code and other highly confidential information, on the one hand, but can also be satisfied through publicly available information on the other); *see also* Dkt. 42 at 4-10 (arguing the same).

[3] Despite agreeing to and executing a stipulated protective on July 6, 2022, during oral argument before the Magistrate Judge one day later on July 7, Apple's counsel argued that the protective order the Parties had already agreed upon and filed with the Court was insufficient. *See* Dkt. 39 at 13:4-22. CPC's counsel pointed out that any alleged deficiencies could—and should—have been raised during negotiations on that original protective order. *See, id.*, at 17:18-19:5.

Dkt. 63 at 7. Nor can it. Apple's arguments amount to requesting special treatment, while simultaneously insulting the value and effect of this Court's Orders. Apple should be treated like any other litigant—if a protective order is good enough for other litigants, it should be good enough for Apple. Apple lacks any evidence suggesting otherwise.

To be clear, each category in CPC's subpoena asks for information "sufficient to show" the identified subject matter. *See generally* Timm Decl., Ex. A. It is, therefore, up to Apple to produce what it deems "sufficient to show" the requested information. CPC has repeatedly made this clear to Apple during meet and confers, in briefing, and during the hearing on the Petition before the Magistrate Judge. *See, e.g.,* Dkt. 34. Dkt. 34-1; Dkt. 34-4; Dkt. 39 at 8-10. But here is the rub – according to Apple, on the one hand, there is sufficient information in the public domain evidencing the operation of the Apple products at issue. Dkt. 65 at 5. On the other hand, however, Apple laments that it must produce source code to comply with the subpoena. *See, e.g., id.* at 4-5. Both cannot be true, but Apple nonetheless urges both positions, making its prediction of success on the merits on appeal rather unbelievable. In fact, this Court already considered, and rejected, this argument in granting *de novo* determination. *See* Dkt. 46 at 9:3-16. These same arguments do not warrant a stay here.

Further, Apple's track record on the confidentiality issue is less than impressive. In originally resisting CPC's § 1782 petition (before the first appeal), Apple echoed the Magistrate's reasoning that CPC's requests were "unduly burdensome" owning to their breadth. Dkt. 13 at 4. At no point did Apple raise the confidentiality issue as a basis for supporting the Magistrate's denial of CPC's § 1782 petition.

Similarly, during the first appeal, while Apple argued that CPC's requests were unduly burdensome and intrusive, at no point did Apple argue the confidentiality of the information sought by CPC. *See* Timm Decl., Ex. B (Apple

Appellee Br.) at 14-16. Only when the matter was remanded to this Court did it occur to Apple to raise confidentiality as a basis for revisiting the propriety of production. And, when confronted with this argument for the first time on remand, this Court observed that "parties routinely produce source code subject to protective orders in patent infringement cases." Dkt. 46 at 7. In other words, the alleged confidential nature of the information sought from Apple is nothing more than a belated red herring.

Finally, Apple appears to argue that CPC's petition represents an "unprecedented" **legal** question, *i.e.,* whether Apple should be required to produce its confidential information pursuant to § 1782 to support a foreign litigation. *See* Dkt. 65 at 4-5. Not so. Indeed, just because Apple is involved in a discovery dispute does not render it unprecedented. CPC's Petition is straightforward and narrow. The request is not novel—it is strictly governed by statute. Thus, there is nothing of **legal** significance attaching to the production of Apple information specifically. Whether the subject information is "too confidential" to provide in a § 1782 context, as urged by Apple, is nothing more than a factual allegation – one not even raised by Apple prior to the first appeal in this matter, and one rejected by this Court before the second appeal. Again, Apple's arguments amount to asking this Court to conclude that the rules that apply to all other litigants don't apply to Apple because . . . *it is Apple*.

### 3. Conclusion on Likelihood of Success

Apple has appealed from a non-final decision based upon a belated and tenuous claim of confidentiality that is not novel. Under the circumstances, there is a strong likelihood that Apple will ***not*** succeed in its appeal.

### B. Irreparable Harm

Apple next argues that it will be harmed irreparably should it be required to produce the requested documents immediately. Dkt. 65 at 6-7. Apple does not explain how the mere production of documents is in any way harmful, as long as

CPC abides by the protective order that Apple endeavored to ensure provides "the maximum assurances available against unsanctioned disclosure." *See id.* at 5. Apple suggests that CPC has evaded the protective order in a parallel case, but fails to explain how that evasion purportedly occurred. *See id.* And, Apple's "evidence" of such purported evasion consists only of the protective order itself. *See* Dkt. 41-3 at 11-15. Apple's claim of any harm is mere speculation at best. This is distinct from *United States v. Real Prop. & Improvements Located at 2366 San Pablo Avenue*, cited by Apple, where the movant would have suffered a demonstrable loss in tax revenue absent a stay. *United States v. Real Prop. & Improvements Located at 2366 San Pablo Avenue*, No. 13- cv-02027-JST, 2015 WL 525711 at *3 (N.D. Cal. Feb. 6, 2015). Irreparable harm in this case is illusory.

### C.  Balancing the Hardships

The hardships present here, according to Apple, are its own prejudice resulting from its having to produce documents immediately, in addition to the purported denial of its right to appeal. Dkt. 65 at 7. On the second point, as discussed above, Apple's "right" to appeal a non-final order granting a § 1782 petition is far from settled. And, if the order is determined to be sufficiently final, Apple will be allowed to pursue its appeal, irrespective of the production of documents in the *interim*.

As to the immediate production of documents, again, the unspoken issue Apple has with such production is the purported risk that CPC will misuse the information therein. As CPC has explained, this concern is unfounded, as this Court has already ruled, given that there is a protective order in place that Apple had negotiated. *See* Dkt. 65 at 5.

On CPC's side of the "ledger," Apple attributed only "slight" hardship to CPC resulting from the proposed stay. *See id.* at 7. According to Apple, CPC has yet to articulate a need for the requested information, claiming that CPC had moved for summary judgment in the parallel litigation "almost entirely" on public

documents.  *See id.* at 5 & 7.  In support of that motion, CPC submitted the declaration of its expert, Dr. Chuck Easttom.  *CPC Patent Technologies PTY Ltd. v. Apple Inc.*, No. 5:22-cv-02553-EJD (N.D. Cal.), Dkt. 89.  Eleven paragraphs contained information that was redacted in the public version due to confidentiality, with some of those paragraphs having been redacted in their entirety.  *See id.*  This belies Apple's suggestion that confidential information is somehow unnecessary.  Moreover, in granting CPC's motion for *de novo* determination, this Court already considered the argument that public information was sufficient to satisfy the underlying subpoena.  *See* Dkt. 46 at 9:3-16.  The result was that "[t]he Court agrees with CPC."  *Id*.

Otherwise, as concerns prejudice to CPC, the original § 1782 petition was filed on April 22, 2021 – nearly two and a half years ago.  Dkt. 63 at 1.  Now, Apple proposes adding more delay.  The first appeal in this matter took nearly a year.  *See* Dkt. 17 (Notice of Appeal (July 21, 2021)) & Dkt. 21 (9th Cir. Mandate (June 9, 2022)).  Thus, in all likelihood, in the event of the proposed stay, it will be at least three and a half years before CPC receives anything from Apple responsive to the subject subpoena.  That is simply unreasonable.  At the very least, it cannot be said that Apple's hardships would be more severe in the absence of a stay.

### D.     The Public Interest

Apple claims that the public interest favors a stay in this case, but the argument is simply Apple's afore-discussed "meaningful appeal" argument warmed over.  Dkt. 65 at 8.  As discussed above, it is unclear at best as to whether Apple was entitled to appeal the order granting the § 1782 petition.  And, the purported basis for the appeal – the confidential nature of the documents sought – is hardly a strong basis for overturning this Court's ruling.  In any event, there is also a public interest favoring the ability to secure discovery, especially when ordered by the Court.

///

### E. The Proposed Temporary Stay

Finally, Apple moves in the alternative for a temporary stay in this Court pending a motion to stay to the Ninth Circuit, presumably making the same arguments as in the instant motion. Dkt. 65 at 8. Apple provides no timing for such a motion, which will only add delay to an already belated response to the subject subpoena to address arguments that are not particularly compelling. Also, in *Luna v. O'Keefe*, cited by Apple, the temporary stay pending appellate resolution was unopposed. *Luna v. O'Keefe*, No. 17-CV-02129-LHK, 2018 WL 2197555, *3 (N.D. Cal. May 14, 2018)

### III. CONCLUSION

For the foregoing reasons, Apple's Motion should be denied in its entirety.

Dated: November 27, 2023

Respectfully submitted,

By: */s/ Zachary T. Timm*
George C. Summerfield (#P40644)
Christina N. Goodrich
Zachary T. Timm
**K&L GATES LLP**

*Attorneys for Petitioner*
*CPC Patent Technologies PTY Ltd.*