# EXHIBIT A

Seth M. Sproul (CA SBN 217711);
*sproul@fr.com*
Jeffrey H. Burton (CA SBN 328305);
*burton@fr.com*
FISH & RICHARDSON P.C.
12860 El Camino Real, Suite 400
San Diego, CA 92130
Telephone:  (858) 678-5070
Facsimile:  (858) 678-5099

James R. Sigel (CA SBN 288478);
*jsigel@mofo.com*
Joel F. Wacks (CA SBN 326561);
*jwacks@mofo.com*
MORRISON & FOERSTER LLP
425 Market St.
San Francisco, CA 94105
Telephone:  (415) 268-7000
Facsimile:  (415) 268-7522

Attorneys for Respondent,
APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(SAN JOSE DIVISION)

| | |
|---|---|
| CPC PATENT TECHNOLOGIES PTY LTD., | Case No. 4:21-mc-80091-JST |
| Petitioner, | **APPLE INC.'S OBJECTIONS AND RESPONSES TO CPC PATENT TECHNOLOGIES PTY LTD. SUBPOENA TO PRODUCE DOCUMENTS** |
| v. | |
| APPLE INC., | |
| Respondent. | |

Pursuant to Rules 26 and 45 of the Federal Rules of Civil Procedure, Apple Inc. ("Apple") hereby serves the following objections and responses to CPC Patent Technologies Pty Ltd.'s ("CPC") Subpoena to Produce Document, Information, or Objects or to Permit Inspection of a Premises in a Civil Action (the "Subpoena").  As stated in Apple's e-mail dated October 25, 2023, CPC's attempt at service of the Subpoena on October 20, 2023, was deficient because (i) the Subpoena did not reference any documents for production, nor did it reference the attached Exhibit A, and (ii) the date of compliance listed in the Subpoena was October 20, 2023, the date of service. Apple asked that CPC fix the deficiencies in re-serve the Subpoena, but CPC did not do so.  Apple maintains the Subpoena is deficient for these reasons.

## RESERVATION OF RIGHTS

The following objections and responses are based on Apple's current knowledge, information and belief after making a reasonable inquiry within the time allotted by the Subpoena. Apple's investigation into this matter is ongoing, and it is willing to meet and confer with CPC regarding the scope of the information sought.  Apple reserves the right to supplement its objections and responses to the Subpoena to the extent additional or different information becomes available. Nothing in these objections or responses should be construed as a waiver of any rights of Apple under applicable rules and governing laws.  Any documents provided in response to the Subpoena will be made pursuant to the Modified Protective Order (Dkt. 55) entered in the underlying *ex parte* petition for judicial assistance, with Apple reserving the right to request supplemental protections.

Nothing in these responses shall be deemed an admission by Apple regarding the existence of any information, or the relevance or admissibility of any information, for any purpose, or the truth or accuracy of any statement or characterization contained in any of CPC's Requests.  In responding to CPC's Requests, Apple does not waive any objection on the grounds of privilege, competency, relevance, materiality, authenticity, or admissibility of the information contained in these responses.

Any statement by Apple indicating its agreement to produce any category of information or documents is not a representation that any such documents or information in that category actually

exist in Apple's possession, custody, or control, or can be located through a reasonable search, or that such documents or information are relevant or admissible.

Apple objects to the Subpoena and the Requests to the extent they require production of information that may be subject to export controls or other such limitations on the transmission of sensitive information outside of the United States.

**SPECIFIC OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION**

Apple objects and responds as follows:

**REQUEST NO. 1:**

Documents sufficient to describe the storage of enrolled fingerprint data in the iPhone models and Apple laptop computers equipped with Touch ID (collectively "Apple Touch ID Devices").

**RESPONSE TO REQUEST NO. 1:**

Apple objects to this Subpoena because the four discretionary *Intel* factors weigh against granting relief under § 1782.  *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 264, 265 (2004).  Apple will soon file a Notice of Appeal regarding the Court's January 3, 2023 and October 11, 2023 Orders (Dkts. 46, 63).

Apple objects to this Request to the extent it requires the production of source code or other highly confidential technical documentation.

Apple objects to this Request to the extent it seeks information that is available from public sources.   Apple   refers   to   its   Apple   Platform   Security   Guide   whitepaper,   at https://help.apple.com/pdf/security/en_US/apple-platform-security-guide.pdf.   CPC   has   not indicated whether additional information is required beyond that which is publicly available.

Apple objects to this Request to the extent it seeks information protected from discovery by the attorney-client privilege, work product doctrine or immunity, common legal interest privilege, joint defense privilege, and/or any other applicable privilege or protection.  Apple further objects to this Request as vague, ambiguous, overly broad, unduly burdensome, and not proportional to the needs of the case with respect to "storage of enrolled fingerprint data in the iPhone models and Apple laptop computers equipped with Touch ID" and "Apple Touch ID Devices."  Apple further

1  objects to this Request, which uses the phrase "documents sufficient to show," because it is

2  "undefined and is likely to lead to unduly burdensome discovery." *See* Dkt. 5 at 3.  Apple further

3  objects to this Request to the extent it seeks documents concerning unannounced products.  Apple

4  further objects to this Request to the extent it is not bounded by any relevant time period or

5  geographic scope.  Apple further objects to this Request to the extent it seeks the production of

6  documents that are not maintained or created by Apple in the ordinary course of business.

7  Subject to and without waiving any of its objections, and to the extent Apple understands

8  this Request, Apple responds as follows: Apple is willing to meet and confer regarding the scope of

9  this Request and to discuss the production of documents pursuant to the procedures set forth in the

10  Modified Protective Order (Dkt. 55).

11  **REQUEST NO. 2:**

12  Documents sufficient to describe the manner of communicating fingerprint data from the

13  touch sensor to the Secure Enclave of the Apple Touch ID Devices, including an identification of

14  the components of such devices in such communication path.

15  **RESPONSE TO REQUEST NO. 2:**

16  Apple objects to this Subpoena because the four discretionary *Intel* factors weigh against

17  granting relief under § 1782.  *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 264, 265

18  (2004).  Apple will soon file a Notice of Appeal regarding the Court's January 3, 2023 and October

19  11, 2023 Orders (Dkts. 46, 63).

20  Apple objects to this Request to the extent it requires the production of source code or other

21  highly confidential technical documentation.

22  Apple objects to this Request to the extent it seeks information that is available from public

23  sources.   Apple   refers   to   its   Apple   Platform   Security   Guide   whitepaper,   at

24  https://help.apple.com/pdf/security/en_US/apple-platform-security-guide.pdf.   CPC   has   not

25  indicated whether additional information is required beyond that which is publicly available.

26  Apple objects to this Request to the extent it seeks information protected from discovery by

27  the attorney-client privilege, work product doctrine or immunity, common legal interest privilege,

28  joint defense privilege, and/or any other applicable privilege or protection.  Apple further objects to

1   this Request as vague, ambiguous, overly broad, unduly burdensome, and not proportional to the

2   needs of the case with respect to "the manner of communicating fingerprint data from the touch

3   sensor to the Secure Enclave," "Apple Touch ID Devices," and "identification of the components

4   of such devices in such communication path." Apple further objects to this Request, which uses the

5   phrase "documents sufficient to show," because it is "undefined and is likely to lead to unduly

6   burdensome discovery." *See* Dkt. 5 at 3. Apple further objects to this Request to the extent it seeks

7   documents concerning unannounced products. Apple further objects to this Request to the extent it

8   is not bounded by any relevant time period or geographic scope. Apple further objects to this

9   Request to the extent it seeks the production of documents that are not maintained or created by

10  Apple in the ordinary course of business.

11          Subject to and without waiving any of its objections, and to the extent Apple understands

12  this Request, Apple responds as follows: Apple is willing to meet and confer regarding the scope of

13  this Request and to discuss the production of documents pursuant to the procedures set forth in the

14  Modified Protective Order (Dkt. 55).

15  **REQUEST NO. 3:**

16          Documents sufficient to describe the steps to perform the fingerprint matching in Apple

17  Touch ID.

18  **RESPONSE TO REQUEST NO. 3:**

19          Apple objects to this Subpoena because the four discretionary *Intel* factors weigh against

20  granting relief under § 1782. *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 264, 265

21  (2004). Apple will soon file a Notice of Appeal regarding the Court's January 3, 2023 and October

22  11, 2023 Orders (Dkts. 46, 63).

23          Apple objects to this Request to the extent it requires the production of source code or other

24  highly confidential technical documentation.

25          Apple objects to this Request to the extent it seeks information that is available from public

26  sources.    Apple refers to its Apple Platform Security Guide whitepaper, at

27  https://help.apple.com/pdf/security/en_US/apple-platform-security-guide.pdf.    CPC   has   not

28  indicated whether additional information is required beyond that which is publicly available.

Apple objects to this Request to the extent it seeks information protected from discovery by the attorney-client privilege, work product doctrine or immunity, common legal interest privilege, joint defense privilege, and/or any other applicable privilege or protection.  Apple further objects to this Request as vague, ambiguous, overly broad, unduly burdensome, and not proportional to the needs of the case with respect to "the steps to perform the fingerprint matching in Apple Touch ID." Apple further objects to this Request, which uses the phrase "documents sufficient to show," because it is "undefined and is likely to lead to unduly burdensome discovery."  *See* Dkt. 5 at 3. Apple objects to this Request to the extent it seeks documents concerning unannounced products. Apple further objects to this Request to the extent it is not bounded by any relevant time period or geographic scope.  Apple further objects to this Request to the extent it seeks the production of documents that are not maintained or created by Apple in the ordinary course of business.

Subject to and without waiving any of its objections, and to the extent Apple understands this Request, Apple responds as follows: Apple is willing to meet and confer regarding the scope of this Request and to discuss the production of documents pursuant to the procedures set forth in the Modified Protective Order (Dkt. 55).

**REQUEST NO. 4:**

Documents sufficient to describe the communication to the Secure Element of the Apple Touch ID Devices upon a successful fingerprint match, including an identification of the components of such devices in such communication path.

**RESPONSE TO REQUEST NO. 4:**

Apple objects to this Subpoena because the four discretionary *Intel* factors weigh against granting relief under § 1782.  *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 264, 265 (2004).  Apple will soon file a Notice of Appeal regarding the Court's January 3, 2023 and October 11, 2023 Orders (Dkts. 46, 63).

Apple objects to this Request to the extent it requires the production of source code or other highly confidential technical documentation.

Apple objects to this Request to the extent it seeks information that is available from public sources.    Apple    refers    to    its    Apple    Platform    Security    Guide    whitepaper,    at

https://help.apple.com/pdf/security/en_US/apple-platform-security-guide.pdf.     CPC   has   not

indicated whether additional information is required beyond that which is publicly available.

Apple objects to this Request to the extent it seeks information protected from discovery by

the attorney-client privilege, work product doctrine or immunity, common legal interest privilege,

joint defense privilege, and/or any other applicable privilege or protection.  Apple further objects to

this Request as vague, ambiguous, overly broad, unduly burdensome, and not proportional to the

needs of the case with respect to "the communication to the Secure Element … upon a successful

fingerprint match," "Apple Touch ID Devices," and "an identification of the components of such

devices in such communication path."  Apple further objects to this Request, which uses the phrase

"documents sufficient to show," because it is "undefined and is likely to lead to unduly burdensome

discovery."  *See* Dkt. 5 at 3.  Apple objects to this Request to the extent it seeks documents

concerning unannounced products.  Apple further objects to this Request to the extent it is not

bounded by any relevant time period or geographic scope.  Apple further objects to this Request to

the extent it seeks the production of documents that are not maintained or created by Apple in the

ordinary course of business.

Subject to and without waiving any of its objections, and to the extent Apple understands

this Request, Apple responds as follows: Apple is willing to meet and confer regarding the scope of

this Request and to discuss the production of documents pursuant to the procedures set forth in the

Modified Protective Order (Dkt. 55).

**REQUEST NO. 5:**

Documents sufficient to describe the collection and storage of enrolled facial data utilized in

iPhone models and Apple laptop computers equipped with Face ID (collectively "Apple Face ID

Devices"), including an identification of the components involved of such devices in such storage,

and the location of such storage.

**RESPONSE TO REQUEST NO. 5:**

Apple objects to this Subpoena because the four discretionary *Intel* factors weigh against

granting relief under § 1782.  *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 264, 265

(2004).  Apple will soon file a Notice of Appeal regarding the Court's January 3, 2023 and October 11, 2023 Orders (Dkts. 46, 63).

Apple objects to this Request to the extent it requires the production of source code or other highly confidential technical documentation.

Apple objects to this Request to the extent it seeks information that is available from public sources.  Apple refers to its Apple Platform Security Guide whitepaper, at https://help.apple.com/pdf/security/en_US/apple-platform-security-guide.pdf.  CPC has not indicated whether additional information is required beyond that which is publicly available.

Apple objects to this Request to the extent it seeks information protected from discovery by the attorney-client privilege, work product doctrine or immunity, common legal interest privilege, joint defense privilege, and/or any other applicable privilege or protection.  Apple further objects to this Request as vague, ambiguous, overly broad, unduly burdensome, and not proportional to the needs of the case with respect to "the collection and storage of enrolled facial data utilized in iPhone models and Apple laptop computers," "Apple Face ID Devices," and "including an identification of the components involved of such devices in such storage, and the location of such storage."  Apple further objects to this Request, which uses the phrase "documents sufficient to show," because it is "undefined and is likely to lead to unduly burdensome discovery."  *See* Dkt. 5 at 3.  Apple objects to this Request to the extent it seeks documents concerning unannounced products.  Apple further objects to this Request to the extent it is not bounded by any relevant time period or geographic scope.  Apple further objects to this Request to the extent it seeks the production of documents that are not maintained or created by Apple in the ordinary course of business.

Subject to and without waiving any of its objections, and to the extent Apple understands this Request, Apple responds as follows: Apple is willing to meet and confer regarding the scope of this Request and to discuss the production of documents pursuant to the procedures set forth in the Modified Protective Order (Dkt. 55).

**REQUEST NO. 6:**

Documents sufficient to describe the steps to perform the facial data matching in Apple Face ID.

1   **RESPONSE TO REQUEST NO. 6:**

2       Apple objects to this Subpoena because the four discretionary *Intel* factors weigh against

3   granting relief under § 1782.  *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 264, 265

4   (2004).  Apple will soon file a Notice of Appeal regarding the Court's January 3, 2023 and October

5   11, 2023 Orders (Dkts. 46, 63).

6       Apple objects to this Request to the extent it requires the production of source code or other

7   highly confidential technical documentation.

8       Apple objects to this Request to the extent it seeks information that is available from public

9   sources.     Apple   refers   to   its   Apple   Platform   Security   Guide   whitepaper,   at

10  https://help.apple.com/pdf/security/en_US/apple-platform-security-guide.pdf.     CPC   has   not

11  indicated whether additional information is required beyond that which is publicly available.

12      Apple objects to this Request to the extent it seeks information protected from discovery by

13  the attorney-client privilege, work product doctrine or immunity, common legal interest privilege,

14  joint defense privilege, and/or any other applicable privilege or protection.  Apple further objects to

15  this Request as vague, ambiguous, overly broad, unduly burdensome, and not proportional to the

16  needs of the case with respect to "the steps to perform the facial data matching in Apple Face ID."

17  Apple further objects to this Request, which uses the phrase "documents sufficient to show,"

18  because it is "undefined and is likely to lead to unduly burdensome discovery."  *See* Dkt. 5 at 3.

19  Apple further objects to this Request to the extent it seeks documents concerning unannounced

20  products.  Apple further objects to this Request to the extent it is not bounded by any relevant time

21  period or geographic scope.   Apple further objects to this Request to the extent it seeks the

22  production of documents that are not maintained or created by Apple in the ordinary course of

23  business.

24      Subject to and without waiving any of its objections, and to the extent Apple understands

25  this Request, Apple responds as follows: Apple is willing to meet and confer regarding the scope of

26  this Request and to discuss the production of documents pursuant to the procedures set forth in the

27  Modified Protective Order (Dkt. 55).

28

1    **REQUEST NO. 7:**

2        Documents sufficient to describe the manner in which a successful facial data match is

3    communicated to the Secure Element of the Apple Face ID Devices.

4    **RESPONSE TO REQUEST NO. 7:**

5        Apple objects to this Subpoena because the four discretionary *Intel* factors weigh against

6    granting relief under § 1782.  *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 264, 265

7    (2004).  Apple will soon file a Notice of Appeal regarding the Court's January 3, 2023 and October

8    11, 2023 Orders (Dkts. 46, 63).

9        Apple objects to this Request to the extent it requires the production of source code or other

10   highly confidential technical documentation.

11       Apple objects to this Request to the extent it seeks information that is available from public

12   sources.    Apple   refers   to   its   Apple   Platform   Security   Guide   whitepaper,   at

13   https://help.apple.com/pdf/security/en_US/apple-platform-security-guide.pdf.       CPC   has   not

14   indicated whether additional information is required beyond that which is publicly available.

15       Apple objects to this Request to the extent it seeks information protected from discovery by

16   the attorney-client privilege, work product doctrine or immunity, common legal interest privilege,

17   joint defense privilege, and/or any other applicable privilege or protection.  Apple further objects to

18   this Request vague, ambiguous, overly broad, unduly burdensome, and not proportional to the needs

19   of the case with respect to "the manner in which a successful facial data match is communicated to

20   the Secure Element" and "Apple Face ID Devices."  Apple further objects to this Request, which

21   uses the phrase "documents sufficient to show," because it is "undefined and is likely to lead to

22   unduly burdensome discovery."  *See* Dkt. 5 at 3.  Apple further objects to this Request to the extent

23   it seeks documents concerning unannounced products.  Apple further objects to this Request to the

24   extent it is not bounded by any relevant time period or geographic scope.  Apple further objects to

25   this Request to the extent it seeks the production of documents that are not maintained or created by

26   Apple in the ordinary course of business.

27       Subject to and without waiving any of its objections, and to the extent Apple understands

28   this Request, Apple responds as follows: Apple is willing to meet and confer regarding the scope of

APPLE INC.'S OBJECTIONS AND RESPONSES TO
SUBPOENA
Case No. 4:21-mc-80091-JST

1  this Request and to discuss the production of documents pursuant to the procedures set forth in the

2  Modified Protective Order (Dkt. 55).

3  **REQUEST NO. 8:**

4        Documents sufficient to describe the role of the Application Processor in the functionality

5  of Apple Touch ID.

6  **RESPONSE TO REQUEST NO. 8:**

7        Apple objects to this Subpoena because the four discretionary *Intel* factors weigh against

8  granting relief under § 1782.  *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 264, 265

9  (2004).  Apple will soon file a Notice of Appeal regarding the Court's January 3, 2023 and October

10  11, 2023 Orders (Dkts. 46, 63).

11        Apple objects to this Request to the extent it requires the production of source code or other

12  highly confidential technical documentation.

13        Apple objects to this Request to the extent it seeks information that is available from public

14  sources.    Apple    refers    to    its    Apple    Platform    Security    Guide    whitepaper,    at

15  https://help.apple.com/pdf/security/en_US/apple-platform-security-guide.pdf.    CPC    has    not

16  indicated whether additional information is required beyond that which is publicly available.

17        Apple objects to this Request to the extent it seeks information protected from discovery by

18  the attorney-client privilege, work product doctrine or immunity, common legal interest privilege,

19  joint defense privilege, and/or any other applicable privilege or protection.  Apple further objects to

20  this Request as vague, ambiguous, overly broad, unduly burdensome, and not proportional to the

21  needs of the case with respect to "the role of the Application Processor in the functionality of Apple

22  Touch ID."  Apple further objects to this Request, which uses the phrase "documents sufficient to

23  show," because it is "undefined and is likely to lead to unduly burdensome discovery."  *See* Dkt. 5

24  at 3.  Apple objects to this Request to the extent it seeks documents concerning unannounced

25  products.  Apple further objects to this Request to the extent it is not bounded by any relevant time

26  period or geographic scope.  Apple further objects to this Request to the extent it seeks the

27  production of documents that are not maintained or created by Apple in the ordinary course of

28  business.

1       Subject to and without waiving any of its objections, and to the extent Apple understands

2   this Request, Apple responds as follows: Apple is willing to meet and confer regarding the scope of

3   this Request and to discuss the production of documents pursuant to the procedures set forth in the

4   Modified Protective Order (Dkt. 55).

5   **REQUEST NO. 9:**

6       Documents sufficient to describe the role of the Application Processor in the functionality

7   of Apple Face ID.

8   **RESPONSE TO REQUEST NO. 9:**

9       Apple objects to this Subpoena because the four discretionary *Intel* factors weigh against

10   granting relief under § 1782.  *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 264, 265

11   (2004).  Apple will soon file a Notice of Appeal regarding the Court's January 3, 2023 and October

12   11, 2023 Orders (Dkts. 46, 63).

13       Apple objects to this Request to the extent it requires the production of source code or other

14   highly confidential technical documentation.

15       Apple objects to this Request to the extent it seeks information that is available from public

16   sources.  Apple refers to its Apple Platform Security Guide whitepaper, at

17   https://help.apple.com/pdf/security/en_US/apple-platform-security-guide.pdf.  CPC has not

18   indicated whether additional information is required beyond that which is publicly available.

19       Apple objects to this Request to the extent it seeks information protected from discovery by

20   the attorney-client privilege, work product doctrine or immunity, common legal interest privilege,

21   joint defense privilege, and/or any other applicable privilege or protection.  Apple further objects to

22   this Request as vague, ambiguous, overly broad, unduly burdensome, and not proportional to the

23   needs of the case with respect to "the role of the Application Processor in the functionality of Apple

24   Face ID."  Apple further objects to this Request, which uses the phrase "documents sufficient to

25   show," because it is "undefined and is likely to lead to unduly burdensome discovery."  *See* Dkt. 5

26   at 3.  Apple further objects to this Request to the extent it seeks documents concerning unannounced

27   products.  Apple further objects to this Request to the extent it is not bounded by any relevant time

28   period or geographic scope.  Apple further objects to this Request to the extent it seeks the

1   production of documents that are not maintained or created by Apple in the ordinary course of

2   business.

3       Subject to and without waiving any of its objections, and to the extent Apple understands

4   this Request, Apple responds as follows: Apple is willing to meet and confer regarding the scope of

5   this Request and to discuss the production of documents pursuant to the procedures set forth in the

6   Modified Protective Order (Dkt. 55).

7   **REQUEST NO. 10:**

8       Documents sufficient to describe the role of the Secure Enclave in the functionality of the

9   Apple Touch ID.

10  **RESPONSE TO REQUEST NO. 10:**

11      Apple objects to this Subpoena because the four discretionary *Intel* factors weigh against

12  granting relief under § 1782.  *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 264, 265

13  (2004).  Apple will soon file a Notice of Appeal regarding the Court's January 3, 2023 and October

14  11, 2023 Orders (Dkts. 46, 63).

15      Apple objects to this Request to the extent it requires the production of source code or other

16  highly confidential technical documentation.

17      Apple objects to this Request to the extent it seeks information that is available from public

18  sources.    Apple   refers   to   its   Apple   Platform   Security   Guide   whitepaper,   at

19  https://help.apple.com/pdf/security/en_US/apple-platform-security-guide.pdf.    CPC   has   not

20  indicated whether additional information is required beyond that which is publicly available.

21      Apple objects to this Request to the extent it seeks information protected from discovery by

22  the attorney-client privilege, work product doctrine or immunity, common legal interest privilege,

23  joint defense privilege, and/or any other applicable privilege or protection.  Apple further objects to

24  this Request as vague, ambiguous, overly broad, unduly burdensome, and not proportional to the

25  needs of the case with respect to "the role of the Secure Enclave in the functionality of the Apple

26  Touch ID."  Apple further objects to this Request, which uses the phrase "documents sufficient to

27  show," because it is "undefined and is likely to lead to unduly burdensome discovery."  *See* Dkt. 5

28  at 3.  Apple further objects to this Request to the extent it seeks documents concerning unannounced

products.  Apple further objects to this Request to the extent it is not bounded by any relevant time period or geographic scope.  Apple further objects to this Request to the extent it seeks the production of documents that are not maintained or created by Apple in the ordinary course of business.

Subject to and without waiving any of its objections, and to the extent Apple understands this Request, Apple responds as follows: Apple is willing to meet and confer regarding the scope of this Request and to discuss the production of documents pursuant to the procedures set forth in the Modified Protective Order (Dkt. 55).

**REQUEST NO. 11:**

Documents sufficient to describe the role of the Secure Enclave in the functionality of the Apple Face ID.

**RESPONSE TO REQUEST NO. 11:**

Apple objects to this Subpoena because the four discretionary *Intel* factors weigh against granting relief under § 1782.  *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 264, 265 (2004).  Apple will soon file a Notice of Appeal regarding the Court's January 3, 2023 and October 11, 2023 Orders (Dkts. 46, 63).

Apple objects to this Request to the extent it requires the production of source code or other highly confidential technical documentation.

Apple objects to this Request to the extent it seeks information that is available from public sources.  Apple refers to its Apple Platform Security Guide whitepaper, at https://help.apple.com/pdf/security/en_US/apple-platform-security-guide.pdf.  CPC has not indicated whether additional information is required beyond that which is publicly available.

Apple objects to this Request to the extent it seeks information protected from discovery by the attorney-client privilege, work product doctrine or immunity, common legal interest privilege, joint defense privilege, and/or any other applicable privilege or protection.  Apple further objects to this Request as vague, ambiguous, overly broad, unduly burdensome, and not proportional to the needs of the case with respect to "the role of the Secure Enclave in the functionality of the Apple Face ID."  Apple further objects to this Request, which uses the phrase "documents sufficient to

1  show," because it is "undefined and is likely to lead to unduly burdensome discovery."  *See* Dkt. 5

2  at 3.  Apple further objects to this Request to the extent it seeks documents concerning unannounced

3  products.  Apple further objects to this Request to the extent it is not bounded by any relevant time

4  period or geographic scope.  Apple further objects to this Request to the extent it seeks the

5  production of documents that are not maintained or created by Apple in the ordinary course of

6  business.

7          Subject to and without waiving any of its objections, and to the extent Apple understands

8  this Request, Apple responds as follows: Apple is willing to meet and confer regarding the scope of

9  this Request and to discuss the production of documents pursuant to the procedures set forth in the

10  Modified Protective Order (Dkt. 55).

11  **REQUEST NO. 12:**

12          Documents sufficient to describe the role of the Neural Engine in the functionality of Apple

13  Touch ID.

14  **RESPONSE TO REQUEST NO. 12:**

15          Apple objects to this Subpoena because the four discretionary *Intel* factors weigh against

16  granting relief under § 1782.  *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 264, 265

17  (2004).  Apple will soon file a Notice of Appeal regarding the Court's January 3, 2023 and October

18  11, 2023 Orders (Dkts. 46, 63).

19          Apple objects to this Request to the extent it requires the production of source code or other

20  highly confidential technical documentation.

21          Apple objects to this Request to the extent it seeks information that is available from public

22  sources.    Apple    refers    to    its    Apple    Platform    Security    Guide    whitepaper,    at

23  https://help.apple.com/pdf/security/en_US/apple-platform-security-guide.pdf.    CPC    has    not

24  indicated whether additional information is required beyond that which is publicly available.

25          Apple objects to this Request to the extent it seeks information protected from discovery by

26  the attorney-client privilege, work product doctrine or immunity, common legal interest privilege,

27  joint defense privilege, and/or any other applicable privilege or protection.  Apple further objects to

28  this Request as vague, ambiguous, overly broad, unduly burdensome, and not proportional to the

needs of the case with respect to "the role of the Neural Engine in the functionality of Apple Touch ID."  Apple further objects to this Request, which uses the phrase "documents sufficient to show," because it is "undefined and is likely to lead to unduly burdensome discovery."  *See* Dkt. 5 at 3. Apple further objects to this Request to the extent it seeks documents concerning unannounced products.  Apple further objects to this Request to the extent it is not bounded by any relevant time period or geographic scope.  Apple further objects to this Request to the extent it seeks the production of documents that are not maintained or created by Apple in the ordinary course of business.

Subject to and without waiving any of its objections, and to the extent Apple understands this Request, Apple responds as follows: Apple is willing to meet and confer regarding the scope of this Request and to discuss the production of documents pursuant to the procedures set forth in the Modified Protective Order (Dkt. 55).

**REQUEST NO. 13:**

Documents sufficient to describe the role of the Neural Engine in the functionality of Apple Face ID.

**RESPONSE TO REQUEST NO. 13:**

Apple objects to this Subpoena because the four discretionary *Intel* factors weigh against granting relief under § 1782.  *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 264, 265 (2004).  Apple will soon file a Notice of Appeal regarding the Court's January 3, 2023 and October 11, 2023 Orders (Dkts. 46, 63).

Apple objects to this Request to the extent it requires the production of source code or other highly confidential technical documentation.

Apple objects to this Request to the extent it seeks information that is available from public sources.   Apple  refers  to  its  Apple  Platform  Security  Guide  whitepaper,  at https://help.apple.com/pdf/security/en_US/apple-platform-security-guide.pdf.    CPC  has  not indicated whether additional information is required beyond that which is publicly available.

Apple objects to this Request to the extent it seeks information protected from discovery by the attorney-client privilege, work product doctrine or immunity, common legal interest privilege,

1    joint defense privilege, and/or any other applicable privilege or protection.  Apple further objects to

2    this Request as vague, ambiguous, overly broad, unduly burdensome, and not proportional to the

3    needs of the case with respect to "the role of the Neural Engine in the functionality of Apple Touch

4    ID."  Apple further objects to this Request, which uses the phrase "documents sufficient to show,"

5    because it is "undefined and is likely to lead to unduly burdensome discovery."  *See* Dkt. 5 at 3.

6    Apple further objects to this Request to the extent it seeks documents concerning unannounced

7    products.  Apple further objects to this Request to the extent it is not bounded by any relevant time

8    period or geographic scope.  Apple further objects to this Request to the extent it seeks the

9    production of documents that are not maintained or created by Apple in the ordinary course of

10   business.

11         Subject to and without waiving any of its objections, and to the extent Apple understands

12   this Request, Apple responds as follows: Apple is willing to meet and confer regarding the scope of

13   this Request and to discuss the production of documents pursuant to the procedures set forth in the

14   Modified Protective Order (Dkt. 55).

15   **REQUEST NO. 14:**

16         Documents sufficient to describe the device unlocking function in the Apple Touch ID

17   Devices, including an identification of the components of such devices involved in such function.

18   **RESPONSE TO REQUEST NO. 14:**

19         Apple objects to this Subpoena because the four discretionary *Intel* factors weigh against

20   granting relief under § 1782.  *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 264, 265

21   (2004).  Apple will soon file a Notice of Appeal regarding the Court's January 3, 2023 and October

22   11, 2023 Orders (Dkts. 46, 63).

23         Apple objects to this Request to the extent it requires the production of source code or other

24   highly confidential technical documentation.

25         Apple objects to this Request to the extent it seeks information that is available from public

26   sources.    Apple   refers   to   its   Apple   Platform   Security   Guide   whitepaper,   at

27   https://help.apple.com/pdf/security/en_US/apple-platform-security-guide.pdf.    CPC   has   not

28   indicated whether additional information is required beyond that which is publicly available.

Apple objects to this Request to the extent it seeks information protected from discovery by the attorney-client privilege, work product doctrine or immunity, common legal interest privilege, joint defense privilege, and/or any other applicable privilege or protection.  Apple further objects to this Request as vague, ambiguous, overly broad, unduly burdensome, and not proportional to the needs of the case with respect to "the device unlocking function," "Apple Touch ID Devices," and "including an identification of the components of such devices involved in such function."  Apple further objects to this Request, which uses the phrase "documents sufficient to show," because it is "undefined and is likely to lead to unduly burdensome discovery."  *See* Dkt. 5 at 3.  Apple further objects to this Request to the extent it seeks documents concerning unannounced products.  Apple further objects to this Request to the extent it is not bounded by any relevant time period or geographic scope.  Apple further objects to this Request to the extent it seeks the production of documents that are not maintained or created by Apple in the ordinary course of business.

Subject to and without waiving any of its objections, and to the extent Apple understands this Request, Apple responds as follows: Apple is willing to meet and confer regarding the scope of this Request and to discuss the production of documents pursuant to the procedures set forth in the Modified Protective Order (Dkt. 55).

**REQUEST NO. 15:**

Documents sufficient to describe the device unlocking function in the Apple Face ID Devices, including an identification of the components of such devices involved in such function.

**RESPONSE TO REQUEST NO. 15:**

Apple objects to this Subpoena because the four discretionary *Intel* factors weigh against granting relief under § 1782.  *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 264, 265 (2004).  Apple will soon file a Notice of Appeal regarding the Court's January 3, 2023 and October 11, 2023 Orders (Dkts. 46, 63).

Apple objects to this Request to the extent it requires the production of source code or other highly confidential technical documentation.

Apple objects to this Request to the extent it seeks information that is available from public sources.   Apple   refers   to   its   Apple   Platform   Security   Guide   whitepaper,   at

1    https://help.apple.com/pdf/security/en_US/apple-platform-security-guide.pdf.     CPC   has   not

2    indicated whether additional information is required beyond that which is publicly available.

3          Apple objects to this Request to the extent it seeks information protected from discovery by

4    the attorney-client privilege, work product doctrine or immunity, common legal interest privilege,

5    joint defense privilege, and/or any other applicable privilege or protection.  Apple further objects to

6    this Request as vague, ambiguous, overly broad, unduly burdensome, and not proportional to the

7    needs of the case with respect to "the device unlocking function," "Apple Face ID Devices," and

8    "an identification of the components of such devices involved in such function."  Apple further

9    objects to this Request, which uses the phrase "documents sufficient to show," because it is

10   "undefined and is likely to lead to unduly burdensome discovery."  *See* Dkt. 5 at 3.   Apple objects

11   to this Request to the extent it seeks documents concerning unannounced products.  Apple further

12   objects to this Request to the extent it is not bounded by any relevant time period or geographic

13   scope.  Apple further objects to this Request to the extent it seeks the production of documents that

14   are not maintained or created by Apple in the ordinary course of business.

15         Subject to and without waiving any of its objections, and to the extent Apple understands

16   this Request, Apple responds as follows: Apple is willing to meet and confer regarding the scope of

17   this Request and to discuss the production of documents pursuant to the procedures set forth in the

18   Modified Protective Order (Dkt. 55).

19

20

21

22   Dated:  November 7, 2023                          FISH & RICHARDSON P.C.

23

24                                                     By:  */s/ Seth M. Sproul*_____
25                                                          Seth M. Sproul
                                                            Attorney for Respondent
26                                                          APPLE INC.

27

28

## <u>CERTIFICATE OF SERVICE</u>

I certify that on November 7, 2023, a true and correct copy of the foregoing was served on

counsel of record for Plaintiff via electronic mail.

| | |
|---|---|
| George C. Summerfield<br>James A. Shimota<br>K&L Gates LLP<br>70 W. Madison Street, Suite 3300<br>Chicago, IL 60602<br><br>Elizabeth Abbott Gilman<br>K & L Gates LLP<br>1000 Main, Suite 2550<br>Houston, TX 77002 | Stewart Mesher<br>K & L Gates LLP<br>2801 Via Fortuna, Suite 350<br>Austin, TX 77002<br>Attorneys for<br>CPC Patent Technologies Pty Ltd.<br><br>Email Service List:<br>CPCKLGUSService@klgates.com |

*/s/ Joy B. Kete*
Joy B. Kete