# EXHIBIT B

Case No. 21-16212

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

CPC PATENT TECHNOLOGIES PTY LTD.,
*Petitioner-Appellant*,

v.

Apple Inc.,
*Respondent-Appellee*

Appeal from the United States District Court,
Northern District of California,
Case No. 5:21-mc-80091-JST,
Honorable Jon. S. Tigar

# RESPONDENT-APPELLEE APPLE'S ANSWERING BRIEF

Seth M. Sproul
John W. Thornburgh
FISH & RICHARDSON P.C.
12860 El Camino Real, Suite 400
San Diego, CA 92130
Telephone: (858) 678-5070
Facsimile: (858) 678-5099
sproul@fr.com
thornburgh@fr.com

Tony Nguyen
FISH & RICHARDSON P.C.
1221 McKinney Street, Suite 2800
Houston, TX 90067
Telephone: (713) 654-5300
Facsimile: (713) 652-0109
nguyen@fr.com

Eda Stark
FISH & RICHARDSON P.C.
1180 Peachtree Street NE, 21st Floor
Atlanta, GA 30309
Telephone: (404) 892-5005
stark@fr.com

## CORPORATE DISCLOSURE STATEMENT

Pursuant to the Federal Rules of Appellate Procedure 26.1, Respondent-Appellee Apple Inc. hereby discloses it has no parent corporations and that there is no publicly-held company that owns 10% or more of Apple Inc.'s stock.

## **TABLE OF CONTENTS**

CORPORATE DISCLOSURE STATEMENT .................................................. i

STATEMENT OF JURISDICTION ........................................................... 1

STATEMENT OF THE ISSUES ............................................................. 2

STATEMENT OF THE CASE ............................................................... 3

INTRODUCTION AND SUMMARY OF ARGUMENT ........................................... 7

STANDARD OF REVIEW ................................................................. 8

ARGUMENT ........................................................................... 8

I.    The Ninth Circuit Reviews a District Court's Ruling on a § 1782 Petition for Abuse of Discretion ................................................................ 8

II.   District Courts in the Ninth Circuit Apply a Clear Error Standard When Reviewing a Magistrate's Decision on a § 1782 Petition ........................... 9

III.  Under the Clear Error Standard of Review, District Judge Tigar did not Err in Affirming Magistrate Judge Cousins' Denial of CPC's § 1782 Petition ................. 14

   A.   CPC's Requests were Unduly Intrusive or Burdensome ....................... 14

   B.   The Parties Can Discuss and Negotiate Information Sharing in an Already Established Venue ................................................... 17

CONCLUSION .......................................................................... 20

CERTIFICATE OF COMPLIANCE ......................................................... 21

# <u>TABLE OF AUTHORITIES</u>

**Cases**                                                                                     **Page(s)**

*1782 by Nikon Corp.*,
    No. 17-mc-80071-BLF, 2017 WL 4647753 (N.D. Cal. Oct. 16, 2017)............11

*Akebia Therapeutics, Inc. v. FibroGen, Inc.*,
    793 F.3d 1108 (9th Cir. 2015) ...............................................................16

*In re Application of AIS GmbH Aachen Innovative Sols. & Abiomed Europe GmbH*,
    No. 5:16-MC-80094-EJD, 2017 WL 3115228 (N.D. Cal. July 21, 2017).........10

*In re Application of Khrapunov*,
    No. 17-mc-80107-HSG, 2018 WL 3609045 (N.D. Cal. July 27, 2018) ............10

*ex parte Application of Rainsy*,
    No. 16-mc-80258-DMR, 2017 WL 528476 (N.D. Cal. Feb. 9, 2017)................9

*Four Pillars Enters. Co. v. Avery Dennison Corp.*,
    308 F.3d 1075 (9th Cir. 2002) ..............................................................8, 9, 15

*Illumina Cambridge Ltd. v. Complete Genomics, Inc.*,
    No. 19-mc-80215-WHO, 2020 WL 1694353 (N.D. Cal. Apr. 7, 2020) ............10

*Interbrew Cent. European Holding BV v. Molson Coors Brewing Co.*,
    No. 13-CV-02096-MSK-KLM, 2013 WL 5567504 (D. Colo. Oct. 9, 2013) ....11

*Khrapunov v. Prosyankin*,
    931 F.3d 922 (9th Cir. 2019) ................................................................8, 12

*Nypl v. JPMorgan Chase & Co.*,
    803 Fed. Appx. 135 (9th Cir. 2020).............................................................12

*In re Premises Located at 840 140th Ave. NE, Bellevue, Washington*,
    634 F.3d 557 (9th Cir. 2011) ..................................................................1

*Snowflake Inc. v. Yeti Data, Inc.*,
    No. 20-mc-80190-EMC, 2021 WL 1056550 (N.D. Cal. Mar. 18, 2021)...1, 9, 13

*United States v. Sealed 1*,
    235 F.3d 1200 (9th Cir. 2000) ...............................................................16

**Statutes**

28 U.S.C. § 631 ...................................................................................1

28 U.S.C. § 636 ...................................................................................1

28 U.S.C. § 1291 .................................................................................1

28 U.S.C. § 1782 ...........................................................................*passim*

**Other Authorities**

N.D. Cal. Gen. Order No. 44(E)(3)....................................................4, 13

Fed. R. Civ. P. 72 .............................................................................5, 10

Gen. Order 44(E)(3) ..............................................................................13

N.D. Cal. R. 72.3 ....................................................................................5

## STATEMENT OF JURISDICTION

The magistrate court had jurisdiction under 28 U.S.C. § 631. *See Snowflake Inc. v. Yeti Data, Inc.*, No. 20-mc-80190-EMC, 2021 WL 1056550, at *3 (N.D. Cal. Mar. 18, 2021) ("Under the Federal Magistrates Act, 28 U.S.C. § 631, the Court may refer certain non-dispositive pretrial matters to a Magistrate Judge for a binding final determination, which is reviewed under a clearly erroneous standard of review. *See* 28 U.S.C. § 636(b)(1)(A). The Court may also refer certain case-dispositive motions for an evidentiary hearing and/or a non-binding report and recommendation, which is scrutinized under a *de novo* standard of review. 28 U.S.C. § 636(b)(1) (B)-(C).").

The district court had jurisdiction under 28 U.S.C. § 1782. *See* 28 U.S.C. § 1782 ("The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation.").

This Court has jurisdiction under 28 U.S.C. § 1291. *In re Premises Located at 840 140th Ave. NE, Bellevue, Washington*, 634 F.3d 557, 566-67 (9th Cir. 2011).

1

## STATEMENT OF THE ISSUES

1.      Does the Ninth Circuit review a district court's ruling on a § 1782 petition for abuse of discretion?

2.      Do district courts in the Ninth Circuit apply a clear error standard when reviewing a magistrate's decision on a § 1782 petition?

3.      Applying the clear error standard of review, did District Judge Tigar abuse his discretion in affirming Magistrate Judge Cousins' denial of CPC's § 1782 petition where the Magistrate Judge also exercised his discretion to find two independent grounds for denial: (a) CPC's requests were unduly intrusive or burdensome, and (b) relief under § 1782 was unnecessary since the parties can discuss and negotiate information sharing in an already established venue?

## STATEMENT OF THE CASE

In February 2021, CPC Patent Technologies PTY Ltd. ("CPC") filed a patent infringement lawsuit against Apple Inc. ("Apple") in the Western District of Texas asserting three patents.  ER-063–072.  In April 2021, CPC filed a petition under 28 U.S.C. § 1782 in the Northern District of California seeking discovery assistance from the Court.  ER-146–155.  In its § 1782 petition, CPC requested documents in 15 categories:

1.     Documents sufficient to describe the storage of enrolled fingerprint data in the iPhone models and Apple laptop computers equipped with Touch ID (collectively "Apple Touch ID Devices").

2.     Documents sufficient to describe the manner of communicating fingerprint data from the touch sensor to the Secure Enclave of the Apple Touch ID Devices, including an identification of the components of such devices in such communication path.

3.     Documents sufficient to describe the manner in which fingerprint matching is performed in the Apple Touch ID Devices.

4.     Documents sufficient to describe the communication to the Secure Element of the Apple Touch ID Devices upon a successful fingerprint match, including an identification of the components of such devices in such communication path.

5.     Documents sufficient to describe the collection and storage of enrolled facial data utilized in iPhone models and Apple laptop computers equipped with Face ID (collectively "Apple Face ID Devices"), including an identification of the components involved of such storage, and the location of such storage.

6.     Documents sufficient to describe the manner in which facial data matching is performed in the Apple Face ID Devices.

3

7.     Documents sufficient to describe the manner in which a successful facial data match is communicated to the Secure Element of the Apple Face ID Devices.

8.     Documents sufficient to describe the role of the Application Processor in the Apple Touch ID Devices.

9.     Documents sufficient to describe the role of the Application Processor in Apple Face ID Devices.

10.     Documents sufficient to describe the role of the Secure Application Processor in Touch ID of the Apple Touch ID Devices.

11.     Documents sufficient to describe the role of the Secure Application Processor in Face ID of the Apple Face ID Devices.

12.     Documents sufficient to describe the role of the Neural Engine in Touch ID of the Apple Touch ID Devices.

13.     Documents sufficient to describe the role of the Neural Engine in Face ID of the Apple Face ID Devices.

14.     Documents sufficient to describe the device unlocking function in the Apple Touch ID Devices, including an identification of the components of such devices involved in such function.

15.     Documents sufficient to describe the device unlocking function in the Apple Face ID devices, including an identification of the components of such devices involved in such function.

ER-156–159.  As these requests show, CPC sought through § 1782 broad discovery on the entirety of Apple's Face ID and Touch ID technology for all Apple products utilizing this technology.

The case was assigned to Magistrate Judge Nathanael Cousins under the Northern District of California's established procedure of assigning § 1782 petitions to magistrate judges.  N.D. Cal. Gen. Order No. 44(E)(3).  Judge Cousins denied

4

CPC's § 1782 petition.  ER-142–145.  Judge Cousins found that the petition turned on exercise of the court's discretion and that "[a]lthough each category is limited to documents 'sufficient to show' different attributes, rather than 'all' documents related to each attribute, the Court finds that this 'sufficient to show' descriptor is undefined and is likely to lead to unduly burdensome discovery."  ER-145.  As a separate ground for denying CPC's § 1782 petition, Judge Cousins also stated that the "Court disfavors granting an *ex parte* discovery application when the parties involved are able to discuss and negotiate information sharing in an already established venue," referring to CPC's patent suit against Apple in the Western District of Texas.  *Id.*  Thus, Judge Cousins stated "the Court exercises its discretion to deny the application."  *Id.*

CPC sought review of Judge Cousins' decision in a motion self-styled as "CPC Patent Technologies PTY Ltd.'s Motion for *de novo* Determination of Dispositive Matter Referred to Magistrate Judge Pursuant to Fed. R. Civ. P. 72 and N.D. Cal. R. 72.3."  ER-049.  In its motion,[1] CPC failed to inform the district court that many district courts in the Ninth Circuit apply a clear error standard of review

---

[1] CPC was dangerously close to having its motion deemed abandoned by the district court for failing to serve a copy of its motion on Apple.  *See* ER-038 ("As of the date of this order [May 20, 2021], CPC has not filed a proof of service.  If CPC does not file a proof of service by May 27, 2021, the Court will consider CPC's motion to have been abandoned and deny it.").

for § 1782 petitions, not a *de novo* standard of review. ER-048–058. Apple

informed the Court of this authority in its opposition:

> Although the Ninth Circuit has not clearly ruled on this issue, most district courts in the circuit appear to view § 1782 motions as non-dispositive and apply the clear error standard, not *de novo* review. *See Illumina Cambridge Ltd. v. Complete Genomics, Inc.,* No. 19-mc-80215-WHO, 2020 WL 1694353, at *2 (N.D. Cal. Apr. 7, 2020) ("The parties disagree as to whether a magistrate judge's ruling on a Section 1782 application should be reviewed for clear error or de novo. The Ninth Circuit has not yet clearly ruled on this issue and courts have applied different standards, although most courts appear to apply the clear error standard.") (citations omitted).

ER-027–028.

District Judge Jon Tigar denied CPC's motion. ER-002–004. In his order,

Judge Tigar agreed with Apple that clear error was the correct standard of review.

*See* ER-003 ("First, the Court agrees with other courts in this district that have

concluded that the proper standard of review is for clear error, rather than de novo.").

Judge Tigar did not stop there; he also examined the record below and found Judge

Cousins' ruling to be correct and well within the court's exercise of discretion. *See*

ER-004 ("…having reviewed the record, the Court does not find that Judge

Cousins's denial of CPC's application was contrary to law or clearly erroneous.

Given the nature of CPC's proposed discovery requests, as well as the pending

litigation in Texas, Judge Cousins acted within his discretion to deny CPC's

application as unduly intrusive or burdensome.") (internal quotations and citations

omitted).

6

CPC then filed this appeal.

## INTRODUCTION AND SUMMARY OF ARGUMENT

CPC argues that this Court should analyze the appealed issues anew and employ a *de novo* review of the district court's decision upholding the magistrate judge's denial of CPC's § 1782 request, but that is not the proper standard, nor would it change the outcome. This Court is required to analyze the appealed issues for abuse of discretion. This Court should find that the district court did not abuse its discretion in affirming the magistrate court's decision denying CPC's §1782 petition because the district court (1) reasonably applied a clear error standard of review instead of a *de novo* standard of review based on the majority of other courts in the Ninth Circuit, and (2) reasoned, based on its review of the record, that the magistrate court acted within its discretion to deny CPC's § 1782 petition on two separate grounds.

CPC's argument would also upset the longstanding practice of district courts in the Ninth Circuit to assign § 1782 petitions to magistrate judges. Requiring *de novo* review by district judges would be wasteful and disruptive. Moreover, CPC's focus on whether denial of a § 1782 petition "leaves nothing further to be done" puts form over substance and ignores that § 1782 petitions are discovery matters, properly decided by magistrate judges.

7

This Court should affirm the decision of the Northern District of California and reject CPC's request to change the law.

## STANDARD OF REVIEW

"We review the district court's decision under § 1782 for abuse of discretion." *Khrapunov v. Prosyankin*, 931 F.3d 922, 924 (9th Cir. 2019).

## ARGUMENT

## I. The Ninth Circuit Reviews a District Court's Ruling on a § 1782 Petition for Abuse of Discretion

As identified in the Standard of Review, the Ninth Circuit reviews a district court's ruling on a § 1782 petition for abuse of discretion. *Khrapunov*, 931 F.3d at 924; *see also In re Application Pursuant to 28 U.S.C. § 1782 to Take Discovery of ASML U.S., Inc.*, 707 Fed. Appx. 476, 477 (9th Cir. 2017) ("ASML U.S., Inc., timely appeals the district court's order, in response to a request by Nikon Corporation pursuant to 28 U.S.C. § 1782(a), requiring ASML U.S. to produce documents and other information. *Reviewing for abuse of discretion*, *Four Pillars Enters. Co. v. Avery Dennison Corp.*, 308 F.3d 1075, 1078 (9th Cir. 2002), we affirm.") (emphasis added).

In its Standard of Review section, CPC identified two different standards of review for a § 1782 petition, but did not clearly identify which applied in this case. It is abuse of discretion.

## II. District Courts in the Ninth Circuit Apply a Clear Error Standard When Reviewing a Magistrate's Decision on a § 1782 Petition

While this Court has not expressly ruled on the standard of review for a district court to review a magistrate judge's decision on a § 1782 petition, this Court has made clear that *it* reviews *a magistrate judge's* decision on a § 1782 petition for abuse of discretion—meaning the magistrate judge's order is not treated as a mere recommendation subject to *de novo* review. *Four Pillars Enters. Co. v. Avery Dennison Corp.*, 308 F.3d 1075, 1078 (9th Cir. 2002) ("The magistrate judge did not abuse his discretion in denying much of the relief sought by Four Pillars pursuant to 28 U.S.C. § 1782."). Based on *Four Pillars*, district courts in this circuit have repeatedly held that this Court treats "a § 1782 order by a Magistrate Judge as a non-dispositive pretrial matter with binding effect." *See, e.g., Snowflake*, 2021 WL 1056550, at *3 ("The Ninth Circuit has treated a § 1782 order by a Magistrate Judge as a non-dispositive pretrial matter with binding effect.") (citing *Four Pillars*, 308 F.3d at 1078); *see also, e.g., In re ex parte Application of Rainsy*, No. 16-mc-80258-DMR, 2017 WL 528476, at *1 n.1 (N.D. Cal. Feb. 9, 2017) ("It appears that applications under 18 U.S.C. § 1782 are non-case-dispositive discovery matters.") (citing *Four Pillars*, 308 F.3d at 1078); *accord In the Matter of A Petition for Judicial Assistance Pursuant to 28 U.S.C. § 1782 by Macquarie Bank Ltd.*, No. 2:14-CV-00797-GMN-NJK, 2015 WL 7258483, at *3 (D. Nev. Nov. 17, 2015) ("However, Judge Koppe further acknowledge [sic] that, because 28 U.S.C. § 1782

9

requests are ancillary by their nature, courts generally view these proceedings as non-dispositive matters.").

The Federal Rules of Civil Procedure require that for non-dispositive matters ruled on by a magistrate judge, the standard of review by a district court judge is "clearly erroneous or is contrary to law." Fed. R. Civ. P. 72 ("(a) Nondispositive Matters. … The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.").

Thus, most district courts within the Ninth Circuit have found a magistrate judge's order on a §1782 petition to be subject to clear error review. *See Illumina Cambridge Ltd. v. Complete Genomics, Inc.,* No. 19-mc-80215-WHO, 2020 WL 1694353, at *2 (N.D. Cal. Apr. 7, 2020) ("The parties disagree as to whether a magistrate judge's ruling on a Section 1782 application should be reviewed for clear error or de novo. The Ninth Circuit has not yet clearly ruled on this issue and courts have applied different standards, although most courts appear to apply the clear error standard.") (citations omitted); *see also In re Application of AIS GmbH Aachen Innovative Sols. & Abiomed Europe GmbH*, No. 5:16-MC-80094-EJD, 2017 WL 3115228, at *6 (N.D. Cal. July 21, 2017) ("For these reasons, [Magistrate] Judge Lloyd's consideration of the factors relevant to a § 1782 application was not clearly erroneous or contrary to law."); *see also In re Application of Khrapunov*, No. 17-

10

mc-80107-HSG, 2018 WL 3609045, at *2 (N.D. Cal. July 27, 2018) ("…there is a consensus among district courts that the clear error standard is appropriate….").

Further, "[t]he majority of other courts to address the issue, both in and out of the Ninth Circuit, have reached the same conclusion on other grounds." *In re Application Pursuant to 28 U.S.C. § 1782 by Nikon Corp.*, No. 17-mc-80071-BLF, 2017 WL 4647753, at *2 (N.D. Cal. Oct. 16, 2017) (citations omitted); *see also, e.g., Macquarie Bank*, 2015 WL 7258483, at *4 ("While reasonable minds may differ as to the correct outcome of these [§ 1782] discretionary factors, the clear error standard of review permits a District Court to overturn a Magistrate Judge's decision only when it is left with a firm and definitive conviction that a mistake has been made.") (citation omitted); *see also, e.g., Interbrew Cent. European Holding BV v. Molson Coors Brewing Co.*, No. 13-CV-02096-MSK-KLM, 2013 WL 5567504, at *1 (D. Colo. Oct. 9, 2013) ("Although *Phillips* has left this issue unsettled, persuasive precedent from *Chevron* and the language of the Local Rule lead to the conclusion that the undersigned may issue an order on this [§ 1782] matter, subject to review for clear error.") (citation omitted).

CPC ignores this authority and instead argues "that a magistrate judge's decision on a § 1782 petition is dispositive, leaving nothing left to be done in the case and, as argued below, require [sic] *de novo* review of such decisions by a district

judge."[2]  Appellant's Opening Brief ("AOB") at 17.  According to CPC, because a magistrate's decision leaves nothing to be done, *de novo* review is appropriate.  This is wrong as it oversimplifies and incorrectly characterizes the § 1782 process.

Where a magistrate judge grants a § 1782 petition, the magistrate judge may still have more to rule on.  Granting the petition simply allows the discovery to be served, it does not address the scope of or response to that discovery.  For example, the subpoenaed party may object to the subpoena as a whole and file a motion to quash.  The magistrate judge would rule on the motion.  *See Nypl v. JPMorgan Chase & Co.,* 803 Fed. Appx. 135, 137 (9th Cir. 2020) ("Accordingly, the magistrate judge granted Wells Fargo's motion to quash and denied Nypl's motion to compel.").  As another example, if the petitioner's document subpoena issues, the parties may disagree as to the proper scope of the subpoena's requests and may ask the magistrate judge for a ruling on the correct scope.  CPC's theory ignores these possibilities.

---

[2] CPC relies heavily on a dissenting opinion from Judge Callahan for its belief here, but repeatedly identifies it as an opinion "concurring in part."  *See* AOB at 16, 17 n.3, 17 n.4, 19, 22 n.6.  Judge Callahan's opinion in *Khrapunov* is plainly labeled as "concurring in the judgment and dissent."  *Khrapunov,* 931 F.3d at 928.  Any doubt can be removed by Judge Smith's pointed concurrence: "The dissent's advisory opinion about an issue of first impression does not directly bear on our resolution and demands no substantive response."  *Id.*

Although a magistrate judge's decision to deny a § 1782 petition can leave less for a magistrate judge to do, that is but one possible outcome, and is in any event not dispositive of the issue here. A decision denying a § 1782 is also still a discovery matter, properly decided by a magistrate judge. In other words, denial of a § 1782 petition is "a non-dispositive pretrial matter with binding effect," as this Court has held. *Snowflake*, 2021 WL 1056550, at *3, citing *Four Pillars*, 308 F.3d at 1078 (9th Cir. 2002). This is why the Northern District of California, like other districts in this Circuit, assign § 1782 petitions to magistrate judges. *See* Supplemental Excerpts of Record ("SER") 001–004 (N.D. Cal. Gen. Order No. 44(E)(3) ("…all civil miscellaneous matters will be randomly assigned in the first instance to a magistrate judge who will either resolve the matter or, if necessary, prepare a report and recommendation and request assignment of the matter to the district judge who was the general duty judge on the date the miscellaneous matter was filed.")); *see also* ER-046 (Magistrate Judge Cousins' order referencing Gen. Order 44(E)(3)).

This Court should reject CPC's request to upset the status quo and change the law.

### III. Under the Clear Error Standard of Review, District Judge Tigar did not Err in Affirming Magistrate Judge Cousins' Denial of CPC's § 1782 Petition

#### A. CPC's Requests were Unduly Intrusive or Burdensome

Applying the clear error standard of review to the magistrate judge's decision, District Judge Tigar did not abuse his discretion in affirming Magistrate Judge Cousins' denial of CPC's § 1782 petition because (1) Judge Cousins correctly identified CPC's requests as "unduly burdensome" based on his review, and (2) Judge Tigar found Judge Cousins' denial to be "within his discretion" based on Judge Tigar's review of the record. ER-003–004.

As to (1), CPC's document requests were overly broad in both form and substance. With respect to the form, Judge Cousins correctly pointed out based on his review of the 15 requests, the "sufficient to show" form CPC used in all its requests "is likely to lead to unduly burdensome discovery." *See* ER-145 ("Although each category is limited to documents 'sufficient to show' different attributes, rather than 'all' documents related to each attribute, the Court finds that this 'sufficient to show' descriptor is undefined and is likely to lead to unduly burdensome discovery."). Based on the wording of CPC's requests, Apple would not know when a single document would be sufficient for any given request or when more would be needed. While CPC argues that Apple has used similar language in the past for its own discovery requests, such requests were more narrowly tailored

14

to limit the burden on the producing party.  *See* ER-100–106.  And importantly, those requests were from a different case involving different parties relating to different technology, and are not challenged here.  CPC's one-size-fits-all rule that "sufficient to show" requests are either always permissible or never permissible is yet another oversimplification.  The courts are given "broad discretion" to rule on § 1782 petitions.  *Four Pillars*, 308 F.3d at 1078.  The magistrate court here appropriately used its discretion to determine CPC's requests were overly broad.

With respect to the substance, CPC's 15 document requests seek information on the full breadth of information underlying Apple's Touch ID and Face ID technology.  For example, request #3 is "[d]ocuments sufficient to describe the manner in which fingerprint matching is performed in the Apple Touch ID Devices." ER-158.  As another example, request #6 is "[d]ocuments sufficient to describe the manner in which facial data matching is performed in the Apple Face ID Devices." ER-158.  As the Court can imagine, these are not simple technologies but instead involve highly complicated hardware and software, and represent the results of thousands of engineer hours.  Moreover, none of CPC's 15 requests are bound in time.  Apple released the first Touch ID product in 2013 and released the first Face ID product in 2017.  Both are still being used in new Apple products sold today.  Because the research and development of these technologies happened well before their release dates, CPC's requests would require Apple to search nearly a decade's

15

worth of technical documents. Judge Cousins was correct and well within his discretion to find CPC's requests unduly burdensome.

As to (2), rather than rubberstamp Judge Cousins' order—as he was entitled to do—Judge Tigar instead performed his own review of the record in affirming Judge Cousins' ruling. In his order, Judge Tigar stated that "***having reviewed the record***, the Court does not find that Judge Cousins's denial of CPC's application was contrary to law or clearly erroneous." ER-004 (emphasis added). While Judge Tigar did not offer more analysis and Apple again will not posit to know what he considered, Judge Tigar's statements show that he reviewed CPC's discovery requests when rendering his opinion. *See* ER-004 ("***Given the nature of CPC's proposed discovery requests***, as well as the pending litigation in Texas, Judge Cousins acted within his discretion to deny CPC's application as 'unduly intrusive or burdensome.'") (citation omitted) (emphasis added).

Importantly, Judge Tigar was not required to offer any additional analysis, but presumably did so to address exactly this scenario. *See Akebia Therapeutics, Inc. v. FibroGen, Inc.,* 793 F.3d 1108, 1112 (9th Cir. 2015) ("The district court was not required to address explicitly every factor or argument, nor was it required to issue a written order."); *see also United States v. Sealed 1*, 235 F.3d 1200, 1206 (9th Cir. 2000) (noting the broad discretion afforded the district courts under § 1782 and the lack of specific guidance with which to exercise that discretion).

16

As such, Judge Tigar did not err in affirming Judge Cousins' denial of CPC's § 1782 petition.

### B. The Parties Can Discuss and Negotiate Information Sharing in an Already Established Venue

In addition to denying CPC's § 1782 petition because its request were unduly burdensome, District Judge Tigar did not abuse his discretion in affirming Judge Cousins' denial of CPC's petition because (1) Magistrate Judge Cousins correctly identified CPC's requests as potentially duplicative of discovery in its Western District of Texas case against Apple, and (2) Judge Tigar again found Judge Cousins' denial to be "within his discretion" based on Judge Tigar's review of the record.

As to (1), Judge Cousins first took notice of CPC's already existing litigation against Apple in the Western District of Texas. *See* ER-143 ("CPC and Apple are currently litigating a patent infringement suit in the Western District of Texas.") (citation omitted); *see also* ER-145 ("Further, the Court notes that the parties involved in this request are currently engaged in litigation in another court."). Judge Cousins then explained that the Court disfavors *ex parte* discovery where the parties can negotiate in an existing forum. *See* ER-145 ("The Court disfavors granting an *ex parte* discovery application when the parties involved are able to discuss and negotiate information sharing in an already established venue."). Judge Cousins identified the key facts and offered a well-reasoned explanation for denying CPC's § 1782 petition on this ground.

17

CPC argues that it would not be entitled to the § 1782 discovery in the Western District of Texas case against Apple and that Apple would not agree to its use in foreign proceedings.  AOB at 24-25.  Both arguments fail.

Judge Cousins did not predicate his decision on Apple *necessarily* agreeing to the requested discovery, but on the parties having the opportunity to *negotiate* in a more convenient forum.  ER-145.  And indeed CPC had the opportunity to negotiate the Protective Order in the Western District of Texas case.  The parties entered an agreed-upon Protective Order on October 4, 2021, three weeks before filing its opening brief in this appeal and after denial of CPC's § 1782 petition.  While this agreed protective order does not contain a provision allowing all discovery to be used in foreign proceedings (SER-005–037), CPC certainly had the opportunity to negotiate.  If CPC truly wanted this provision in the Protective Order, it could have filed a disputed version of the Protective Order containing this foreign proceeding provision to allow the Western District of Texas court to rule on the dispute.  While Apple likely would have challenged, CPC did not even attempt to take this PO issue to the court.  Further, while fact discovery has not begun in the Western District of Texas case, CPC's § 1782 petition includes topics directed to Apple's accused technology and features, and thus track anticipated discovery to be served in that case.  To assume it would be unlikely to gain any traction requesting these types of documents in the Western District of Texas case against Apple is premature.

18

Additionally, CPC presumes that Apple would not permit the use of some technical documents it produces in the Western District of Texas case to be used in foreign proceedings. While Apple would not agree to a blanket use of all documents in foreign proceedings, CPC's assumption that the parties could never agree to use of select documents is speculative. As mentioned, fact discovery in the Western District of Texas case has not begun, but the parties are free to negotiate document production once fact discovery begins. To assume Apple (or the Western District of Texas) would not permit the usage of some limited documents in foreign proceedings is premature.

Importantly, CPC's ability to take this discovery dispute to the District Judge in the Western District of Texas case re-emphasizes the point that Judge Cousins' denial of CPC's § 1782 petition is not dispositive.

As to (2), the same reasoning applies as with the "unduly burdensome" requests in the previous section. Judge Tigar did not just rubberstamp Judge Cousins' order, but instead performed his own review of the record in affirming Judge Cousins' ruling on denying the petition because the parties are able to discuss and negotiate information sharing in an already established venue. *See* ER-004 ("Given the nature of CPC's proposed discovery requests, ***as well as the pending litigation in Texas***, Judge Cousins acted within his discretion to deny CPC's

19

application as 'unduly intrusive or burdensome.'") (citation omitted) (emphasis added).

On this additional ground, Judge Tigar did not err in affirming Judge Cousins' denial of CPC's § 1782 petition.

## CONCLUSION

Apple respectfully requests the Court affirm the district court's order affirming the magistrate court's order denying CPC's § 1782 petition.

# CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32 (a)(7)(B) and Ninth Circuit Rule 32-1(a), I certify that the attached brief is proportionally spaced, has a typeface of 14 points, and contains 4,579 words.

Dated: December 14, 2021          FISH AND RICHARDSON, P.C.

s/ *Tony Nguyen*

Seth M. Sproul
John W. Thornburgh
Tony Nguyen
Eda Stark

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT
### Form 8. Certificate of Compliance for Briefs

*Instructions for this form:* http://www.ca9.uscourts.gov/forms/form08instructions.pdf

**9th Cir. Case Number(s)** | No. 21-16212

I am the attorney or self-represented party.

**This brief contains** | 4,579 | **words**, excluding the items exempted

by Fed. R. App. P. 32(f). The brief's type size and typeface comply with Fed. R.

App. P. 32(a)(5) and (6).

I certify that this brief *(select only one)*:

◉ complies with the word limit of Cir. R. 32-1.

○ is a **cross-appeal** brief and complies with the word limit of Cir. R. 28.1-1.

○ is an **amicus** brief and complies with the word limit of Fed. R. App. P. 29(a)(5), Cir. R. 29-2(c)(2), or Cir. R. 29-2(c)(3).

○ is for a **death penalty** case and complies with the word limit of Cir. R. 32-4.

○ complies with the longer length limit permitted by Cir. R. 32-2(b) because *(select only one):*

    ○ it is a joint brief submitted by separately represented parties;

    ○ a party or parties are filing a single brief in response to multiple briefs; or

    ○ a party or parties are filing a single brief in response to a longer joint brief.

○ complies with the length limit designated by court order dated [        ].

○ is accompanied by a motion to file a longer brief pursuant to Cir. R. 32-2(a).

**Signature** | s/ Tony Nguyen | **Date** | December 14, 2021

*(use "s/[typed name]" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at* forms@ca9.uscourts.gov

**Form 8** | *Rev. 12/01/2018*