```
 1                UNITED STATES DISTRICT COURT

 2               NORTHERN DISTRICT OF CALIFORNIA

 3    Before The Honorable Nathanael Cousins, Magistrate Judge

 4

 5  IN THE MATTER OF AN EX PARTE   )  No. 21MC80091-JST
    PETITION FOR JUDICIAL          )
 6  ASSISTANCE                     )
                                   )
 7  _____)

 8                                    Oakland, California
                                      Wednesday, June 29, 2022
 9

10    TRANSCRIPT OF PROCEEDINGS OF THE OFFICIAL ELECTRONIC SOUND
                RECORDING 2:31 - 2:38 = 7 MINUTES
11
    APPEARANCES:
12
    For CPC Patent Technologies
13     PTY Ltd.:                 K&L Gates, LLP
                                  10100 Santa Monica Boulevard
14                                7th Floor
                                  Los Angeles, California 90067
15                                (310) 552-5000
                              BY: CHRISTINA N. GOODRICH, ESQ.
16                                GEORGE SUMMERFIELD, ESQ.

17  For Apple, Inc.:
                                  Fish & Richardson, P.C.
18                                12390 El Camino Real
                                  San Diego, California 92130
19                                (858) 678-5070
                              BY: SETH M. SPROUL, ESQ.
20
                                  Fish & Richardson, P.C.
21                                1221 McKinney Street
                                  Suite 2800
22                                Houston, Texas 77010
                                  (713) 654-5342
23                            BY: ANTHONY V. NGUYEN, ESQ.

24

25
```

*Echo Reporting, Inc.*

Transcribed by:        Echo Reporting, Inc.
                       Contracted Court Reporter/
                       Transcriber
                       echoreporting@yahoo.com

```
                                                                      3
 1  Wednesday, June 29, 2022                                   2:31 p.m.
 2                         P-R-O-C-E-E-D-I-N-G-S
 3                               --oOo--
 4           THE CLERK:  Calling 5-21-80091, CPC Patent
 5  Technologies versus Apple Incorporated.
 6      Would the parties please state your appearances for the
 7  record.
 8           MS. GOODRICH (via Zoom):  Good afternoon, your
 9  Honor.  Christina Goodrich and George Summerfield from from
10  K and L Gates for petitioner, CPC Patent Technologies.
11           THE COURT:  Good afternoon.
12           MR. SPROUL (via Zoom):  And Seth Sproul and Tony
13  Nguyen of Fish and Richardson on behalf of Apple.
14           THE COURT:  Good afternoon and welcome.  All
15  right.  We are making a recording of our remote hearing in
16  this matter that started here and visited Judge Tigar in the
17  Ninth Circuit and back to Judge Tigar and back here and
18  you've got another visit to Judge Tigar scheduled in your
19  future.
20      So, catch me up on the status of things.  It's our
21  first discussion on the merits of the discovery request.
22  Let me start on the petitioner's side, CPC Patent; are you
23  still seeking the same information or has there been any
24  change over the passage of time?
25           MS. GOODRICH:  We are, your Honor, seeking the
```

4

same information as we initially sought.  We, of course, are willing to meet and confer if that would be fruitful, but we are seeking the same information.

      THE COURT:  And has there been any meet and confer in the passage of the case up to the Ninth Circuit and back, or in the last month since it came back?

      MS. GOODRICH:  No, your Honor.

      THE COURT:  All right.  And so that -- so having some conferring on that is probably in the near future.

    So how about on the Apple side?  Do you have any update as to whether this information should be provided or whether you're going to voluntarily provide it or if you object to providing it?

      MR. SPROUL:  We would object to providing it, your Honor, at least as currently formulated.  We obviously would engage in reasonable negotiations, but we do have some significant concerns.

    There's no case currently pending.  I know the statute doesn't require a pending case, but we don't know what court this is going to be filed in, there's no protective order, the information sought by CPC here is highly confidential to Apple and relates to the way Apple treats Touch ID -- it is Touch ID and Face ID technology that relates to how Apple allows users to protect their confidential information on their devices.

5

1  So we have some significant concerns here, due in part
2 to the fact the case hasn't been filed in Germany yet, as
3 they said, and due to the breadth and the scope of the
4 request.
5      THE COURT:  All right.  Very good.
6  Go ahead, Ms. Goodrich.
7      MS. GOODRICH:  If I may, my client would be
8 willing to enter into a protective order to cover the
9 protection and address the concerns that opposing counsel
10 just raised, similar to what we have in the pending action
11 now in the Northern District here.  And so, that would be no
12 issue.
13  And, in fact, I think seeking this information under
14 1782, necessarily limits its use to -- in connection with
15 those contemplated proceedings, which have not yet been
16 filed, but there's no requirement that they be filed.
17      THE COURT:  Very good.  Well, it is common that
18 there is a protective order in 1782 proceedings.  Of course
19 the parties in the first instance have an opportunity to
20 propose a protective order, if any, and to talk about it
21 with each other if there's a disagreement about it, rather
22 than me imposing one.  And, as you noted, there's already,
23 in the other related proceeding, a protective order.  So you
24 could use the same one or a different one, depending on what
25 you wanted to do.  But I'll give you a chance to work on

6

that together first, but I'm absolutely open to having one if that would facilitate the resolution of the dispute.

Given that you've got another step in the judicial process ahead of you, I want to get this resolved promptly. That's what a (indiscernible) recommendation requires, so here's the deadlines which I'll set.

First, you should meet and confer promptly.  I'm a little surprised that there wasn't already a meet and confer before this hearing, but you should meet and confer promptly by July 5th, that's next week, and I hope that you might be able to resolve your disputes, including a protective order, if that's appropriate, by that date.

And you should file a joint letter brief by July 6th, setting forth any disputes.  If there is a dispute about a protective order, then I want to see both of your protective orders also filed by that date, July 6th.  And -- in addition to a joint letter brief.  And the letter brief should not exceed 10 pages, and it must be doubled spaced. So double spaced, no more than 10 pages, you get some extra pages than I usually allow.

You can also, please, file your proposed orders on the CPC Patent side granting the relief that you request.  And on the Apple side, I assume objecting to the discovery and telling me why I should not grant the discovery sought. But, of course, I'm hopeful that you might agree, either in

```
 1  part or entirely, to how you might resolve this, but I'll
 2  give you a chance between now and the 6th to work it out or
 3  not work it out and tell me what the disputes are.
 4       We'll meet here in San Jose on July 7th at 1:30 p.m. to
 5  review and for me to encourage the resolution of any
 6  unresolved issues that might give you some incentive to
 7  resolve the issues in the next week, but if it doesn't give
 8  you enough incentive, we'll be working together to try to
 9  resolve the issues on July 7th.  And we're unable to resolve
10  them, then I will do a recommendation to Judge Tigar
11  resolving any remaining unresolved issues.
12       I have another Apple matter set that same day, so we'll
13  be taking two bites at the apple, so to speak, on that
14  occasion.  So that should be efficient for Apple's side to
15  be here to work on these discovery matters.  The other one
16  is set in the morning.
17       So that's our plan.  Any objection?
18            MS. GOODRICH:  No objection, your Honor.  I just
19  wanted to ask if that July 7 hearing at 1:30 is in person?
20            THE COURT:  It is in person.
21            MS. GOODRICH:  Okay.  Thank you.
22            THE COURT:  It is in person in courtroom five in
23  San Jose.
24            MS. GOODRICH:  Thank you, your Honor.
25            THE COURT:  All right.  And on the Apple side?
```

8

1         MR. SPROUL:  No objection, your Honor to what you
2 laid out there.
3         THE COURT:  Very good.  We'll put it in our
4 minutes and we look forward to seeing you July 7th at 1:30
5 p.m., if there's not a resolution from you.  And if there
6 is, I'll still want to hear from you on the 6th telling me
7 what your agreement is so that I can see what it is and
8 approve it if it's a fair resolution of your dispute.  All
9 right.
10         MS. GOODRICH:  Thank you, your Honor.
11         THE COURT:  Thanks very much for your time.
12         MR. SPROUL:  Thank you, your Honor.
13         THE COURT:  I look forward to seeing you next
14 week.  We're in recess.
15     (Proceedings adjourned at 2:38 p.m.)
16
17
18
19
20
21
22
23
24
25

9

CERTIFICATE OF TRANSCRIBER

   I certify that the foregoing is a true and correct transcript, to the best of my ability, of the above pages of the official electronic sound recording provided to me by the U.S. District Court, Northern District of California, of the proceedings taken on the date and time previously stated in the above matter.
   I further certify that I am neither counsel for, related to, nor employed by any of the parties to the action in which this hearing was taken; and, further, that I am not financially nor otherwise interested in the outcome of the action.



Echo Reporting, Inc., Transcriber

Friday, December 1, 2023