Seth M. Sproul (CA SBN 217711)
*sproul@fr.com*
Jeffrey H. Burton (CA SBN 328305)
*jburton@fr.com*
FISH & RICHARDSON P.C.
12860 El Camino Real, Suite 400
San Diego, CA 92130
Telephone:  (858) 678-5070
Facsimile:   (858) 678-5099

James R. Sigel (CA SBN 288478)
*jsigel@mofo.com*
Joel F. Wacks (CA SBN 326561)
*jwacks@mofo.com*
MORRISON & FOERSTER LLP
425 Market St.
San Francisco, CA 94105
Telephone:  (415) 268-7000
Facsimile:  (415) 268-7522

Attorneys for Respondent
APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(SAN JOSE DIVISION)

| | |
|---|---|
| CPC PATENT TECHNOLOGIES PTY LTD., <br><br> Petitioner, <br><br> v. <br><br> APPLE INC., <br><br> Respondent. | Case No. 4:21-mc-80091-JST <br><br> **APPLE INC.'S REPLY IN SUPPORT OF MOTION TO STAY PENDING APPEAL** <br><br> Hearing Date: February 1, 2024 <br> Hearing Time:  2:00 p.m. <br> Courtroom:  6 <br> Judge: Hon. Jon S. Tigar |

**TABLE OF CONTENTS**

I.      INTRODUCTION ...............................................................................................................1

II.     ARGUMENT ....................................................................................................................2

        A.      This Court Should Follows the Ninth Circuit's Settled Practice and Stay Its
                Discovery Order Pending Resolution of Apple's Appeal .........................................2

                1.      Apple Has Demonstrated a Likelihood of Success ......................................2

                        i.      The Court's § 1782 order is final and appealable ...........................2

                        ii.     Apple's appeal raises serious legal questions .................................6

                2.      Apple Would be Irreparably Harmed Absent a Stay ...................................7

                3.      The Balance of Harms Favors a Stay ..........................................................8

                4.      The Public Interest Favors a Stay ...............................................................9

        B.      At a Minimum, This Court Should Enter a Temporary Stay While the Ninth
                Circuit Resolves Apple's Stay Request .....................................................................9

III.    CONCLUSION ................................................................................................................10

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Akebia Therapeutics, Inc. v. FibroGen, Inc.*,
   793 F.3d 1108 (9th Cir. 2015)................................................................................................ 3, 4

*Akebia Therapeutics, Inc. v. FibroGen, Inc.*,
   Dkt. 17 (9th Cir. No. 15-15274, Mar. 16, 2015) ..................................................................... 1

*Andover Healthcare, Inc. v. 3M Co.*,
   817 F.3d 621 (8th Cir. 2016).................................................................................................... 6

*Banca Pueyo SA v. Lone Star Fund IX (US), L.P.*,
   978 F.3d 968 (5th Cir. 2020).................................................................................................. 4, 5

*Baxalta Inc. v. Genentech, Inc.*,
   No. 16-mc-80087-EDL, 2016 WL 11529803 (N.D. Cal. Aug. 9, 2016) ................................. 6

*CPC Pat. Techs. Pty Ltd. v. Apple, Inc.*,
   34 F.4th 801 (9th Cir. 2022) ......................................................................................... 1, 2, 3, 4

*Four Pillars Enters. Co., Ltd. v. Avery Dennison Corp.*,
   308 F.3d 1075 (9th Cir 2002)................................................................................................... 7

*In re Application Pursuant to 28 U.S.C. § 1782 to Take Discovery of ASML U.S., Inc.*,
   707 F. Appx. 476 (9th Cir. 2017).............................................................................................. 3

*Intel Corp. v. Terabyte Int'l, Inc.*,
   6 F.3d 614 (9th Cir. 1993)...................................................................................................... 4, 6

*Khrapunov v. Prosyankin*,
   931 F.3d 922 (9th Cir. 2019).................................................................................................... 3

*Khrapunov v. Prosyankin*,
   Dkt. 7 (9th Cir. No. 18-16254, Aug. 2, 2018).......................................................................... 1

*In re Letters Rogatory from Tokyo Dist. Prosecutor's Office, Tokyo, Japan*,
   16 F.3d 1016 (9th Cir. 1994).................................................................................................. 2, 3

*Luna v. O'Keefe*,
   No. 17-cv-02129-LHK, 2018 U.S. Dist. LEXIS 82012
   (N.D. Cal. May 14, 2018) ......................................................................................................... 9

*Maxcrest Ltd. v. United States*,
   No. 15-mc-80270-JST, 2016 U.S. Dist. LEXIS 155001
   (N.D. Cal. Nov. 7, 2016)........................................................................................................... 7

*Nikon v. ASML*,
   Dkt. 10 (9th Cir. No. 17-16961, Oct. 24, 2017) .................................................................. 1, 4

*In re Premises Located at 840 140th Ave. NE, Bellevue, Wash.*,
   634 F.3d 557 (9th Cir. 2011) .................................................................................................. 2

*S.E.C. v. Rajaratnam*,
   622 F.3d 159 (2d Cir. 2010) ................................................................................................... 8

*Scripps-Howard Radio v. F.C.C.*,
   316 U.S. 4 (1942) .................................................................................................................... 9

*Todd v. Tempur-Sealy Int'l, Inc.*,
   No. 13-cv-04984-JST, 2016 U.S. Dist. LEXIS 144373
   (N.D. Cal. Oct. 18, 2016) ........................................................................................................ 6

*United States v. Real Prop. & Improvements Located at 2366 San Pablo Avenue*,
   No. 13-cv-02027-JST, 2015 U.S. Dist. LEXIS 14624
   (N.D. Cal. Feb. 6, 2015) ......................................................................................................... 8

*Via Vadis Controlling GmbH v. Skype, Inc.*,
   No. 12-MC-193-RGA, 2013 WL 646236
   (D. Del. Feb. 21, 2013) ........................................................................................................... 6

*ZF Automotive US Inc. v. Luxshare, Ltd.*,
   596 U.S. 619 (2022) ................................................................................................................ 3

**Statutes**

28 U.S.C. § 1291 ............................................................................................................................ 2

28 U.S.C. § 1782 ................................................................................ 1, 2, 3, 4, 5, 6, 8, 9, 10

**Other Authorities**

*Akebia Therapeutics, Inc. v. FibroGen, Inc.*,
   Dkt. 50 (N.D. Cal. No. 3:14-mc-80294-JD, Feb. 27, 2015) ................................................. 4

*Nikon Corp. v. ASML*,
   Dkt. 31 (D. Ariz. No. 2:17-mc-00035-JJT, Sept. 22, 2017) .................................................. 4

APPLE INC.'S REPLY IN SUPPORT OF MOTION TO STAY
PENDING APPEAL
Case No. 4:21-mc-80091-JST

## I.    INTRODUCTION

CPC provides no viable reason for this Court to decline to stay its order granting discovery under 28 U.S.C. § 1782 pending Apple's appeal.  Indeed, this Court has already rejected CPC's principal argument: that the Ninth Circuit lacks jurisdiction over the appeal of the *grant*, as opposed to the denial, of a § 1782 petition because it is not sufficiently "final."  *See* ECF No. 67 at 1-4.  As CPC fails even to acknowledge, this Court expressly (and correctly) determined that "the Court's order granting CPC's petition is appealable."  ECF No. 63 at 4 n.3.  CPC also fails to address the mountain of Ninth Circuit precedent exercising appellate jurisdiction over such orders—including the Ninth Circuit's prior decision in this very case, which rejected the proposition that the hypothetical possibility of future discovery disputes drains a § 1782 order of finality.  *CPC Pat. Techs. Pty Ltd. v. Apple, Inc.*, 34 F.4th 801, 809 (9th Cir. 2022).  And perhaps most tellingly, CPC does not even attempt to account for the numerous Ninth Circuit decisions exercising jurisdiction and staying § 1782 orders in circumstances just like those here.  *See* ECF No. 65 at 2 (citing, *inter alia*, *Akebia Therapeutics, Inc. v. FibroGen, Inc.*, Dkt. 17 (9th Cir. No. 15-15274, Mar. 16, 2015), *Khrapunov v. Prosyankin*, Dkt. 7 (9th Cir. No. 18-16254, Aug. 2, 2018), and *Nikon v. ASML*, Dkt. 10 (9th Cir. No. 17-16961, Oct. 24, 2017)).  CPC's inability to distinguish these decisions confirms that this Court should grant Apple the same relief here.

None of CPC's remaining arguments justify a deviation from that settled approach.  CPC cannot demonstrate that Apple's appeal will not raise at least a "serious" legal question, as CPC simply overlooks the multiple other decisions reaching the opposite result on similar facts.  *Compare* ECF No. 65 at 6 (Apple's motion citing numerous authorities demonstrating the objective strength of its legal arguments), *with* ECF No. 67 at 4-6 (CPC asserting, without citation to any authority, that Apple is requesting special treatment).  And CPC's contentions on the remaining factors governing a stay all overlook one of the central reasons Apple has sought (and the Ninth Circuit has in parallel circumstances granted) a stay: the risk that the appeal will become moot if Apple must comply with this Court's order before the Ninth Circuit rules.  *Compare e.g.*, *Khrapunov*, No. 18-16254, Dkt. 7 at 1 ("If a stay is not granted, . . . the[] appeal may well become moot.") (alteration in

1   original and quotation marks omitted), *with* ECF No. 67 at 6-9 (failing to address mootness at all).

2   CPC cannot defeat Apple's stay request merely by ignoring this well-established risk of irreparable

3   harm.

4          The stay motion should be granted.

5   **II.     ARGUMENT**

6          **A.     This Court Should Follows the Ninth Circuit's Settled Practice and Stay Its**

7                  **Discovery Order Pending Resolution of Apple's Appeal**

8          All four factors governing stays pending appeal favor staying this Court's § 1782 discovery

9   order while the Ninth Circuit considers Apple's appeal.  In contending otherwise, CPC fails to

10  meaningfully address the numerous decisions granting stays in nearly identical circumstances.

11                  *1.     Apple Has Demonstrated a Likelihood of Success*

12                  **i.     The Court's § 1782 order is final and appealable**

13         CPC's primary contention is that this Court's order granting discovery under § 1782 is not

14  an appealable order.  ECF No. 67 at 1-4.  Yet this Court has already correctly rejected that argument.

15  ECF No. 63 at 4 n.3 ("[T]he Court's order granting CPC's petition is appealable.").  It should

16  reiterate that holding and once again reject CPC's contention, which is contrary to well-established

17  Ninth Circuit precedent and practice.

18         The Ninth Circuit has long held that a "district court's orders made pursuant to § 1782 are

19  final, and thus appealable under 28 U.S.C. § 1291."  *In re Letters Rogatory from Tokyo Dist.*

20  *Prosecutor's Office, Tokyo, Japan*, 16 F.3d 1016, 1018 n.1 (9th Cir. 1994).  Most federal courts of

21  appeals recognize "that they have appellate jurisdiction over orders issued under § 1782 without

22  qualification or exception."  *In re Premises Located at 840 140th Ave. NE, Bellevue, Wash.*, 634

23  F.3d 557, 566 (9th Cir. 2011).  The Ninth Circuit has carved out only one "narrow exception" to

24  that "general rule": cases where the § 1782 respondent is already a litigant in the foreign proceeding.

25  *CPC*, 34 F.4th at 806.  As this Court recognized, that lone exception is inapplicable here.  ECF

26  No. 63 at 3-4 n.3.

27

28                                              2          APPLE INC.'S REPLY IN SUPPORT OF MOTION TO STAY
                                                                                          PENDING APPEAL
                                                                                 Case No. 4:21-mc-80091-JST

1    CPC, however, contends that there is also another, much broader, exception:  cases where

2    the district court has granted a § 1782 application.  ECF No. 67 at 1.  CPC claims it has been unable

3    to find any "case authored by the Ninth Circuit specifically analyzing whether the grant of a § 1782

4    petition is sufficiently final for appeal purposes."  ECF No. 67 at 2 (emphasis omitted).  But the

5    absence of any such specific analysis is hardly surprising given the clarity of the governing

6    jurisdictional rule:  the Ninth Circuit has held generally that "orders made pursuant to § 1782"—

7    and not simply § 1782 *denials*—are final and appealable.  *E.g.*, *In re Letters Rogatory from Tokyo*

8    *Dist. Prosecutor's Office, Tokyo, Japan*, 16 F.3d at 1018 n.1.  The Ninth Circuit has thus routinely

9    exercised jurisdiction over appeals from § 1782 orders granting the petitioner's discovery request.

10   *See, e.g.*, *Akebia Therapeutics, Inc. v. FibroGen, Inc.*, 793 F.3d 1108, 1110 (9th Cir. 2015);

11   *Khrapunov v. Prosyankin*, 931 F.3d 922, 924 (9th Cir. 2019); *In re Application Pursuant to 28*

12   *U.S.C. § 1782 to Take Discovery of ASML U.S., Inc.*, 707 F. Appx. 476, 477 (9th Cir. 2017); *see*

13   *also ZF Automotive US Inc. v. Luxshare, Ltd.*, 596 U.S. 619, 624-25 (2022).  That the Ninth Circuit

14   has seen no need to offer a lengthy explanation for its exercise of jurisdiction in these cases by no

15   means demonstrates that it failed to consider the issue: the court has "an independent duty to"

16   "analyze the basis for [its] jurisdiction," regardless of the arguments of the litigants.  *CPC*, 34 F.4th

17   at 805.

18   The Ninth Circuit has also specifically rejected the substance of CPC's argument.  CPC

19   contends that an order granting a § 1782 petition is not sufficiently "final" because there may be

20   further litigation in this Court, via a motion to quash or to compel, about the precise scope of

21   discovery.  *See* ECF No. 67 at 2-3.  But in CPC's prior appeal, the Ninth Circuit rejected an argument

22   essentially identical to the one CPC makes now—that a § 1782 order is not a dispositive matter

23   "because there may still be other issues for the court to rule on," such as "the proper scope of the

24   subpoena's requests."  *CPC*, 34 F.4th at 809 (internal quotation marks omitted).  After all, the Court

25   reasoned, "the prospect of additional litigation . . . if, for example, the subpoenaed party fails to

26   comply with the court's order . . . exists in virtually all cases, even after the entry of final judgment."

27   *CPC*, 34 F.4th at 805, 809-10 (quoting *Khrapunov*, 931 F.3d at 933 (Callahan, J. concurring in the

28

APPLE INC.'S REPLY IN SUPPORT OF MOTION TO STAY
                                          PENDING APPEAL
                                          Case No. 4:21-mc-80091-JST

1    judgment and dissenting)).  In the § 1782 context, the Court explained, such proceedings "are just

2    incidental to the underlying discovery order," comparable "to post-judgment proceedings in an

3    ordinary civil case, such as a motion for relief from the judgment pursuant to Federal Rule of Civil

4    Procedure 60, or a Rule 59(e) motion to alter or amend a judgment."  *Id.* at 809.  Presumably for

5    that very reason, the Ninth Circuit has exercised jurisdiction over appeals from orders granting §

6    1782 petitions notwithstanding the existence of post-order discovery disputes.  *Compare Akebia*,

7    793 F.3d at 1109-10 (exercising jurisdiction), *with Akebia Therapeutics, Inc. v. FibroGen, Inc.*, Dkt.

8    50 at 2 (N.D. Cal. No. 3:14-mc-80294-JD, Feb. 27, 2015) (status report acknowledging remaining

9    disputes regarding the scope of production and stating that the parties would bring those disputes

10   "to the Court's attention" if they could not be resolved informally); *compare ASML*, 707 Fed. Appx.

11   at 476-77 (exercising jurisdiction), *with Nikon Corp. v. ASML*, Dkt. 31 (D. Ariz. No. 2:17-mc-

12   00035-JJT, Sept. 22, 2017) (discovery letter explaining that "[t]he parties are unable to agree on a

13   production schedule").[1]

14          The sole case CPC cites for its contrary contention is an out-of-circuit decision applying an

15   "outlier" standard.  *Banca Pueyo SA v. Lone Star Fund IX (US), L.P.*, 978 F.3d 968, 972-73 n.3 (5th

16   Cir. 2020).  Even if *Banca* could be reconciled with the settled Ninth Circuit precedent discussed

17   above, it would be inapposite here.  In *Banca*, after the district court granted a § 1782 petition *ex*

18   *parte*, the respondents filed a motion to quash.  *Id.* at 971.  The magistrate judge denied the motion

19   to quash, in part because "respondents had not identified specific discovery requests that were overly

20   burdensome," but it expressly "invited them to file a second motion to quash with any objections

21   that remained after the parties conferred."  *Id.*  The respondents then appealed while also filing a

22

23          [1] CPC's variation on this rationale—that Apple's "motion to stay alone belies" the contention
     that the Court's order is appealable because "if this Court retained 'nothing,' there would be nothing
24   remaining to stay" (ECF No. 67 at 2)—is nonsensical.  Not only does that contention contradict the
     many decisions exercising appellate jurisdiction while post-judgment issues are litigated in the
25   district court (*e.g.*, *Intel Corp. v. Terabyte Int'l, Inc.*, 6 F.3d 614, 617 (9th Cir. 1993) (exercising
     jurisdiction over appeal filed while fee motion was pending)), together with the numerous cited
26   decisions staying orders granting § 1782 petitions pending appeal (*see supra* p. 1), it also fails to
     accurately characterize the relief Apple seeks:  Apple seeks to stay this Court's order, not simply
27   subsequent proceedings in this Court.  ECF No. 65 at 1.

28                                                    4          APPLE INC.'S REPLY IN SUPPORT OF MOTION TO STAY
                                                                                              PENDING APPEAL
                                                                                   Case No. 4:21-mc-80091-JST

1    second motion to quash.  *Id.*  While the appeal was pending, the magistrate judge issued a 52-page

2    order granting the motion to quash in large part.  *Id.*  In those unique circumstances, the Fifth Circuit

3    held that the initial orders were not sufficiently final for appeal because they had "not conclusively

4    determine[d] whether, and to what extent, discovery might be required."  *Id.* at 973.

5         The facts here are readily distinguishable.  This Court has done nothing to indicate that its

6    order granting CPC's § 1782 petition is not conclusive of CPC's entitlement to discovery.  While

7    Apple reserves the right to raise any specific issues that might arise over the course of production,

8    the potential for such incidental discovery disputes does not deprive this Court's order of finality.

9    *See supra* pp. 3-4.  In arguing that there remains a live "dispute as to what, if anything, Apple should

10   be required to produce," CPC invokes Apple's motion to stay pending appeal—in which Apple

11   outlines the arguments it intends to make on appeal (*see* ECF No. 67 at 2 (citing ECF No. 65 at 5-

12   6))—and Apple's objections and responses to CPC's subpoena—in which Apple states its intention

13   to appeal the § 1782 order and reserves the objections it has raised (*see* ECF No. 67 at 2-3 (citing

14   ECF No. 67-2)).  But that Apple continues to disagree with this Court's ruling and seeks review in

15   the Court of Appeals by no means suggests that Apple can or will relitigate in *this* Court the issues

16   that have already been definitively resolved.

17        Indeed, that CPC's newfound exception to the Ninth Circuit's appellate jurisdiction would

18   require Apple to take that step reveals the absurdity of CPC's position.  CPC cannot realistically

19   contend that Apple could *never* appeal an adverse § 1782 order.  CPC—which has itself already

20   appealed once in this case—has no basis for suggesting that the right to appeal is enjoyed by § 1782

21   petitioners but not respondents.  Even in the (distinguishable and inapplicable) *Banca* case on which

22   CPC relies, the Fifth Circuit did not hold that the respondents had no right to appeal, but only that

23   the respondents' appeal was premature and could properly be taken from the denial of their second

24   motion to quash.  978 F.3d at 974.  Apple will file a motion to quash repeating its prior objections

25   if doing so is necessary to perfect its right to appeal.  But requiring such repetitive, pointless

26   litigation would only further delay the ultimate resolution of this case.

27

28                                      5                    APPLE INC.'S REPLY IN SUPPORT OF MOTION TO STAY
                                                                                        PENDING APPEAL
                                                                                Case No. 4:21-mc-80091-JST

1

**ii.    Apple's appeal raises serious legal questions**

2      CPC fares no better in attacking the merits of Apple's appeal.  As CPC does not dispute,

3   Apple need only show that its appeal will raise "serious legal questions."  *Todd v. Tempur-Sealy*

4   *Int'l, Inc.*, No. 13-cv-04984-JST, 2016 U.S. Dist. LEXIS 144373, *3 (N.D. Cal. Oct. 18, 2016).  As

5   Apple demonstrated, its appeal readily meets that test, raising serious legal questions regarding the

6   correct application of the *Intel* factors where a party without any clear showing of need seeks

7   extremely sensitive information, including source code, for use in prospective foreign litigation with

8   uncertain protections.  ECF No. 65 at 4-5.  That these issues are at the very least "serious" is

9   confirmed by, among other things, the multiple decisions of other courts denying § 1782 petitions

10   in parallel circumstances.  *See*, *e.g.*, *Andover Healthcare, Inc. v. 3M Co.*, 817 F.3d 621, 623-24 (8th

11   Cir. 2016); *Via Vadis Controlling GmbH v. Skype, Inc.*, No. 12-MC-193-RGA, 2013 WL 646236,

12   *3 (D. Del. Feb. 21, 2013); *Baxalta Inc. v. Genentech, Inc.*, No. 16-mc-80087-EDL, 2016 WL

13   11529803, *8 (N.D. Cal. Aug. 9, 2016).

14      Instead of addressing these contentions, CPC resorts to mischaracterizing Apple's

15   arguments.  Asserting that the protective order here would be "good enough for other litigants,"

16   CPC insists that "Apple's arguments amount to asking this Court to conclude that the rules that

17   apply to all other litigants don't apply to Apple because it is Apple."  ECF No. 67 at 5-6 (ellipses

18   and emphasis omitted).  But Apple has never argued that the protective order is insufficient "because

19   it is Apple."  To the contrary, Apple has accepted a similar protective order in U.S. litigation with

20   CPC.  *See* ECF No. 41-3.  Rather, as Apple has repeatedly explained, the effectiveness of the

21   protective order in this particular case is uncertain because of the nature of CPC's discovery request

22   (to use Apple's sensitive information in yet-to-be-filed litigation in Germany) and of CPC itself (a

23   nonpracticing entity without meaningful American assets).  ECF No. 65 at 5; ECF No. 49 at 8.

24   While such a protective order may often be "good enough for other litigants" in *domestic* litigation

25   (ECF No. 67 at 5), courts have repeatedly recognized that concerns like Apple's warrant the denial

26   of a § 1782 petition for discovery to be used in foreign litigation.  *E.g.*, *Andover Healthcare*, 817

27   F.3d at 623-24; *Via Vadis Controlling GmbH*, 2013 WL 646236, at *3; *Baxalta*, 2016 WL 11529803

28

APPLE INC.'S REPLY IN SUPPORT OF MOTION TO STAY
                                          PENDING APPEAL
                                    Case No. 4:21-mc-80091-JST

1    at *8; *see also Four Pillars Enters. Co., Ltd. v. Avery Dennison Corp.*, 308 F.3d 1075, 1079 (9th

2    Cir 2002).

3          CPC's other contentions are equally weak.  CPC insists that Apple's argument that the

4    information CPC seeks in discovery is confidential is inconsistent with Apple's argument that CPC

5    has not demonstrated why it even needs such highly confidential information to even file suit in

6    Germany.  ECF No. 67 at 5.  But there is no inconsistency.  The fact that CPC could likely file suit

7    based on non-sensitive, public information does not render the confidential information CPC is

8    (unnecessarily) seeking in discovery any less sensitive.

9          Similarly flawed is CPC's argument that Apple's conduct in this litigation somehow belies

10   the assertion that the information CPC seeks is confidential.  *See* ECF No. 67 at 5-6.  CPC

11   mistakenly contends that Apple did not raise these concerns until after the first appeal and remand.

12   ECF No. 67 at 5-6.  But Apple has consistently maintained that the information CPC seeks is

13   sensitive.  *E.g.*, ECF No. 67-3 at 15 (emphasizing that CPC seeks "the full breadth of information

14   underlying Apple's Touch ID and Face ID technology").  To the extent that Apple's briefing prior

15   to the remand "echoed the Magistrate's reasoning" (ECF No. 67 at 5), that is because the magistrate

16   judge initially denied CPC's petition without Apple filing any opposition (ECF No. 5 at 3), and

17   Apple's arguments to this Court and to the Ninth Circuit were limited to demonstrating that this

18   decision was not an abuse of discretion.  *See* ECF No. 13 at 1; ECF No. 67-3 at 7-8.

19         Finally, CPC emphasizes that this Court has previously rejected Apple's arguments.  ECF

20   No. 67 at 4.  But of course, that is always true when a party seeks a stay pending appeal.  *E.g.*,

21   *Maxcrest Ltd. v. United States*, No. 15-mc-80270-JST, 2016 U.S. Dist. LEXIS 155001, *6 (N.D.

22   Cal. Nov. 7, 2016).  This Court's prior rulings are why Apple has appealed; they do not by

23   themselves demonstrate that Apple's appeal raises no serious legal question.

24              **2.     *Apple Would be Irreparably Harmed Absent a Stay***

25         CPC does not address Apple's primary showing of irreparable harm absent a stay: Apple's

26   appeal may become moot.  Without a stay, Apple will be required to produce the information CPC

27   seeks, and CPC may use that information in Germany, before the Ninth Circuit is able to resolve

28

APPLE INC.'S REPLY IN SUPPORT OF MOTION TO STAY
PENDING APPEAL
Case No. 4:21-mc-80091-JST

1    Apple's appeal challenging this Court's order authorizing that discovery.  The risk that Apple's

2    appeal will thus become moot is alone "sufficient to show irreparable harm."  *United States v. Real*

3    *Prop. & Improvements Located at 2366 San Pablo Avenue*, No. 13-cv-02027-JST, 2015 U.S. Dist.

4    LEXIS 14624, *8 (N.D. Cal. Feb. 6, 2015); *accord*, *e.g.*, *Khrapunov*, No. 18-16254, Dkt. 7

5    (emphasizing risk of mootness in staying order granting § 1782 petition).

6            CPC has no response.  To the extent CPC suggests that the risk of mootness should be

7    discounted because the Ninth Circuit purportedly lacks jurisdiction over Apple's appeal (*cf.* ECF

8    No. 67 at 7), that contention fails because CPC's jurisdictional argument fails.  *See supra* pp. 2-5.

9    And even if CPC's jurisdictional argument were correct, it would provide no reason to deprive

10   Apple of its right to appeal by compelling immediate compliance with this Court's § 1782 order.

11   Apple would still be entitled to appeal from whatever subsequent, supposedly "final," decision

12   determines CPC's right to § 1782 discovery.  *See supra* p. 5.  For all the reasons explained in Apple's

13   motion, a stay pending the resolution of that appeal would be warranted.

14           Independently, the other irreparable harm that would follow from disclosure of Apple's

15   confidential information before the appeal is resolved also warrants a stay.  CPC contends this harm

16   is "speculative" because CPC will comply with the terms of the protective order.  ECF No. 67 at 6-

17   7.  But as an initial matter, that compliance is far from certain; and even if CPC complies fully, the

18   protections that will be afforded in German court remain unclear.  *See supra* pp. 6-7.  Regardless,

19   as Apple explained (ECF No. 65 at 7), the erroneous disclosure of confidential information is

20   necessarily irreparable because once that information is revealed it cannot be entirely clawed back.

21   *E.g., S.E.C. v. Rajaratnam*, 622 F.3d 159, 170 (2d Cir. 2010).  Once again, CPC has no response.

22           **3.      *The Balance of Harms Favors a Stay***

23           CPC similarly provides no reason to think that balance of hardships somehow tilts in its

24   favor.  It fails to acknowledge the risk of mootness and improperly discounts the harm that would

25   flow from erroneous disclosure.  *See* ECF No. 67 at 7.  It also overstates the harm that would flow

26   from a stay pending appeal.  CPC still does not explain why it cannot at least file the prospective

27   German litigation based on the public documents on which it has relied in other proceedings.  *See*

28                                                         8                    APPLE INC.'S REPLY IN SUPPORT OF MOTION TO STAY
                                                                                                              PENDING APPEAL
                                                                                               Case No. 4:21-mc-80091-JST

1    ECF No. 67 at 8.  That failure undercuts CPC's claim that further delay in obtaining additional,

2    highly sensitive information will cause it any harm.  CPC also complains that its § 1782 petition

3    was originally filed in April 2021.  ECF No. 67 at 8.  But the fact that it took CPC years to finally

4    convince this Court (after multiple failed attempts and an intervening appeal) to grant its petition is

5    no reason to deny Apple its own right to appeal now.  And CPC's insistence that Apple's appeal

6    should await the resolution of further litigation in this Court would only add to any delay.  *See supra*

7    p. 5.

8                    ***4.        The Public Interest Favors a Stay***

9            CPC's arguments on the public interest are deficient for many of the same reasons.  As Apple

10   has explained, it is in the public interest to ensure litigants a meaningful opportunity to appeal, which

11   secures the consistent development and application of the law.  *See Scripps-Howard Radio v.*

12   *F.C.C.*, 316 U.S. 4, 9-10 (1942).  CPC once again fails to meaningfully engage with the risk of

13   mootness in these circumstances, falling back on its erroneous jurisdictional argument.  ECF No. 67

14   at 8.  CPC gets no farther by arguing, without citation, that the public interest favors "the ability to

15   secure discovery."  ECF No. 67 at 8.  Even assuming that is so, CPC provides no reason to think

16   that there is a public interest in ensuring that such discovery is secured *now*, before Apple even has

17   the opportunity to raise its arguments in the Ninth Circuit.  If the Ninth Circuit affirms this Court's

18   order, CPC may proceed with discovery in due course.

19       **B.        At a Minimum, This Court Should Enter a Temporary Stay While the Ninth**

20                **Circuit Resolves Apple's Stay Request**

21           If this Court for some reason declines to stay its discovery order pending the Ninth Circuit's

22   resolution of Apple's appeal, Apple requests that the Court enter a temporary stay while Apple seeks

23   a stay from the Ninth Circuit.  CPC responds that "Apple provides no timing for such a motion."

24   ECF No. 67 at 9.  That concern is unfounded:  this Court may set the relevant timing, as other courts

25   have done.  It may, for example, provide that its temporary stay expires in a set number of days

26   unless Apple moves for a stay in the Ninth Circuit.  *E.g., Luna v. O'Keefe*, No. 17-cv-02129-LHK,

27   2018 U.S. Dist. LEXIS 82012, *7-8 (N.D. Cal. May 14, 2018) ("If Petitioner seeks a stay in the

28                                        9        APPLE INC.'S REPLY IN SUPPORT OF MOTION TO STAY
                                                                                              PENDING APPEAL
                                                                                   Case No. 4:21-mc-80091-JST

1   Ninth Circuit within seven days of this order, the Court will stay Petitioner's extradition until the

2   Ninth Circuit rules on Petitioner's stay motion.  On the other hand, if Petitioner does not seek a stay

3   in the Ninth Circuit within seven days of this order, then this Court's temporary stay of Petitioner's

4   extradition will expire seven days after the entry of this order.").

5   **III.    CONCLUSION**

6        For the foregoing reasons and those stated in its initial motion, Apple requests that this Court

7   stay its order granting CPC's § 1782 application pending the resolution of Apple's appeal of that

8   order.

9

10   Dated:  December 4, 2023            MORRISON & FOERSTER LLP

11

12                      By:  */s/ James R. Sigel*
                           James R. Sigel

13

14

15                      Attorneys for Respondent
                     APPLE INC.

16

17

18

19

20

21

22

23

24

25

26

27

28                      10