UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CPC PATENT TECHNOLOGIES PTY LTD.,<br><br>    Plaintiff,<br><br>    v.<br><br>APPLE, INC.,<br><br>    Defendant. | Case No. 21-mc-80091-JST<br><br>**ORDER GRANTING MOTION TO STAY**<br><br>Re: ECF No. 65 |

Before the Court is Defendant Apple, Inc.'s motion to stay the Court's discovery order at ECF No. 46 pending appeal. ECF No. 65. The Court will grant the motion.

## I.  BACKGROUND

CPC, an Australian corporation, is the owner by assignment of patents covering biometric security for electronic devices. ECF No. 65 at 6. CPC filed this action seeking discovery under 28 U.S.C. § 1782 because it intends to file a patent-infringement lawsuit in Germany against Apple's German subsidiary, Apple Retail Germany B.V. & Co. KG. ECF No. 65 at 6–7. CPC's infringement allegations concern Apple's Face ID and Touch ID technology and the devices that contain these features. *Id.* Before commencing this action, CPC had also filed a patent infringement action in the Western District of Texas, which was transferred to this district. *Id.*; *see CPC Patent Tech. PTY Ltd. v. Apple, Inc.*, 22-cv-02553-EJD (N.D. Cal.).

Because this Court has detailed the procedural history of this action in prior orders, *see, e.g.*, ECF Nos. 46 at 2–4, 63 at 1–3, it recites only recent developments here. Following this Court's order granting CPC's application for discovery under 28 U.S.C. § 1782, ECF No. 46, Apple moved to amend or alter the judgment, ECF No. 49. The Court denied Apple's motion on October 11, 2023. ECF No. 63. On November 10, 2023, Apple appealed the discovery order and

1  the order denying its motion to alter or amend the judgment to the Ninth Circuit.  *See* ECF No. 64.

2  On November 13, 2023, Apple moved this Court to stay its order compelling discovery until the

3  resolution of appellate proceedings.  ECF No. 65.  CPC filed its opposition on November 27,

4  2023.  ECF No. 67.  Apple filed a reply on December 4, 2023.  ECF No. 71.

## II.     JURISDICTION

The Court has subject-matter jurisdiction over this case pursuant to 28 U.S.C. § 1782, and it has personal jurisdiction because Apple's headquarters is in the Northern District of California. *In re Letter Rogatory from Loc. Ct. of Ludwigsburg, Fed. Republic of Germany in Matter of Smith*, 154 F.R.D. 196, 199 (N.D. Ill. 1994).

## III.    LEGAL STANDARD

The "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).  A stay is "an exercise of judicial discretion, and the propriety of its issue is dependent upon the circumstances of the particular case.  The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion."  *Nken v. Holder*, 556 U.S. 418, 433–34 (2009) (internal alterations, citations, and quotations omitted).

District courts consider four factors to decide whether a stay pending appeal is warranted: (1) whether the movant has made a strong showing that it is likely to succeed on the merits; (2) whether the movant will be irreparably injured absent a stay; (3) whether a stay will substantially injure other parties to the proceeding; and (4) the public interest implicated by the grant or denial of the stay.  *Id.* at 434; *see also Leiva-Perez v. Holder*, 640 F.3d 962, 964 (9th Cir. 2011).

## IV.    DISCUSSION

### A.     Likelihood of Success

The Court first considers whether Apple has shown that it is likely to succeed on the merits of its appeal.  Apple argues that this factor weighs in its favor because its appeal "will at the very least raise 'serious legal questions.'"  ECF No. 65 at 8 (citing *Todd v. Tempur-Sealy Int'l, Inc.*, 2016 WL 6082413, at *1 (N.D. Cal. Oct. 18, 2016)).  Apple highlights CPC's status as a foreign

1    non-practicing entity lacking significant assets in the United States, the sensitive nature of the

2    information that CPC seeks about Apple devices' security features, and the fact that millions of

3    consumers rely on those features as elements that bolster its case on appeal. ECF No. 65 at 8–10.

4           Rather than disputing that Apple's appeal raises serious legal questions, CPC directs the

5    Court's attention to the issue of appellate jurisdiction. CPC argues that an order granting a Section

6    1782 petition is not appealable because it lacks finality. ECF No. 67 at 2–5; *see generally* 28

7    U.S.C. § 1291. Apple cannot prevail at the Ninth Circuit, CPC reasons, because the Ninth Circuit

8    will be required to dismiss its case for lack of jurisdiction. *Id.* at 5. CPC points to the possibility

9    of further litigation, such as a motion to quash the subpoena, as evidence that this Court's order

10   did not "place[] the parties effectively out of federal court" or "dissociate[]" the Court "from the

11   case entirely" as required for finality. *Id.* at 2–3 (quoting *CPC Pat. Techs. Pty Ltd. v. Apple, Inc.*,

12   34 F.4th 801, 806 (9th Cir. 2022) (internal quotations omitted)).

13          CPC's arguments regarding appellate jurisdiction are unpersuasive. The Ninth Circuit

14   undoubtedly has jurisdiction over Apple's appeal from this Court's final order. *See* ECF No. 63 at

15   3 n.3. Indeed, the Ninth Circuit has decided many appeals of orders granting Section 1782

16   petitions. *See, e.g.*, *Khrapunov v. Prosyankin*, 931 F.3d 922, 924 (9th Cir. 2019); *Akebia*

17   *Therapeutics, Inc. v. FibroGen, Inc.*, 793 F.3d 1108, 1110 (9th Cir. 2015); *Nikon Corp. v.*

18   *GlobalFoundries U.S., Inc.*, 706 F. App'x 350, 351 (9th Cir. 2017); *In re Application Pursuant to*

19   *28 U.S.C. § 1782 to Take Discovery of ASML U.S., Inc.*, 707 F. App'x 476, 477 (9th Cir. 2017).

20   The "narrow exception" covering Section 1782 cases where a court issues a subpoena to a party

21   who is also a litigant in the foreign proceeding does not apply here. ECF No. 63 at 3 n.3 (citing

22   *CPC Pat. Techs. Pty Ltd.*, 34 F.4th at 806).

23          CPC acknowledges that the Ninth Circuit has reviewed orders granting Section 1782

24   petitions but insists that the court has never contemplated the basis for its jurisdiction in such

25   cases. ECF No. 67 at 3. Relevant caselaw—including the recent appellate opinion in this

26   matter—belies that assertion. *See, e.g.*, *CPC Pat. Techs. Pty Ltd.*, 34 F.4th at 805–06; *In re*

27   *Premises Located at 840 140th Ave. NE, Bellevue, Wash.*, 634 F.3d 557, 565–67 (9th Cir. 2011).

28   The Ninth Circuit has explained that Section 1782 petitions concern the discrete issue of whether

the party seeking evidence for use in foreign proceeding is entitled to its production. *In re Premises Located at 840 140th Ave. NE, Bellevue, Wash.*, 634 F.3d at 566 ("In a § 1782 appeal, . . . the district court's subpoena order is the district court's last, or 'final,' order because, critically, the underlying case in a § 1782 appeal necessarily is conducted in a foreign tribunal."). "[U]nlike an ordinary discovery order that is just one step in an ongoing federal case," an order resolving a Section 1782 petition is an appealable final order. *CPC Pat. Techs. Pty Ltd.*, 34 F.4th at 806. "'Once the district court has ruled on the parties' [§ 1782] motion[ ] . . . there is no further case or controversy before the district court.'" *Id.* (quoting *In re Premises Located at 840 140th Ave. NE, Bellevue, Wash.*, 634 F.3d at 566 (first alteration omitted; subsequent alterations in original)). Potential motions following the subpoena order are akin to post-judgment motions in other types of federal cases, which likewise do not impede the appealability of dispositive orders. *CPC Pat. Techs. Pty Ltd.*, 34 F.4th at 809–10.

CPC further contends that because this Court previously considered and rejected Apple's arguments regarding the merits of its position, it should not now find that these same arguments constitute serious legal questions. ECF No. 67 at 5–6. To accept CPC's argument would be to deny that a motion for stay could *ever* be granted, since a party seeking a stay pending appeal necessarily has failed to persuade the district court of the merits of its arguments. *See* ECF No. 65 at 9 (citing *Glob. Indus. Inv. Ltd. v. 1955 Cap. Fund I GP LLC*, 2023 WL 6310263, at *7 (N.D. Cal. Sept. 27, 2023); *Maxcrest Ltd. v. United States*, 2016 WL 6599463, at *2 (N.D. Cal. Nov. 7, 2016)). "[T]o justify a stay, petitioners need not demonstrate that it is more likely than not that they will win on the merits." *Leiva-Perez*, 640 F.3d at 966. Apple's arguments raise "serious legal questions" notwithstanding this Court's having not adopted those arguments in its order. *Todd*, 2016 WL 6082413, at *1. Accordingly, this factor weighs in favor of the request for a stay.

### B. Risk of Irreparable Harm

The Court next considers Apple's argument that the risk of irreparable harm warrants a stay. Apple argues that a stay is essential to preserve the status quo while it exercises its right to appeal. ECF No. 65 at 10–11. Absent a stay, Apple must produce the information that CPC seeks, which CPC may use in its contemplated German lawsuit at any time, rendering moot

4

1  Apple's appeal challenging CPC's right to the information. *Id.* Apple also emphasizes that the
2  protective order in this action provides no assurance of confidentiality once CPC files the
3  information in German proceedings, and the German court's protections are uncertain. ECF No.
4  71 at 12. Apple argues that the need for appellate review is especially crucial because the release
5  of the information at issue would create a security risk for millions of consumers. ECF Nos. 65 at
6  9, 71 at 10–12.

7  CPC responds that the protective order in the case provides sufficient protection from
8  unauthorized disclosure of sensitive information and that Apple's concerns about CPC's ability to
9  skirt the protective order are unfounded. ECF No. 67 at 5–8. CPC characterizes Apple as
10 requesting an exceptional solution to a routine problem based on its identity as a large, well-
11 known corporation. *Id.*

12 "[T]he risk of mootness by itself is sufficient to show a risk of irreparable harm." *United*
13 *States v. Real Prop. & Improvements Located at 2366 San Pablo Ave., Berkeley, California*, 2015
14 WL 525711, at *3 (N.D. Cal. Feb. 6, 2015) (citing *City of Oakland v. Holder*, 961 F. Supp. 2d
15 1005, 1013–14 (N.D. Cal. 2013)) (additional citation omitted). In addition, the wrongful
16 disclosure of sensitive information is inherently irreparable. *See Hernandez v. Tanninen*, 604 F.3d
17 1095, 1101 (9th Cir. 2010) (holding that "an appeal after disclosure" does not vindicate the
18 "irreparable harm a party likely will suffer if erroneously required to disclose privileged materials
19 or communications" (internal quotation omitted)); *Maxcrest Ltd.*, 2016 WL 6599463, at *4
20 (finding irreparable harm because courts are unable to "withdraw all knowledge or information"
21 from a party who received a wrongful disclosure "once that information has already been
22 divulged" (internal quotation omitted)). The risk of irreparable harm thus counsels in favor of
23 granting a stay.

24 **C.     Balance of Harms**

25 The third *Nken* factor requires the Court to consider "whether a stay will substantially
26 injure other parties to the proceeding." *Nken*, 556 U.S. at 434. Apple juxtaposes the grave harm
27 that it expects to incur if it must disclose sensitive information before obtaining appellate review
28 with the "slight" harm that would befall CPC if it were made to wait until appellate proceedings

5

resolve. ECF No. 65 at 11. Apple also posits that CPC could commence the litigation that it contemplates in Germany based on publicly available information. *Id.* CPC counters that a stay would amount to undue delay in an action that has already taken years to resolve and reiterates its doubts regarding Apple's right to appeal this Court's order. ECF No. 67 at 8–9.

Apple has the better argument. Without a stay of this Court's order, Apple likely would have to disclose the information that it seeks to withhold before exhausting its rightful appeal. CPC does not articulate how the passage of additional time would harm its interests other than by frustrating its desire to have the information sooner rather than later. The Court finds that the balance of the harms tips in favor of granting a stay.

### D.     Public Interest

Finally, the Court weighs the public interest considerations that counsel for or against granting a stay pending appeal. Apple highlights the public interest in parties' ability to obtain meaningful appellate review. ECF No. 65 at 12. CPC repeats its theory that the Ninth Circuit lacks jurisdiction and references the value of ensuring that parties receive court-ordered discovery. ECF No. 67 at 9–10.

The public interest weighs in favor of a stay for reasons that overlap with the need to mitigate the risk of mootness while Apple exercises its right to appeal. In this case, a stay is warranted to preserve the status quo while appellate proceedings are pending. Accordingly, Apple's motion for a stay of this Court's January 3, 2023 order granting CPC's application for discovery is GRANTED.

**IT IS SO ORDERED.**

Dated: February 1, 2024



_____
JON S. TIGAR
United States District Judge

6