**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| CPC PATENT TECHNOLOGIES PTY LTD., | No. 23-3449 |
| *Petitioner - Appellee*, | D.C. No. 4:21-mc-80091-JST |
| v. | |
| APPLE INC., | OPINION |
| *Respondent - Appellant*. | |

Appeal from the United States District Court
for the Northern District of California
Jon S. Tigar, District Judge, Presiding

Argued and Submitted September 24, 2024
San Francisco, California

Filed October 24, 2024

Before: Milan D. Smith, Jr., Jacqueline H. Nguyen, and
Daniel A. Bress, Circuit Judges.

Opinion by Judge Bress

# SUMMARY*

### Discovery / Appellate Jurisdiction

The panel dismissed, for lack of appellate jurisdiction, an appeal from the district court's order granting the application of CPC Patent Technologies Pty Ltd. for discovery under 28 U.S.C. § 1782 against Apple Inc. for use in a not-yet-filed patent infringement suit in Germany.

The panel held that the district court's decision was not final and appealable because the scope of discovery and the type of discovery that Apple was required to produce remained undetermined. In these circumstances, the district court's order did not end the litigation on the merits, place the parties effectively out of federal court, or result in the district court disassociating itself from the case entirely, retaining nothing of the matter on its docket. The panel explained that the lack of a determination as to the scope of Apple's discovery obligations under the district court's § 1782 order materially affected the panel's ability to evaluate the *Intel* factors used to determine whether discovery was warranted under § 1782 because it was difficult for the panel to assess the sufficiency of the German legal system's confidentiality protections or the risks and burdens that the discovery could create for Apple.

---

* This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

George C. Summerfield (argued), K&L Gates LLP, Chicago, Illinois; Zachary T. Timm, Vanuhi Zohrabians, and Christina N. Goodrich, K&L Gates LLP, Los Angeles, California; Darlene F. Ghavimi, K&L Gates LLP, Austin, Texas; for Petitioner-Appellee.

James Sigel (argued), Davis Wright Tremaine LLP, San Francisco, California; Seth Sproul, Fish & Richardson PC, San Diego, California; Joel F. Wacks, Morrison & Foerster LLP, San Francisco, California; for Respondent-Appellant.

**OPINION**

BRESS, Circuit Judge:

Under 28 U.S.C. § 1782, a district court may permit discovery for use in a foreign proceeding. In this case, CPC Patent Technologies Pty Ltd. applied for § 1782 discovery against Apple Inc. for use in a not-yet-filed patent infringement suit in Germany. The district court granted CPC's § 1782 application, and Apple now appeals. We hold that the district court's decision is not final because the scope of discovery remains undetermined. The lack of a final judgment means that we lack appellate jurisdiction. We dismiss the appeal.

I

Rooted in longstanding practice, 28 U.S.C. § 1782 "authorizes, but does not require," federal district courts to order discovery for use in a foreign proceeding. *Intel Corp.*

*v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 255 (2004). To secure this discovery, a § 1782 applicant must show at the outset (1) that "the person from whom the discovery is sought 'resides or is found' in the district of the district court where the application is made," (2) "the discovery is 'for use in a proceeding in a foreign or international tribunal,'" and (3) "the application is made by a foreign or international tribunal or 'any interested person.'" *Khrapunov v. Prosyankin*, 931 F.3d 922, 925 (9th Cir. 2019) (quoting 28 U.S.C. § 1782(a)).

Even if an applicant meets these requirements, "the district court still retains substantial discretion to permit or deny the requested discovery." *Id.* at 926 (citing *Intel*, 542 U.S. at 264–65). This discretion is guided by the Supreme Court's articulation in *Intel* of four non-exclusive factors: (1) whether "the person from whom discovery is sought is a participant in the foreign proceeding;" (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance;" (3) "whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States;" and (4) whether the discovery requests are "unduly intrusive or burdensome." *Intel*, 542 U.S. at 264–65; *see also In re Premises Located at 840 140th Ave. NE*, 634 F.3d 557, 563 (9th Cir. 2011). These factors are sometimes described as the "*Intel* factors." *See, e.g.*, *Frasers Grp. PLC v. Stanley*, 95 F.4th 54, 56 (2d Cir. 2024); *Schlich v. Broad Inst., Inc.* (*In re Schlich*), 893 F.3d 40, 45 (1st Cir. 2018).

The § 1782 applicant in this case is CPC, an Australian patent holding company that in 2019 acquired a series of biometric security patents. CPC has sued Apple for patent

infringement in the United States and elsewhere, claiming that certain Apple security features, such as Face ID, infringe on patents in the CPC portfolio.

In April 2021, CPC filed a § 1782 application in the Northern District of California. CPC's application sought discovery from Apple for use in CPC's prospective German patent infringement suit against a German Apple entity concerning the parties' German patents. CPC sought to serve Apple with a subpoena for fifteen categories of documents "sufficient to describe" the functionality of various aspects of Apple's biometric security technology.

By local general order, the matter was assigned to a magistrate judge, who denied CPC's petition under the *Intel* factors, finding the requested discovery unduly burdensome. CPC then sought review in the district court. Applying a clear error standard of review, the district court affirmed the magistrate judge's denial of CPC's § 1782 application.

On appeal to this court, we held that the district court erred in reviewing the magistrate judge's decision for clear error. *CPC Patent Techs. Pty Ltd. v. Apple, Inc.*, 34 F.4th 801, 803 (9th Cir. 2022) ("*CPC I*"). Examining the intersecting rules governing the powers of magistrate judges, *see* 28 U.S.C. § 636; Fed. R. Civ. P. 72, we held that a ruling on a § 1782 application should be regarded as a dispositive matter because it "necessarily disposes of the 'ultimate relief sought' in the federal case." *CPC I*, 34 F.4th at 808 (quoting *SEC v. CMKM Diamonds, Inc.*, 729 F.3d 1248, 1260 (9th Cir. 2013)). Because the matter was dispositive under § 636, and because the parties had not consented to the magistrate judge having the power to adjudicate dispositive matters, the district court should have reviewed the magistrate judge's denial of § 1782 discovery de novo rather than for clear

error. *Id.* at 807–08. We remanded the case to the district court for further consideration. *Id.* at 810.

On remand, the district court referred the matter back to the magistrate judge, who again recommended that CPC's § 1782 application be denied under the *Intel* factors. CPC objected to the magistrate judge's ruling. This time, applying de novo review, the district court granted CPC's § 1782 application, concluding that CPC met the § 1782 eligibility requirements (this point is not disputed) and that the *Intel* factors weighed in CPC's favor. In its decision, the district court noted that by CPC's admission, Apple would be required to produce source code "only if no other information is available."

The district court's order granting CPC's § 1782 application directed that CPC could serve its subpoena for documents on Apple following the entry of a protective order. The parties negotiated a protective order, which the district court entered on February 13, 2023. On October 11, 2023, the district court denied Apple's Rule 59(e) motion to alter or amend its order granting CPC's § 1782 application. Several days later, CPC served its subpoena on Apple. On November 7, 2023, Apple served its responses and objections to the subpoena. Among other things, Apple objected to the requests "to the extent [they] require[d] the production of source code or other highly confidential technical documentation." Then, on November 10, 2023, Apple filed this appeal of the district court's order granting the § 1782 application.

Soon after, Apple sought to stay proceedings in the district court pending appeal. The district court granted Apple's stay request over CPC's opposition. CPC had argued that a stay was improper because this court would

lack jurisdiction over Apple's appeal for lack of a final judgment. Citing decisions from this court, including our prior decision in this same case, *see CPC I*, 34 F.4th at 805–06, 809–10, the district court concluded that its order granting CPC's § 1782 application was a final judgment over which this court would have appellate jurisdiction. Although the district court acknowledged the possibility of future motions practice over what Apple might be required to produce, it reasoned that such "[p]otential motions following the subpoena order are akin to post-judgment motions in other types of federal cases, which likewise do not impede the appealability of dispositive orders."

Because Apple had otherwise raised serious legal questions about the merits of the court's § 1782 order, and because Apple "likely would have to disclose the information it seeks to withhold" before an appeal was resolved, the district court found that a stay pending appeal was warranted.

## II

On appeal, Apple asks us to review the district court's application of the *Intel* factors. But we can do so only if we have appellate jurisdiction. As is our obligation, we must assess our jurisdiction independently. *See, e.g.*, *Bagdasarian Prods., LLC v. Twentieth Century Fox Film Corp.*, 673 F.3d 1267, 1270 (9th Cir. 2012).

## A

Under 28 U.S.C. § 1291, we have appellate jurisdiction over final decisions of district courts. *See CPC I*, 34 F.4th at 805. "As a general rule, a decision is final under § 1291 'only if it ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" *Doe 1–10 v.*

*Fitzgerald*, 102 F.4th 1089, 1094 (9th Cir. 2024) (quoting *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 712 (1996)). Thus, "a 'final' decision is one 'that places the parties effectively out of federal court.'" *CPC I*, 34 F.4th at 805 (brackets omitted) (quoting *Cal. Dep't of Water Res. v. Powerex Corp.*, 533 F.3d 1087, 1094 (9th Cir. 2008)). As we explained in *CPC I*, "[t]his test is satisfied when 'the district court disassociates itself from the case entirely, retaining nothing of the matter on the federal court's docket.'" *Id.* (quoting *Snodgrass v. Provident Life & Acc. Ins. Co.*, 147 F.3d 1163, 1166 (9th Cir. 1998) (per curiam)).

Usually, discovery orders are not appealable because they are interlocutory, merely one chapter in a broader litigation that culminates in an eventual final judgment. *See id.* at 806; *840 140th Ave. NE*, 634 F.3d at 566. But orders on § 1782 applications are different. The whole point of a § 1782 application is to obtain discovery for use in another proceeding outside the United States. We have thus recognized that "unlike an ordinary discovery order that is just one step in an ongoing federal case, 'once the district court has ruled on the parties' § 1782 motion . . . there is no further case or controversy before the district court.'" *CPC I*, 34 F.4th at 806 (omission in original) (brackets omitted) (quoting *840 140th Ave. NE*, 634 F.3d at 566).

This means that if the finality requirements are met, a district court's ruling on a § 1782 application qualifies as a final judgment for purposes of 28 U.S.C. § 1291. We have said this before, although in ways that do not necessarily reflect the greater level of precision that the case before us demands. In *Okubo v. Reynolds* (*In re Letters Rogatory from Tokyo District Prosecutor's Office*), 16 F.3d 1016, 1018 n.1 (9th Cir. 1994), for example, we stated without elaboration that "district court[] orders made pursuant to § 1782 are

final, and thus appealable under 28 U.S.C. § 1291." Along these same lines, we have also observed that in "most" § 1782 cases, "we have simply stated, without clarification or explanation, that we have appellate jurisdiction." *840 140th Ave. NE*, 634 F.3d at 566–67 (citing *United States v. Sealed 1*, 235 F.3d 1200, 1203 (9th Cir. 2000); *Advanced Micro Devices, Inc. v. Intel Corp.*, 292 F.3d 664, 666 (9th Cir. 2002); *In re Letters Rogatory*, 16 F.3d at 1018 n.1; *In re Kevork*, 788 F.2d 566, 569 (9th Cir. 1986); *Four Pillars Enters. Co., Ltd. v. Avery Dennison Corp.*, 308 F.3d 1075, 1078 (9th Cir. 2002)); *see also Khrapunov*, 931 F.3d at 924. Our approach has not been atypical. In this regard, we have noted that "most federal courts of appeals to have considered the matter 'have ruled that they have appellate jurisdiction over orders issued under § 1782' pursuant to § 1291[,] 'without qualification or exception.'" *CPC I*, 34 F.4th at 806 (quoting *840 140th Ave. NE*, 634 F.3d at 566).[1]

Our cases addressing appellate jurisdiction over § 1782 orders fall into two main categories. The first consists of cases in which the district court *denies* the § 1782 application and the party who applied for § 1782 discovery appeals. In that situation, the denial of a § 1782 application constitutes a final judgment. Importantly, that was the situation in the prior appeal in this case. *See CPC I*, 34 F.4th at 806. As we explained then, because "[t]he only relief sought by CPC in this federal case was court-ordered discovery pursuant to § 1782," "[w]hen the magistrate judge

---

[1] Our circuit recognizes a "narrow" exception to our jurisdiction over § 1782 orders if a "subpoena is issued to a party that is also a litigant in the foreign proceeding." *CPC I*, 34 F.4th at 806 (citing *840 140th Ave. NE*, 634 F.3d at 566–67). In that situation, there is only appellate jurisdiction if the interested party refuses to comply and suffers a contempt order. *Id.* This exception does not apply here.

denied this relief and the district judge affirmed the denial, there were no further issues for the federal court to resolve, and so the district court's order was 'final.'" *Id.* (footnote omitted). We have other cases that fall into this first category as well, involving appeals of the denial of § 1782 applications. *See Advanced Micro Devices*, 292 F.3d at 666; *In re Letters Rogatory*, 16 F.3d at 1018; *see also Four Pillars*, 308 F.3d at 1076 (appeal of a district court order granting in part and denying in part a § 1782 application).

The second category of cases involves appeals from the grant of § 1782 applications, but in which we did not discuss why we treated the order as final. *See, e.g.*, *Khrapunov*, 931 F.3d at 924; *Republic of Ecuador v. Mackay*, 742 F.3d 860, 864 (9th Cir. 2014); *Akebia Therapeutics, Inc. v. FibroGen, Inc.*, 793 F.3d 1108, 1110 (9th Cir. 2015). Of course, "unstated assumptions on non-litigated issues are not precedential holdings binding future decisions." *Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208, 1226 (9th Cir. 2009) (quoting *Sakamoto v. Duty Free Shoppers, Ltd.*, 764 F.2d 1285, 1288 (9th Cir. 1985)). That principle extends to embedded yet unexplored questions of finality, even though the issue is jurisdictional. *See Ariz. Christian Sch. Tuition Org. v. Winn*, 563 U.S. 125, 144 (2011). Our cases in this second category do not resolve the appeal before us, nor would it be appropriate for us to now root through the long-closed district court dockets in these cases for indications of finality that our decisions simply did not address.

Even so, it is apparent from some of these "category 2" cases that they did not present the same issues we have here. For example, in *Khrapunov*, we described how after the § 1782 application was granted and the subpoena issued, the magistrate judge denied a motion to quash the subpoena but "did narrow its scope somewhat." 931 F.3d at 924. These

are not steps that have happened in this case. Similarly, in *840 140th Ave. NE*—one of the few cases in which we actually grappled with the finality issue—we explained that "[o]nce the district court has ruled on the parties' motions concerning the evidentiary requests, there is no further case or controversy before the district court." 634 F.3d at 566. This again suggests the need for a greater resolution of the discovery issues than what we have here.

B

The fundamental problem in this case is that although the district court rejected Apple's arguments which, if accepted, would have precluded § 1782 discovery altogether, the scope of discovery and type of information that Apple must produce remains undetermined. The district court's § 1782 order allowed CPC to serve its subpoena on Apple, to which Apple has served responses and objections. The document requests asked Apple to produce materials "sufficient to describe" certain information about Apple's biometric technologies. But what those documents are or will be remains unclear, and Apple has lodged objections to the requests that remain unresolved. Indeed, at oral argument, Apple acknowledged that "there does remain significant litigation that might follow in the district court" about the scope of what must be produced. The further discussions between the parties and possible motions practice that would have settled these issues never happened because the case was stayed pending this appeal. There is no meeting of the minds between the parties as to what documents must be turned over or any court order to that effect.

In these circumstances, it cannot be said that the district court's § 1782 order "ends the litigation on the merits," *Fitzgerald*, 102 F.4th at 1094 (quoting *Quackenbush*, 517

U.S. at 712), "places the parties effectively out of federal court," *CPC I*, 34 F.4th at 805 (brackets omitted) (quoting *Cal. Dep't of Water Res.*, 533 F.3d at 1094), or results in "the district court disassociat[ing] itself from the case entirely, retaining nothing of the matter on the federal court's docket." *Id.* (quoting *Snodgrass*, 147 F.3d at 1166). In some circumstances, it may be that the granting of a § 1782 application without more concludes the litigation because it is clear what the subpoena is requesting and there is no further objection to producing it. But that is not the case here. Indeed, even if we were to affirm the district court's § 1782 order, we would face the prospect of additional appeals raising further questions about the scope of Apple's discovery obligations. A central purpose of the finality requirement is to avoid such piecemeal appeals. *See, e.g.*, *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 106 (2009).

We see the problem most acutely when it comes to Apple's source code. Much of Apple's opposition to the district court's § 1782 order turns on its concern that it will be required to turn over highly proprietary source code for use in a German proceeding in which the confidentiality protections are less robust than Apple desires. But the district court has yet to order Apple to turn over any source code, and the parties seem to agree that Apple will not be required to produce the code "unless no other responsive information is available." The district court likewise referenced CPC's position that source code should be produced "only if no other information is available." Although the district court rejected Apple's strong-form argument that § 1782 discovery should be denied altogether because CPC can obtain what it needs through publicly available information, it also remains to be determined whether publicly available information or information

already produced to CPC in other litigation will narrow or obviate any of CPC's current document requests.

The lack of a conclusive determination as to the scope of Apple's discovery obligations under the district court's § 1782 order is no mere academic issue, but one that materially affects our ability to evaluate the *Intel* factors. As we discussed above, *Intel* requires consideration of, among other things, "the nature of the foreign tribunal[] [and] the character of the proceedings underway abroad," as well as whether the discovery will be "unduly intrusive or burdensome." 542 U.S. at 264–65. Without knowing the scope and nature of the materials that Apple must produce to CPC, it is difficult to assess the sufficiency of the German legal system's confidentiality protections or the risks and burdens that the discovery may create for Apple. The *Intel* factors cannot be considered in a vacuum, without evaluation of the underlying discovery materials at stake.

We find strong support for our decision in *Banca Pueyo SA v. Lone Star Fund IX (US), L.P*., 978 F.3d 968 (5th Cir. 2020), the case most analogous to this one. *Banca Pueyo* dismissed an appeal of an order granting a § 1782 application for the same reason we do here: "Because the district court has not yet determined the scope of discovery, this appeal is interlocutory." *Id.* at 970. In *Banca Pueyo*, the district court granted a § 1782 application and denied the respondents' objections to a magistrate judge's denial of respondents' motion to quash. *Id.* at 971. Respondents then appealed the § 1782 order. *Id.* Meanwhile, after the appeal had been filed, the respondents in the district court filed a further motion to quash the subpoenas, which led to a 52-page magistrate judge order granting in part and denying in part the motion. *Id.* That order remained the subject of ongoing litigation in the district court. *Id.* at 972.

The Fifth Circuit held that it lacked jurisdiction over the appeal of the order granting the § 1782 application because the district court's decision was not final. As the court explained:

> No court has exercised appellate jurisdiction over a section 1782 case when a motion to quash that might limit the scope of discovery remained pending in the trial court. Rather, courts have allowed appeals only after the district court had affirmatively decided the proper scope of discovery. The district court had not yet resolved the scope of discovery when this appeal was filed, so we would not have jurisdiction under the typical finality inquiry.

*Id.* (quotations and citations omitted). The decision was not final, in other words, because the district court's orders "d[id] not conclusively determine whether, and to what extent, discovery might be required." *Id.* at 973; *see also Banco Mercantil de Norte, S.A. v. Paramo*, 114 F.4th 757, 760 n.2 (5th Cir. 2024) (observing that the order at issue in *Banca Pueyo* was not immediately appealable because "the scope of discovery" had not been "'definitively resolved'" (quoting *Banca Pueyo*, 978 F.3d at 974)). The same is true here.

To be sure, *Banca Pueyo* may have involved more dramatic circumstances, with the respondents filing a new motion to quash after they appealed and the magistrate judge issuing a 52-page ruling the week before oral argument in the court of appeals. *Banca Pueyo*, 978 F.3d at 971. But the only reason there have not been further proceedings in this

case is because they are stayed. As in *Banca Pueyo*, the scope of the required discovery remains unresolved. And as in *Banca Pueyo*, considering Apple's legal challenges to the § 1782 order now "runs the risk of inefficient piecemeal appeals," as all of Apple's current arguments "will be reviewable in an appeal after the district court conclusively determines the scope of . . . discovery." *Id.* at 973.

*Banca Pueyo* acknowledged that if it were to hold on an interlocutory basis that no § 1782 application was permitted, that would of course end the litigation. *Id.* But this same logic would apply to the interlocutory reversal of the denial of summary judgment, "[y]et those are not allowed" except in certain unique situations. *Id.* The reasoning of *Banca Pueyo* is persuasive. Our decision today aligns with the Fifth Circuit's decision in *Banca Pueyo*, which is the only precedent of which we are aware that meaningfully addresses the type of situation now before us.

Apple nonetheless argues that our prior decision in *CPC I* supports our exercise of appellate jurisdiction here. That is incorrect. The portion of *CPC I* in question concerns our resolution of Apple's argument in the prior appeal that a § 1782 application did not rule on a dispositive matter under 28 U.S.C. § 636—the statute governing the powers of magistrate judges—"because there may be still be other issues for the court to rule on afterward." *CPC I*, 34 F.4th at 809. Apple maintained in *CPC I* that because of the possibility of further litigation after a § 1782 ruling, a magistrate judge's § 1782 order was not dispositive under 28 U.S.C. § 636 and should be reviewed for clear error, not de novo. *Id.* Apple offered various examples of possible follow-on litigation surrounding the proper scope of a subpoena. *Id.*

We rejected Apple's argument. We said:

> Assuming *arguendo* that these examples bear on this case—where the district court declined to issue a subpoena requiring enforcement or clarification—the problem for Apple is that the examples involve proceedings that are just incidental to the underlying discovery order. They can be likened to post-judgment proceedings in an ordinary civil case, such as a motion for relief from the judgment pursuant to Federal Rule of Civil Procedure 60, or a Rule 59(e) motion to alter or amend the judgment. The possibility of these later challenges does not negate the dispositive nature of the dismissal, summary judgment, or other motion leading to the judgment.

*Id.*

This aspect of *CPC I* does not suggest that the district court's order granting CPC's § 1782 application should be considered a final judgment. As an initial matter, this passage did not concern our appellate jurisdiction at all; it was instead about whether the order on review should be considered dispositive under 28 U.S.C. § 636, which governs the role of magistrate judges. Moreover, as we explained above, *CPC I* involved our review of the district court's *denial* of a § 1782 application, which presents a very different situation from a finality standpoint. And lastly, even if one were to read this passage in *CPC I* as speaking to the finality issue in cases in which the district court *grants* a § 1782 application, it at best suggests that there may be

circumstances in which the grant of such an application, standing alone, is final because there are no material disputes remaining to be resolved. That is not the case here. Because the district court's § 1782 order does not define the scope of discovery, we must dismiss the appeal for lack of jurisdiction.

C

We close with two practical observations relating to our decision in this case.

First, we recognize that discovery disputes are not always resolved in one fell swoop and that § 1782 respondents may find themselves required to produce certain information while litigation over other aspects of the requested discovery remains pending before the district court. In those situations, and to ensure meaningful appellate review, district courts may consider staying respondents' obligations to produce contested information, require information to be produced under suitable protective orders, or adopt other measures to safeguard respondents' confidentiality interests. Given the availability of these protective measures—some of which the district court in this case already adopted—our decision today creates no undue prejudice for respondents who wish to appeal adverse § 1782 orders. And even if some prejudice may arise, that prejudice inheres in our inability to review non-final decisions of district courts. Of course, nothing prevents respondents from seeking interlocutory review of § 1782 orders in appropriate cases. *See* 28 U.S.C. § 1292(b).

Second, a district court's decision on a § 1782 application can be final for purposes of appellate review even though the district court may not have identified every specific record to be produced. District courts do not

commonly find themselves required to make such fine-grained discovery determinations, and our decision in this case does not require that. Finality under 28 U.S.C. § 1291 is a "practical" concept. *See, e.g.*, *Microsoft Corp. v. Baker*, 582 U.S. 23, 37 (2017). The problem here is that the scope of discovery has yet to be determined, *Banca Pueyo*, 978 F.3d at 972, including on a significant disputed issue relevant to the *Intel* factors, namely, the production of source code. *See also id.* at 974 (noting that "once the district court 'affirmatively decide[s] the proper scope of discovery' the order [i]s final even if 'subject to ongoing dispute about its coverage and scope before a magistrate judge'" (quoting *In re Republic of Ecuador*, 735 F.3d 1179, 1183 (10th Cir. 2013))). Nor is this a situation in which the parties have reached a mutual understanding of what must be produced in the event that Apple's arguments on appeal are rejected. In that situation, parties may ensure that a § 1782 order is properly positioned for appeal by submitting an appropriate confirmatory stipulation to the district court.

*     *     *

For the foregoing reasons, we lack jurisdiction over the district court's order granting CPC's § 1782 application. This appeal is dismissed, with Apple to bear the costs on appeal.

**DISMISSED.**